Martin D. Mondragon
5124 Jones Ave
Riverside CA. 92505
(562) 335-7876
Plaintiff Pro Se
salsalover39@yahoo.com
FAX (951) 687-2307

FILED

2016 NOV 30 AM 9: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY___

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION**

ED CV16-02462 (KKx)

| | |
|---|---|
| Martin D. Mondragon.<br><br>Plaintiff, Pro Se<br><br>v.<br><br>BANK OF AMERICA N.A.; NATIONAL DEFAULT SERVICING CORPORATION and NEW AMERICAN FUNDING; and DOES 1-10, INCLUSIVE.<br><br>Defendants, | Case No.<br><br>**PLAINTIFF COMPLAINT FOR DECLARATORY RELIEF JUDGMENT**<br><br><br>**JURY DEMAND** |

1. Plaintiff Martin D. Mondragon (hereinafter "Plaintiff" or "Mondragon") hereby brings this Complaint for rescission and declaratory relief pursuant to the Federal Truth-in-Lending Act, 15 U.S.C. section 1601 et seq. ("TILA") and Regulation Z (12 C.F.R. 226), against Defendants BANK OF AMERICA N.A. (hereinafter "BANA"); NEW AMERICAN FUNDING, INC. (hereinafter "NAFINC" or "LENDER"); AND DEFAULT NATIONAL SERVICING CORPORATION (hereinafter "NDSC"), and by this Complaint alleges as follows:

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction under 28 U.S.C. 1331 because plaintiffs allege violation of a federal statute, the "Truth In Lending Act", 15 U.S.C. 1601, et. seq. and "Regulation Z", 12 C.F.R. 226 ("TILA"). Additionally, this Court has supplemental



FEE PAID

1   jurisdiction over the state law claims raised herein under 28 U.S.C. 1367 because they
2   are so related to plaintiffs' TILA claim, and the abuses TILA was enacted to prevent, that
3   they form part of the same case or controversy under Article III of the United States
4   Constitution.

5      3. This Court is authorized to grant declaratory judgment under the Declaratory
6   Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules
7   of Civil Procedure, and to issue the preliminary and permanent injunctive relief requested
8   under Rule 65 of the Federal Rules of Civil Procedure.

9      4. Venue is proper under 28 U.S.C. 1391 (b). because the real property which is the
10  subject of the mortgage loan at issue and because a substantial portion of the events and
11  omissions giving rise to this Complaint occurred within the district.

12                                   **PARTIES**

13     5. Plaintiff Mondragon is a citizen of California living Riverside, California.

14     6. Defendant BANA is a Corporation that is a citizen of North Caroline.

15     7. Defendant NAFINC is a California Corporation that is a citizen of California

16     8. Defendant NDSC is a Corporation that is a citizen of Arizona.

17     9. Plaintiff is ignorant of the true names and capacities of the defendants sued
18  herein as DOES 1 through 10. Plaintiffs will amend this Complaint to allege the true
19  names and capacities of DOES 1 through 10, inclusive, when they become ascertained.

20     10. Plaintiff are informed and believe, and thereon allege, that each of the fictitiously
21  named defendants are responsible and liable in some manner for the occurrences herein
22  alleged, and are therefore liable and responsible to plaintiffs for an amount to be
23  determined at trial

24     11. At all times relevant to the claims in this Complaint, Defendants' employees or
25  agents acted with the authority of their employers and/or principals.

26     12. At all times herein mentioned, Defendants, and each of them, were agents or joint
27  venturers of each of the other Defendants and, in doing the acts alleged herein, were
28  acting within the course and scope of such agency. Each Defendant had actual and/or

1   constructive knowledge of the acts of each of the other Defendants and ratified,

2   approved and/or retained the benefits of said wrongful acts.

3      13. At all times herein mentioned, Defendants, and each of them, were agents or joint

4   venturers of each of the other Defendants and, in doing the acts alleged herein, were

5   acting within the course and scope of such agency.  Each Defendant had actual and/or

6   constructive knowledge of the acts of each of the other Defendants and ratified, approved

7   and/or retained the benefits of said wrongful acts.

8      14. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

9   Does 1 through 10, Plaintiff is not aware of the identities of all persons or business

10  concerns whose conduct may give rise to include all of them as Defendants of this action.

11     15. Plaintiff will seek leave of the Court to include Defendants as soon as their

12  conduct is discovered and their identify is determined. Plaintiff is informed and believes

13  that each fictitiously named defendant is responsible for the alleged or claims some right,

14  title and interest to the property.

15              **NATURE OF THE ACTION AND PRELIMINARY STATEMENT**

16     16. This action comes before this Court on Plaintiff's request for declaratory judgment

17  relief, declaration of rescission, and remedies for rescission under the Truth-in-Lending

18  Act, 15 U.S.C § 1601, et seq.("TILA"). Plaintiff respectfully invoke this court inherent

19  powers and authority to Stop Defendants (BANA) and its purportedly Trustee Agent

20  (NDSC) from conducting without any valid and enforceable right or authority a Trustee

21  sale and foreclosed Plaintiff home on November 30, 2016. Because Plaintiff is not in

22  Default and because the entire consumer credit transaction has been effectively and

23  timely rescinded since on or about December 20, 2010.

24     17. Plaintiff is ready, willing and able to tender once Defendant BANA complied with

25  the second mandated TILA 1635(b) statutory step. Additionally, Plaintiff is also seeking

26  this court to adjudicate and Judicially declared and enforce against Defendants, Plaintiff's

27  timely, valid and effective Rescission Notice dated December 20, 2010, and his protected

28  Federal statutory right to rescind the entire consumer credit transaction consummated on

July 17, 2009.

18. As an initial matter, it must be noted that Plaintiff is not alleging just that the lender did not provide him with two copies of the Notice of Right to Cancel. Rather, Plaintiff is alleging that he received incomplete notices that improperly failed to specify the date of cancellation or the final date on which the loan could be cancelled.

19. Plaintiff alleges that the Right to Cancel forms he received were materially defective and created a violation under TILA. Due to TILA material disclosures violations at closing by the Creditor, Plaintiff right to exercise his right to rescind was extended three years. from July 17, 2009 to July 17, 2012.

20. Plaintiff asserts that he **_did_** timely and validly exercised his right to cancel on or about December 20, 2010, between July 17, 2009 to July 17, 2012. pursuant to 1635(f)

### ISSUES PRESENTED & CLAIMS FOR RELIEF

21. The Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23 allow Plaintiff to _unilaterally_ rescind the July 17, 2009, consummated transaction (Note and Deed of Trust) by operation of law, when the Creditor fail to deliver to Borrower any material disclosures that triggers TILA violations. TILA requires that a borrower receive properly completed Notices of Right to Cancel **_by the Lender_** at the time that covered loans are consummated. U.S.C. 1635(a); 12 C.F.R. 226.23. **The Lender must fill in the form and dates** (_not the borrower_) – If the creditor uses the proper model form, **properly completed** and fulfills all other requirements, the borrower has no rescission right. This position is supported by the actual text of the law - See **15 U.S.C. §1635(h)** - which states: **Limitation on rescission:**

"An obligor shall have no rescission rights arising solely from the form of written notice used by the creditor to inform the obligor of the rights of the obligor under this section, if the creditor provided the obligor the appropriate form of written notice published and adopted by the Board, or a comparable written notice of the rights of the obligor, **that was properly completed by the creditor**, and otherwise complied with all other requirements of this section regarding notice."

4

22. If properly **completed notices by the creditor** are not provided, the borrower has up to three years in which to rescind the loan. 15 U.S.C. 1635(a); 12 C.F.R. 226.23(a)(3)

23. As such in this case Plaintiff is alleging that the creditor did not properly completed the two Right to Cancel Notices, due to the fact that he received incomplete notices that failed to specify the date of cancellation or the final date on which the loan could be cancelled. in violation of U.S.C. 1635(a); 12 C.F.R. 226.23. (b)(1)(v).

24. Plaintiff is also alleging that he has effectively and validly exercised his right to unilaterally rescind the July 17, 2009 rescind Note and Deed of Trust as of December 20, 2010, by sending his written rescission notice to Defendants NAFINC and BANA via fax and certified mail and Defendants fail and did not within 20 days after receipt Plaintiff notice provide any formal response to Plaintiff or judicially challenge Plaintiff valid right to rescind, Tacitly Acquiescence to Plaintiff Rescission right. waiving any right and interest.

25. Specifically, the undisputed evidence shows that Plaintiff timely and validly on December 20, 2010, effectively void all contracts and debt by rescinded the entire consumer credit transaction consummated on July 17, 2009, due to TILA material disclosures violations at closing by the Creditor under TILA 15 U.S.C. § 1635(a) and Z Regulations 226.23(b)(1)(v)

26. Based on this factual pattern, Defendants BANA; NAFINC and NDSC had no longer any valid interest, rights, authority or legal standing to initiate a foreclosure or collect payments under the contracts (Note, Deed of Trust, Loan Documents) because those contracts had been extinguished by operation of law since December 20, 2010.

27. The facts are clear and undisputed; in light of the recent unanimous Supreme Court Decision in the Jesinosky case in which Plaintiff heavily relied. Plaintiff mortgage refinance loan was rescinded and extinguished by operation of law on December 20, 2010, and no party could obtain any rights or interest to enforce the power of sale contained in the Deed of Trust or any other contract in relation to the Void Deed of Trust.

## PLAINTIFF IS ENTITLED TO DECLARATORY RELIEF BASED ON HIS VALID RESCISSION RIGHT UNDER TILA

28. The loan at issue is subject to TILA. Defendant BANA simply has denied Plaintiff rescission right within the last five (5) years; five (5) times by claiming and stated to Plaintiff verbally and in writing, that Plaintiff received proper notices and that any of Plaintiff right to cancel is deny and time bar because the transaction was consummated on July 17, 2009. Plaintiff relied on BANA statements, that is why Plaintiff has not filed an action to enforce his right to rescind, but in light of the recent unanimous Supreme court Decision the Jesinosky case. Defendant BANA claims and defenses are simply wrong for the following unddisputed reasons:

29. In the Jesinosky case, The Supreme Court decided, that the language leaves no doubt that: **rescission is effected when the borrower notifies and provide the creditor in writing of his intention to rescind**. It follows that, so long as the borrower notifies the creditor in writing within three years after the transaction is consummated, <u>his rescission is timely</u>. ***The statute does not also require him to sue within three years. see Jesinoski v. Countrywide Home Loans, 135 S. Ct. at 792.***

30. Therefore, Plaintiff reasonable conclude that as operation of law the July 17, 2009 Note and Mortgage Deed of Trust Security non-purchase Lien Encumbering Plaintiff principal residence is as operation of the law is VOID. Plaintiff heavily relied to support his position in the 2015, unanimous Supreme Court decision, Jesinoski v. Countrywide Home Loans, 135 S. Ct. at 792.

31. Based on the foregoing, the July 17, 2009, Note, Deed of Trust, and any contract in connection with the transaction are void and must be cancelled as a matter of law effective December 20, 2010. As well as any current foreclosure to sold Plaintiff property. A true and accurate copy of the Deed of Trust evidencing the contract agreement in the amount of $295,524.00 running until 2039 is attached hereto, marked as PLAINTIFF'S EXHIBIT A, and by this reference is incorporated herein.

## PLAINTIFF BURDEN OF PROOF MATERIAL FACTS

Regulation Z § 226.23(b)(1)(v) in pertinent part reads:

<u>(1)</u> *Notice of right to rescind.* In a transaction subject to rescission, a <u>creditor</u> shall

6

deliver two copies of the notice of the right to rescind to each <u>consumer</u> entitled to rescind (one copy to each if the notice is delivered in electronic form in accordance with the <u>consumer</u> consent and other applicable provisions of the E-Sign Act). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

**(v) The date the rescission period expires.**

32. In connection with the July 17, 2009, consummated loan transaction, Plaintiff received at closing from Michelle A. Briggs a regular Public Notary at NAFINC headquarters in Irvine California, a stack of preprinted copies documents which months after the closing Plaintiff find out the following (included but not limited) documents:

a)   A, 30 years 5% fix rate note FHA insured refinance Note in the principal amount of $295,524.00 in favor of the payee New American Funding Inc. A California Corporation organized and existing under the laws of California

b)   A, Mortgage Deed of trust Security non-purchase Lien instrument to secured New American Funding Inc. A California Corporation organized and existing under the laws of California, FHA insured refinance mortgage loan;  See **Plaintiff EXHIBIT "A"**

c)   Two preprinted forms of a Notice of his Right to Cancel, indicating Plaintiff that he had three days to cancel the transaction disclosing the following information:

d)   Loan Number: **BV698520**.

e)   Borrower name: **Martin D. Mondragon.**

f)   Property Address: **5124 Jones Ave Riverside California 92505**

g)   Lender name: **New American Funding Inc.**

h)   Lender address to mail the Notice of Cancel**: 16808 Armstrong Avenue Suite 215  Irvine California 92606.**   See **Plaintiff EXHIBIT "B"**

33. **HOWEVER**, (emphasis added) these two copies of the form of his Notice of Right to Cancel were incomplete and not fully completed by the Lender, due to the fact that; neither of these two notices contain a preprinted or hand writing date of the transaction or the date by which Plaintiff could cancel or any date all or his signatures.

7

34. Instead the two copies Notice of Right to Cancel forms that Plaintiff received at closing simply has blank spaces and does not disclosed clearly and conspicuously the date of the transaction or the date by which Plaintiff could cancel the transaction in violation of Regulation Z § 226.23(b)(1)(v) and 1635(a). A true and accurate copy of the Notice to Cancel evidencing the unsigned and undated Notice of Cancel is attached hereto, marked as **Plaintiff EXHIBIT B**, and by this reference is incorporated herein.

35. Plaintiff averts and asserts that Defendant NAFINC failed to deliver to Plaintiff all material disclosures required by the Truth in Lending Act and Regulation Z in a timely manner, including but not limited two correctly and properly completed Notice of Plaintiff Right to Cancel as required under 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b)

36. As a result of these material violations of the TILA, et seq. by Defendant NAFINC; Plaintiff right to rescind was extended from 3 days to 3 years from the date of consummation. (July 17, 2009)

37. As a result of these material violations of the TILA, et seq. by Defendant NAFINC; On or about December 20, 2010, as indicated and directed in the undated and unsigned Notice of the right to Cancel Rescission, Plaintiff did timely, effectively and validly exercised his statutory right to rescind the July 17, 2009, transaction by sending and providing a written notice of rescission of the loan Number BV698520 via fax and certified mail to Bank of America N.A.; New American Funding Inc; BAC Home Loans Servicing LP and Recontrust Company N.A. Pursuant to TILA Section 1635(f) and 12 C.F.R. §§ 1026.15(a)(2);1026.23(a)(2) and Regulation Z, §226.23(a)(2). A true and accurate copy of the Notice to Cancel evidencing the unsigned and undated Notice of Cancel and the Cancel letter are attached hereto, marked as **Plaintiff EXHIBIT C**, and by this reference is incorporated herein

38. On or about December 20, 2010, Bank of America N.A.; New American Funding Inc; BAC Home Loans Servicing LP. and Recontrust Company N.A. did received Mondragon Notice to rescind the July 17, 2009 transaction on or about December 20, 2010 by a Fax and Certified mail. A true and accurate copy of the fax confirmation

1   evidencing   NAFINC and BANA receipt   Notice of Cancel letter are attached hereto,

2   marked as **Plaintiff EXHIBIT D**, and by this reference is incorporated herein

3      39. At the time Plaintiff exercised his right to rescind the transaction, the subject

4   property market value was around $220,000.00 (underwater).

5      40. Neither Defendant NAFINC nor BANA ever provide a formal response or judicially

6   challenge Plaintiff right to rescind within 20 days from receipt Plaintiff rescission notice.

7                                          **PLAINTIFF TENDER**

8      41. Plaintiff is and has been ready, able and willing to tender any amount owed to the

9   creditor within a reasonable time. Plaintiff has approximately $80,000 to $100,000 equity

10  in his home, Plaintiff has been fully employed with the same company for the last three

11  years, and Plaintiff credit fico score is above 750.

12     42. Defendant BANA has direct personal knowledge of Plaintiff credit and fico score

13  because on or about September 2016, Defendant BANA requested Plaintiff credit report

14  from one or more of the three major credit bureaus (Equifax, Experian and Transsunion),

15  as such Plaintiff can easily refinance and complete step three of TILA rescission

16     43. Under this reasonable factual pattern and circumstances, Plaintiff have various

17  alternatives to tender back any money owed to the creditor in various ways by:

18        i.      Tender by Third-Party Refinancing.

19        ii.     Tender in Bankruptcy or by Installments.

20        iii.    Tender Through Sale of the House.

21        iv.    Tender by refinance with creditor.

22     44. Unfortunately, Defendant BANA have precluded Plaintiff willingness to tender and

23  complete step three of TILA rescission, by refusing to cancel the transaction more than

24  three times within the last six (6) years and had fail to complied with the statutory

25  mandated rescission step TWO, set by TILA which is to void the mortgage Deed of Trust

26  Security Instrument, return any money paid by Plaintiff in connection with the

27  transaction, return the original note and Deed of Trust and withdraw its baseless and

28  without privileged lis pending clouding and slandering Plaintiff title so he can refinance

1  and tender any amount legally owed to the right creditor.

2  45. Contrary to Defendant BANA invitations that the Deed of Trust is currently valid

3  and enforceable, (which is not) Based on the unanimous controlling clarification of the

4  TILA rescission by the Supreme Court, Plaintiff's Note and Deed of Trust undisputedly

5  as operation of the law became VOID an unenforceable as of December 20, 2010.

6  46. One of primary concern, and importance, as clarified in the United States

7  Supreme Court in  Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 190 L.

8  Ed. 2d 650, 574 U.S. (2015), the obligor's exercise of the rescission triggers a **series of**

9  **steps** through which the **transaction is unwound**. See Beach, 523 U.S. at 412-413.

10  47. **First**. When an obligor exercises his right to rescind, he is not liable for any

11  finance charge or other charge, and any security interest given by the obligor becomes

12  void upon rescission. 15 U.S.C. § 1635(b).

13  48. **Second**, within twenty days after receipt of the notice of rescission, the creditor

14  shall return to the obligor any money or property given as earnest money, down payment

15  or otherwise, and shall take any action necessary or appropriate to reflect termination of

16  any security interest created under the transaction.

17  49. **Third**, upon performance by the creditor's obligations under this section, the

18  obligor shall tender any property the creditor has previously delivered (or its reasonable

19  value). Pursuant to Reg Z notice is given by mail, telegram, or other means of written

20  communication. 12 C.F.R.226.23(a)(2); See 12 C.F.R. Pt. 226, Apps. H-8, H-9 (Model

21  forms for excising Rescission Right); 12 C.F.R. 1026.23(a)(2).

22  50. Erroneously, some lower Courts have misinterpreted § 1635 as requiring the

23  obligor to file a lawsuit to effect rescission and Defendant BANA has taking advantage of

24  this erroneous lower courts decisions within the last 40 years many times. However, the

25  plain language of the statute puts no such requirement on the obligor. That provision

26  "says nothing in terms of an action" or a "suit's commencement"; rather it speaks to the

27  "duration" of the rescission right. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417 (1998).

28  51. The Supreme Court found that nowhere does § 1635(a) allow for a debate as to

1   disputed or undisputed notices; simply put the transaction and its contracts are void as a

2   matter of law upon mailing of the Notice of Rescission. Jesionski; supra, at 793.

3      52. Based on the unanimous controlling clarification of the TILA rescission by the

4   Supreme Court, Plaintiff's Note and Deed of Trust and any power of sale contain within

5   as operation of the law is VOID, invalid and unenforceable as of December 20, 2010.

6      53. Regardless to whether the creditor fulfills its legal requirement to return all funds

7   paid on the loan and reflect the termination of the security instrument, the loan no longer

8   exists; And Plaintiff can keep any money or property or stay in his home without paid

9   anything to the creditor until the creditor complied with step TWO of the rescission

10  procedure.

11     54. Also, Creditor is precluded from foreclosing on the borrower if step two has not

12  been completed any contracts are void and any acts by any party based on the loan or

13  contracts. **are illegal specially the commencement of any foreclosure proceedings** .

14            **Plaintiff right to rescind extended due TILA material disclosure violations**

15     55. Due to the above mentioned TILA material disclosures violations by Defendant

16  NAFINC for failure to delivered to Plaintiff at closing, TWO properly completed forms of

17  the Notice Right to Cancel clearly and conspicuously disclosed the date the rescission

18  period expiration of his right to cancel and the date of the transaction; Plaintiff time to

19  rescind the July 17, 2009, transaction was extended from 3 days to 3 years.  See...

20  **Plaintiff EXHIBITS  B and C**   and also See....

21      Garcia v. Wachovia Mortgage Corp., 676 F. Supp. 2d 895, 901 (C.D. Cal.

22      2009)  (**failure to fill in rescission deadline extends rescission**

23      **period**);Rojo v. U.S. Bank, 2010 WL 1292280 (E.D. Wis. Mar. 29, 2010)

24      (**rescission period extended where each borrower received just one**

25      **copy of rescission notice with deadline filled in; other copy was**

26      **blank**); Mays v. U.S. Bank, 2010 WL 318537, at *5 (E.D. Cal. Jan. 20,

27      2010.

28      **VIII.   Elements are by matter of law Proven by BANA Wrongfully Denied and**

**Non Response to Rescission Letter and Failure to take any Judicial Action**

1

56. As a Matter of Law Plaintiff Rescission was Effective as of December 20, 2010.

57. The Rescission letter was sent; via certified mailed and fax by Plaintiff on or about December 20, 2010, to Defendants NAFINC and BANA. See Plaintiff **EXHIBIT D**

58. Defendants NAFINC and BANA did in fact received Plaintiff writing rescission letter in which he validly exercised his right to rescind, on or about December 20, 2010.

59. The Creditor Defendant BANA and NAFINC had 20 days within receipt of the letter to either Cancel the transaction or file a Judicial Action in dispute of Plaintiff right to cancel and his notice of rescission **and chose not to do so**.

60. In fact, Defendants BANA and NAFINC within 20 days after receipt of the letter or within the last six (6) years has fatally fail to protect its alleged right and interest in the Security Instrument by filing a declaratory relief or action.

61. Defendants has also fatally fail to challenged Plaintiff right to rescind the Transaction and has also refused to VOID more than 3 times the Deed of Trust since December 20, 2010. ( two times within the las 11 months, in December 2015. and January 2016).

**Clarification of the Rescission is substantiated as of December 20, 2010.**

62. Plaintiff factual allegations are well supported by the recent Supreme Court unanimous decision in January 2015, Jesinoski v. Countrywide Home Loans.

63. Therefore, Plaintiff reasonable conclude that as operation of law the July 17, 2009 Note and Mortgage Deed of Trust Security non-purchase Lien Encumbering Plaintiff principal residence is as operation of the law is VOID. Plaintiff heavily relied to support his position in the 2015, unanimous Supreme Court decision, Jesinoski v. Countrywide Home Loans, 135 S. Ct. at 792.

64. Based on the foregoing, the July 17, 2009, Note, Deed of Trust, and any contract in connection with the transaction are void and must be cancelled as a matter of law effective December 20, 2010.

65. Defendant BANA has received within the last six (6) years from Plaintiff, four (4)

1   more letter "memorializing" the December 20, 2010, Rescission letters were mailed on or
2   about September 2012; March 2014; September 2015; January 2016 to Defendant
3   BANA, so BANA had at least another four opportunities to file an action/response in
4   dispute of the notice of rescission but chose to commence a meritless and baseless
5   non-judicial foreclosure proceedings against the property without any right or authority
6   and continue denying Plaintiff right to rescind instead of filing a judicial action to
7   challenge the rescission. in a Judicial foreclosure.

8      66. Based in this factual pattern it is Plaintiff position that: Defendants BANA and
9   NDSC, knowingly and willingly filed in the Riverside County land of Records a malicious
10  foreclosure notices in violations of California foreclosure law against Plaintiff and his
11  property; due to their lack of any valid and enforceable authority or right to commence
12  any foreclosure proceedings or attempt to auction Plaintiff property.

13                  **ILLEGAL COMMENCEMENT OF FORECLOSURE PROCEDINGS**

14     67. On or about December 2015, Defendant BANA., through its dully purported
15  Trustee Agent Defendant NDSC, instituted a non-judicial foreclosure proceeding against
16  Plaintiff property without any valid or enforceable right or authority to foreclose, by filing
17  in the Riverside County land of records a malicious, Notice of Default and Election to
18  sale; and on September 2016, by failing a malicious Trustee Sale Notice to sold Plaintiff
19  home on November 30, 2016 at 9:30 in Corona CA.

20     68. Any reliance power of sale contained in the Deed of Trust by Defendants BANA
21  and NDSC is baseless and misplaced due to Plaintiff rescission notice and Plaintiff
22  factual allegation that, the mortgage Deed of Trust encumbering his property is VOID,
23  Invalid and unenforceable since on or about December 20, 2010, because Plaintiff
24  validly and timely exercised his right to rescind and cancel. Plaintiff factual allegations
25  are well supported by the recent Supreme Court unanimous decision in January 2015,
26  Jesinoski v. Countrywide Home Loans.

27                      **COUNT I. - TILA RESCISSION**
28                  **(MARTIN D. MONDRAGON V. BANA, NAFINC)**

69. Plaintiff incorporates the allegations in Paragraphs 1 to 68 above with the same force and effect as if herein set forth, supra.

70. Defendant Bank of America N.A., as purchaser or assignee of the mortgage is also liable pursuant to 15 U.S.C. § 1641.

71. Plaintiff averts and asserts that Defendants NAFINC violated the Act by failure to deliver to Plaintiff at closing the Right to Cancel material disclosures required by the Truth in Lending Act and Regulation Z, including but not limited a correctly completed Notice of Right to Cancel as required under 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b)

72. The loan was a residential mortgage loan subject to the Plaintiff's right of rescission as described by TILA, 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

73. The transaction between Plaintiff and Defendants is subject to a finance charge or is payable by a written agreement in more than four installment payments.  15 U.S.C. § 1602(f).

74. Plaintiff, Martin D. Mondragon, is a consumer within the meaning of the TILA.  15 U.S.C. § 1602(h).

75. Defendants New American Funding Inc, Bank of America N.A. are creditors within the meaning of the TILA in that they regularly extend or offer to extend consumer credit. 15 U.S.C. § 1602(f).

76. Defendants failed to deliver to Plaintiff all material disclosures required by the Truth in Lending Act and Regulation Z in a timely manner, including but not limited two correctly and properly completed Notice of Plaintiff Right to Cancel as required under 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b)(1)(v)

77. The credit transaction was secured by real estate, where Plaintiff resides, and is a dwelling within the meaning of 15 U.S.C. § 1640(a)(2)(A)(iii).

78. TILA gives borrowers a "right to rescind" for some kinds of consumer credit transactions. 15 U.S.C. § 1635(a). Rescission applies to transactions in which a creditor

14

1   takes a security interest in an obligor's "principal dwelling" and in return, provides money

2   on property the obligor uses for non-business purposes. 15 U.S.C. § 1635(a).

3       79. Under 15 U.S.C. 1635 of the Federal Truth in Lending Act, defendant NAFINC, is

4   required to provide/deliver to each borrower having an ownership interest in the property

5   two (2) completed copies of Notice of Right to Cancel the loan by the creditor in which it

6   is disclosed **clearly** and **conspicuously** to the borrower the date of the  transaction and

7   the date by which the transaction can be cancelled.

8       80. Defendant NAFINC failed to deliver the aforesaid "material" disclosures required

9   by TILA, as apparent on its face by the attached undated and unsigned notice in Plaintiff

10  possession, provided to Plaintiff, which lack a transaction or cancellation date.

11      81. Because of these material disclosers TILA violations Plaintiff has a continuing

12  right to rescind this transaction until July 17, 2012, pursuant to 15 U.S.C. § 1635(a).

13  **See**....

14      Garcia v. Wachovia Mortgage Corp., 676 F. Supp. 2d 895, 901 (C.D. Cal.

15      2009) (**failure to fill in rescission deadline extends rescission period**.

16      Rojo v. U.S. Bank, 2010 WL 1292280 (E.D. Wis. Mar. 29, 2010) (**rescission**

17      **period extended where each borrower received just one copy of**

18      **rescission notice with deadline filled in; other copy was blank**); Mays v.

19      U.S. Bank, 2010 WL 318537, at *5 (E.D. Cal. Jan. 20, 2010).

20      82. As a result of the violations of TILA, pursuant to 15 U.S.C. §§1635(a) and 1641,

21  Defendants NAFINC and BANA., as purchaser or assignee of the mortgage pursuant to

22  15 U.S.C. § 1641 are liable to Plaintiff for:

23      a)  rescission of this transaction, including a declaration that Plaintiff is not liable

24  for any finance charges or other charges imposed by Defendant;

25      b)  termination of any security interest and all documents in Plaintiff's property

26  created under the transaction; including all the foreclosure instruments recorder in the

27  Riverside County Land of Records.

28      c)  return of any money or property to Plaintiff specially the original Note and

1    Deed of Trust given by the Plaintiffs to anyone involved, including the Defendant, in

2    connection with this transaction;

3         d)  statutory damages of $4,000 for continuously failure to rescind pursuant to the

4    requirements of 15 U.S.C. §1635(b);

5         e)  actual damages in an amount to be determined at trial;

6         f)  a declaration that it is inequitable for plaintiffs to tender any principal balance of

7    the loan after application of the aforesaid market value of the property back in 2010 and

8    any recognized benefit from the loan due to defendant BANA's conduct, actions and

9    inactions.

10        **WHEREFORE, Plaintiffs pray for judgment as set forth below.**

11              **Count 2:  Truth in Lending Act**

12          **(Failure to Honor Rescission Notice)**

13   83. Plaintiff incorporates the allegations in Paragraphs 1 to 82 above with the same

14   force and effect as if herein set forth, supra.

15   84. On December 20, 2009, Plaintiff effectively and timely exercise his protected

16   federal right to rescind the July 17, 2009 transaction, by sending and providing a written

17   notice of rescission to Defendants via fax and via certified mail.

18   85. Defendants did receive on or about December 20, 2010 Plaintiff notice of

19   rescission and more than 20 calendar days have passed since Defendants received

20   Plaintiff's notice of rescission. and Plaintiff did not receive a formal response from

21   Defendants, NAFINC and BANA or any dispute or judicial action challenging his right to

22   cancel within those 20 days.

23   86. Up until today Defendants have failed to take any action necessary or appropriate

24   to reflect the termination of any security interest created by the transaction, as required

25   by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

26   87. Within the last five (5) years Defendant BANA has refuse to void the lien in the

27   property as statutorily mandated by TILA and has refused to honor Plaintiff rescission

28   notice. A true and accurate copy of the BANA denials letters are attached hereto,

                                                16

1    marked as **Plaintiff EXHIBIT E**, and by this reference are incorporated herein

2    88. Up until today Defendants have failed to return to Plaintiff any money or property

3    given by the Plaintiff to anyone, including Defendants, as required by 15 U.S.C. §

4    1635(b) and Regulation Z § 226.23(d)(2).

5    89. As a result of these violations of the Truth in Lending Act and Regulation Z,

6    Defendants BANA and NAFINC, are liable to Plaintiff for:

7    a.  Rescission of the transaction pursuant to 15 U.S.C. § 1635(b).

8    b.  Termination of any security interest and foreclosure instruments slandering and

9        clouding and prejudicing Plaintiff simple fee title in Plaintiff's property created by

10       the transaction pursuant to 15 U.S.C. § 1635. et seq.

11   c.  Return of any money or property given by the Plaintiff to anyone, including

12       Defendants, in connection with this transaction, under 15 U.S.C. § 1635(b).

13   d.  Statutory damages of $12,000 for Defendants' failure to respond timely and

14       properly to Plaintiff's rescission notice and for continously Wrongful denial of

15       Plaintiff right to rescind more than four times within the last six years pursuant to

16       15 U.S.C. § 1640(a)(2)(A).

17   e.  Forfeiture of return of loan proceeds under 15 U.S.C. § 1635. et seq.

18   f.  General and/or Actual damages in an amount to be determined pursuant to 15

19       U.S.C. § 1640. Costs in accordance with 15 U.S.C. § 1640.

20   **WHEREFORE, Plaintiffs pray for judgment as set forth below.**

21   **COUNT IV: CANCELLATION OF INSTRUMENTS Civ. Code §3413**

22   **(Against BANA, NAFINC and NDSC)**

23   90. Plaintiff incorporates the allegations in Paragraphs 1 to 89 above with the same

24   force and effect as if herein set forth supra..

25   91. Plaintiffs have a reasonable apprehension that the void recorded documents

26   described above in the chain of title will cause him serious injury. Moreover, those void

27   documents in the chain of title described above are apparently valid on their face, but in

28   reality are void.  Furthermore, those void documents have caused a cloud and prejudice

17

1   to Plaintiff title.

2      92. A title company will not insure title to the property due to those void documents.

3   The property cannot be sold due to those void documents.

4      93. Finally, under authority of those void documents, Defendants BANA and NDSC

5   are presently engaged in an illegal non-judicial foreclosure proceedings and are going to

6   sold Plaintiff home on November 30, 2016, prejudicing and injury in fact the plaintiff who

7   would be strip from the title and eventually illegally and unlawfully evicted from his home.

8   by virtue of Unlawful Detainer. by whoever purchased his property.

9      94. The foregoing actions of Defendants BANA and NDSC are the actual and

10   proximate cause of Plaintiffs' injuries.

11      95. Accordingly, Plaintiffs ask this Court to Order Defendants, to file a satisfaction,

12   cancellation or rescission of the trustee's deed or to file whatever document is needed to

13   show the afore-mentioned void documents are a nullity, or for the Court to issue an

14   Order that can be filed in the land records of the County of Riverside nullifying and

15   cancelling the afore mentioned void documents.

16      96. Plaintiffs allege that the written instruments created, published and recorded by

17   the Defendants herein are void as to them considering the recent 2015, unanimous

18   Supreme Court decision, Jesinoski v. Countrywide Home Loans, 135 S. Ct. at 792.; and

19   if left outstanding, will cause serious injury in fact and prejudice to Plaintiff.

20      97. Therefore Plaintiff respectfully request and invoke this Court inherent powers and

21   authority to adjudge and order Defendants to deliver up the NOTE, DOT, Assignment of

22   Deed of Trust, Substitution of Trustee, Notice of Default and Election to Sell Under Deed

23   of Trust and Notices of Trustee's Sale so that they may be canceled, or in the

24   alternative, to declare all of these documents encumbering and slandering Plaintiff rights

25   and Title in his property to be without force and effect and further to instruct the clerk of

26   the Court to sign a Deed of Reconveyance so that the cloud on Plaintiffs' property may

27   be removed.

28      98. Plaintiff are further informed and believe and thereon allege that under Civ. Code

§3413, for a Deed of Trust to be subject to a cause of action for cancellation, the instrument must appear to be valid. At the time Plaintiffs executed the DOT and NOTE, said documents appeared to be valid as uniform instruments related to real property transactions. Similarly, the foreclosure documents, specifically, the Assignment of Deed of Trust, Substitution of Trustee, NOD and Notices of Trustee Sale appear on their face to be valid land records. But for Plaintiff rescission notice said documents are no longer valid and enforceable.

99. Plaintiff allege that neither BANA nor its Trustee Agent Defendant NDSC recorded documents shows any valid legally effective assignment of the DOT to them and that, therefore, neither defendant had standing to institute a foreclosure action against Plaintiffs' property. In other words, no Defendant has enforceable rights against Plaintiffs' property based on those documents, due to Plaintiff December 2010, rescission of the Transaction.

100. Plaintiffs allege that, if left outstanding, Plaintiff could not complete step three of TILA rescission and the records of the Riverside County Recorder would be permanently corrupted at the expense of Plaintiffs and the public as a whole. This is in direct contradiction to public policy. The legislative intent of the Recording Statute is corrupted by the allowance of a false instrument to adversely affect Plaintiffs and future generations of Californians. Plaintiffs, as citizens of the state of California, have rights to the legislation's intended purpose of the Recording Statute and the protections afforded under such rights.

101. The foreclosure documents; specifically, Assignment of Deed of Trust, Substitution of Trustee, NOD and Notices of Trustee Sale executed by Defendants are malicious invalid false and fraudulent and violate California's non-judicial statute, the Recording Statute and penal law and ought to be cancelled. Because Plaintiff is not in Default and no interest or rights are conveyed to any Defendants.

**WHEREFORE, Plaintiffs pray for judgment as set forth below.**

**RELIEF REQUESTED**

89.   Plaintiff incorporates the allegations in Paragraphs 1 to 101 above with the same force and effect as if herein set forth, supra.

**WHEREFORE**, Plaintiff pray for judgment against the Defendants and each of them as hereinafter set forth, and hereby requests Declaratory Relief per the December 20, 2010 rescissions as follows:

1.   That This his Court: Assume jurisdiction of this case;

2.   Declare the security interest (DOT) and all of the foreclosure documents that flow from the July 17, 2009 credit transaction in Plaintiff's home void;

3.   Rescind the July 17, 2009 transaction.in connection with the subject property.

4.   Adjudicate and Declared Valid Plaintiff Rescission Notice and his right to cancel as December 20, 2010.

5.   Order Defendants to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interests void, including but not limited the mortgage, Deed of Trust related to the July 17, 2009 transaction in connection with the 5124 Jones Ave Riverside California 92505; Property

6.   Order the return to the Plaintiff of the original note, Deed of Trust and any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

7.   Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of that property;

8.   Award the Plaintiff statutory damages for the disclosure violations, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $4,000 as provided under 15 U.S.C. § 1640(a);

9.   Award the Plaintiff statutory damages for Defendant's wrongfully denial of

20

Plaintiff's right to Cancel and for failure to honor the rescission notice, in the amount of twice the finance charge in connection with this transaction, but not less than $400 or more than $4,000 as provided under 15 U.S.C. § 1640(a);

10. Order that, because the Defendants failed to respond timely the Plaintiff's notice of rescission, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims, and the market value of the property back in 2012 which was around $200,000.00 and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

11. Award actual damages in an amount to be established at trial;

12. Award the Plaintiff costs and a reasonable attorney fee.

13. Award such other and further Equitable relief as the Court deems just and proper

JURY DEMAND

Plaintiff demands a trial by jury.

Dated: This November 30, 2016.

_____

Martin D. Mondragon

Plaintiff in Pro se

VERIFICATION

Martin D. Mondragon, Plaintiff pro se

I am the Plaintiff in this matter and make this verification, I have write and read the foregoing complaint, know the contents thereof, and from information and belief believe to be the same truth. I verify under penalty of perjury that the foregoing is true and correct.

Dated: On this November 30, 2016.

_____

Martin D. Mondragon

Plaintiff pro se

21

# Exhibit A

22

# FIDELITY NATIONAL TITLE

Recording Requested By:
NEW AMERICAN FUNDING

```
DOC # 2009-0394714
07/29/2009 08:00A Fee:36.00
            Page 1 of 10
Recorded in Official Records
    County of Riverside
      Larry W. Ward
Assessor, County Clerk & Recorder
```

And After Recording Return To:
NEW AMERICAN FUNDING
16808 ARMSTRONG AVENUE, SUITE 215
IRVINE, CALIFORNIA 92606
Loan Number: BV698520

20164649

[Space Above

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
|   |   |   | 10   |      |     |      |      |     |      |
| M | A | L | 465  | 426  | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |      |      | IT:  |      | CTY | UNI | C-42 |

## DEED OF TRUST

| FHA CASE NO. |
|---|
| 048-5491734-703 |

36

T
042

MIN: 1003763-0000698520-2

THIS DEED OF TRUST ("Security Instrument") is made on   JULY 17, 2009   .
The trustor is MARTIN D. MONDRAGON A MARRIED MAN AS HIS SOLE AND
SEPARATE PROPERTY

("Borrower").

The trustee is FIDELITY NATIONAL TITLE COMPANY
7595 IRVINE CENTER DRIVE #250, IRVINE, CALIFORNIA 92618    ("Trustee").
The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns).  MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
NEW AMERICAN FUNDING, A CALIFORNIA CORPORATION

("Lender")

is organized and existing under the laws of   CALIFORNIA
and has an address of 16808 ARMSTRONG AVENUE, SUITE 215, IRVINE,
CALIFORNIA 92606
Borrower owes Lender the principal sum of TWO HUNDRED NINETY-FIVE THOUSAND FIVE
HUNDRED TWENTY-FOUR AND 00/100          Dollars (U.S. $ 295,524.00          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on   AUGUST 1, 2039          .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest,
and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,
advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following described property located in
                          RIVERSIDE    County, California:
SEE EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF
A.P.N.: 147-182-017

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09

Page 1 of 9

DocMagic *eFarms* 800-649-1362
www.docmagic.com

23

Order No. 30164649

## LEGAL DESCRIPTION

## EXHIBIT "ONE"

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF RIVERSIDE, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

That portion of Lot 42 of Onwensia, as shown by Map on File in Book 11, Pages 98 and 99 of Maps, Riverside County Recorders, described as follows:

Beginning at the most Northerly corner of said Lot 42; Thence Southwesterly along the Northwesterly line of said Lot, 125 feet; Thence Southeasterly and parallel with the Northeasterly line of said Lot 73, feet; Thence Northeasterly and parallel with the Northwesterly line of said Lot, 125 feet to a point on the Northeasterly line of said Lot; Thence Northwesterly on said Northeasterly line, 75 feet to the point of beginning.

Assessor's Parcel No: 147-182-017

2      CLTA Preliminary Report Form - Modified (11/17/06)

Z4

which has the address of   5124  JONES  AVENUE

                                                 [Street]

         RIVERSIDE                , California      92505        ("Property Address"):

          [City]                                                [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

    1.   **Payment of Principal, Interest and Late Charge.**  Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

    2.   **Monthly Payment of Taxes, Insurance, and Other Charges.**  Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4.  In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either:  (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary.  Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA.  If the amounts of funds held by Lender at any time

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09                         Page 2 of 9                            DocMagic  800-649-1362
                                                                                              www.docmagic.com

25

are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3.   **Application of Payments.**  All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4.   **Fire, Flood and Other Hazard Insurance.**  Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.   **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.**  Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09                              Page 3 of 9                              DocMagic *eFerms* 800-649-1362
                                                                                          www.docmagic.com

26

6.   **Condemnation.**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument.  Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal.  Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments.  Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7.   **Charges to Borrower and Protection of Lender's Rights in the Property.**  Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2.  Borrower shall pay these obligations on time directly to the entity which is owed the payment.  If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument.  These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.  If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.  Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8.   **Fees.**  Lender may collect fees and charges authorized by the Secretary.

9.   **Grounds for Acceleration of Debt.**

(a)   **Default.**  Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)   Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)   Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b)   **Sale Without Credit Approval.**  Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)   All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)   The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c)   **No Waiver.**  If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d)   **Regulations of HUD Secretary.**  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09                          Page 4 of 9                          DocMagic *eFerms* 800-649-1362
                                                                                    www.docmagic.com

27

paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(c)  **Mortgage Not Insured.**  Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within   60 DAYS
from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument.  A written statement of any authorized agent of the Secretary dated subsequent to   60 DAYS                                from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility.  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

    **10.  Reinstatement.**  Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument.  This right applies even after foreclosure proceedings are instituted.  To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding.  Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full.  However, Lender is not required to permit reinstatement if:  (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

    **11.  Borrower Not Released; Forbearance by Lender Not a Waiver.**  Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

    **12.  Successors and Assigns Bound; Joint and Several Liability; Co-Signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b).  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this Security Instrument but does not execute the Note:  (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums  secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

    **13.  Notices.**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method.  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender.  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower.  Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

    **14.  Governing Law; Severability.**  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this  Security Instrument or the Note which can be given effect without the conflicting provision.  To this end the provisions of this Security Instrument and the Note are declared to be severable.

    **15.  Borrower's Copy.**  Borrower shall be given one conformed copy of the Note and of this Security Instrument.

    **16.  Hazardous Substances.**  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property.  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law.  The preceding two sentences shall not apply

28

to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09                              Page 6 of 9                              DocMagic *e*Forms* 800-649-1362
www.docmagic.com

29

in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law. If the fee charged does not exceed the fee set by applicable law, the fee is conclusively presumed to be reasonable.

**20. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**21. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by applicable law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**22. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| | | |
|---|---|---|
| ☐ Condominium Rider | ☐ Graduated Payment Rider | ☐ Growing Equity Rider |
| ☐ Planned Unit Development Rider | ☐ Adjustable Rate Rider | ☐ Rehabilitation Loan Rider |
| ☐ Non-Owner Occupancy Rider | ☐ Other [Specify] | |

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09                    Page 7 of 9                    DocMagic *eParmeus* 800-649-1362
                                                                      www.docmagic.com

30

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 9 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to Borrower at the address set forth above.

_____ (Seal)
MARTIN D. MONDRAGON            -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

Witness:                          Witness:

_____      _____

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09                    Page 8 of 9        DocMagic EForms 800-649-1362
                                                          www.docmagic.com

31

——————————————— [Space Below This Line For Acknowledgment] ———————————————

State of California                                    )
                                                       ) ss.
County of _____*Orange*_____                           )

On _*July 22, 2009*_ before me, _*Michele A. Briggs, notary public*_

personally appeared  MARTIN D. MONDRAGON

_____

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
┌─────────────────────────────┐
│     MICHELE A. BRIGGS        │
│    Commission # 1804275      │
│   Notary Public - California │
│        Orange County         │
│   My Comm. Expires Jun 26, 2012 │
└─────────────────────────────┘
```

_*Michele A. Briggs*_
NOTARY SIGNATURE

_*Michele A. Briggs*_
(Typed Name of Notary)

NOTARY SEAL

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09                   Page 9 of 9            DocMagic *eForms* 800-649-1362
                                                                    www.docmagic.com

32

# Exhibit B

33

# NOTICE OF RIGHT TO CANCEL

Loan Number:   BV698520

Borrowers:   MARTIN D. MONDRAGON

Property Address:   5124 JONES AVENUE, RIVERSIDE, CALIFORNIA 92505

---

**YOUR RIGHT TO CANCEL**

You are entering into a transaction that will result in a mortgage, lien or security interest on or in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is                              ; or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on or in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at
NEW AMERICAN FUNDING
16808 ARMSTRONG AVENUE, SUITE 215
IRVINE, CALIFORNIA 92606

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____     _____
Consumer's Signature                 Date
MARTIN D. MONDRAGON

---

**ACKNOWLEDGMENT OF RECEIPT**

EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL.

_____     _____
MARTIN D. MONDRAGON                  Date

---

# Exhibit C

35

# NOTICE OF RIGHT TO CANCEL

Loan Number:  BV698520

Borrowers:  MARTIN D. MONDRAGON

Property Address:  5124 JONES AVENUE, RIVERSIDE, CALIFORNIA 92505

## YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage, lien or security interest on or in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is _____ ; or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on or in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at
NEW AMERICAN FUNDING
16008 ARMSTRONG AVENUE, SUITE 215
IRVINE, CALIFORNIA 92606

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of _____ (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

_Martin Mondragon_ _12/20/2010_
Consumer's Signature          Date

MARTIN D. MONDRAGON

## ACKNOWLEDGMENT OF RECEIPT

EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL.

_EXHIBIT 1_

_____
MARTIN D. MONDRAGON          Date

NOTICE OF RIGHT TO CANCEL/RESCISSION MODEL FORM H-8 (GENERAL)
03/17/06

DocMagic €λՆՀ 800-649-1362
www.docmagic.com

36

FAXED TO: 800 658-0395

MARTIN D. MONDRAGON                                                Date: 12/20/2010
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Certified Mail # 7009 3410 0000 1694 9151
Return Receipt Requested

| To: NEW AMERICAN FUNDING | To: BAC HOME LOANS | To: RECONTRUST CO NA | To: BANK OF AMERICA N.A. |
|---|---|---|---|
| Attn: Legal Department | Attn: Legal Department | Attn: Legal Department | Attn: Legal Department |
| 16808 Armstrong Avenue Suite 215 | P.O Box 5170 | 1800 Tapo Canyon Rd | PO BOX 5170 |
| Irvine Ca 92606 | Simi Valley Ca 93062 | Simi Valley, Ca 93063 | Simi Valley, Ca 93062 |
|  |  |  | Correspondence unit CAG-919-01-41 |

Re: TILA Rescission Notice   Loan No. 2063588857   "2063588570000191282000198993" Origination loan #BV698520

Borrower Martin D. Mondragon                              MIN # 1003763-0000678520-2
Homeowner Martin D. Mondragon                            Application Date 06/26/2009
Property Address 5124 Jones Avenue Riverside, California 92505

Dear Sir Madam:
I wish to cancel

_[signature]_                    12/20/2010
Consumer signature                Date
MARTIN D. MONDRAGON
                                                                    (step one)

(v) The date the rescission period (NOTICE OF RIGHT TO CANCEL DEFECTIVE/NOT FULLY COMPLETED))

(ii) The creditor did not provide the properly completed appropriate
model form, or a substantially similar notice of rescission.

Once you have completed *step two* of rescission procedures, Martin D. Mondragon is prepared to discuss a lender obligation, should it
arise, and satisfactory ways in which to meet any obligation it may exist.

The termination of the security interest is required before tendering, and step one and two of rescission procedures, shall be completed
and shall be respected, per any and all applicable Laws.

Please contact me as soon as possible to complete the lender, based upon notification.
(562) 335-7876

Sincerely

_[signature]_
By: Martin D. Mondragon
Authorized Signer

*Please be advice that Martin D. Mondragon, is not limiting or waiving any rights or remedies it may now or from the inception of the
above mentioned refinance loan and or hereafter have, whether arising under the Loan Documents, at Law, State and Federal violations,
or in equity, all of which rights and remedies are expressly reserved without prejudice
Please direct responses to third party public witness:
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Enclosure(s):
        SIGN AND DATED NOTICE OF RIGHT TO CANCEL           37

# Exhibit D

38

MEMORY  TRANSMISSION  REPORT

TIME        :12-20-'10 21:23
FAX NO.1    :
NAME        :

FILE NO.         :  949
DATE             :  12.20 21:21
TO               :  ☎19493408371
DOCUMENT PAGES   :  3
START TIME       :  12.20 21:22
END TIME         :  12.20 21:23
PAGES SENT       :  3
STATUS           :  OK

***    SUCCESSFUL TX NOTICE    ***

MARTIN D. MONDRAGON
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Date: 12/20/2010
FAX # 949 340 8371

Certified Mail # 7009 3410 0000 1694 9120
Return Receipt Requested

| To: NEW AMERICAN FUNDING<br>Attn: Legal Department<br>16808 Armstrong Avenue Suite 215<br>Irvine Ca 92606 | To: BAC HOME LOANS<br>Attn: Legal Department<br>P.O Box 5170<br>Simi Valley Ca 93062 | To: RECONTRUST CO.NA<br>Attn: Legal Department<br>1800 Tapo Canyon Rd<br>Simi Valley, Ca 93063 | To: BANK OF AMERICA N.A.<br>Attn: Legal Department<br>PO BOX 5170<br>Simi Valley, Ca 93062<br>Cofrespondence unit CA6-919-01-41 |

Re: TILA Rescission Notice   Loan No. 2063588857   "2063588570000019128200019899333"   Origination loan #BV698520

Borrower Martin D. Mondragon                              MIN # 1003763-0000698520-2
Homeowner Martin D. Mondragon                            Application Date 06/26/2009
Property Address 5124 Jones Avenue Riverside, California 92505

Dear Sir Madam:
I wish to cancel

_____          12/20/2010
Consumer signature                Date
MARTIN D. MONDRAGON                                      (step one)

(v) The date the rescission period  (NOTICE OF RIGHT TO CANCEL DEFECTIVE/NOT FULLY COMPLETED)

(ii) The creditor did not provide the property completed appropriate
model form, or a substantially similar notice of rescission.

Once you have completed step two of rescission procedures, Martin D. Mondragon is prepared to discuss a tender obligation, should it
arise, and satisfactory ways in which to meet any obligation it may exist.

The termination of the security interest is required before tendering, and step one and two of rescission procedures, shall be completed
and shall be respected, per any and all applicable Lows.

Please contact me as soon as possible to complete the tender, based upon notification.
(562) 335-7876

Sincerely

_____
By:  Martin D. Mondragon
Authorized Signer

*Please be advice that Martin D. Mondragon, is not limiting or waiving  any rights or remedies it may now or from the inception of the
above mentioned refinance loan and or hereafter have, whether arising under the Loan Documents, at Law, State and Federal violations,
or in equity, all of which rights and remedies are expressly reserved without prejudice
Please direct responses to third party public witness:
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Enclosure(s):
        SIGN AND DATED NOTICE OF RIGHT TO CANCEL.

39

MEMORY TRANSMISSION REPORT

```
                                        TIME      :12-22-'10 12:41
                                        FAX NO.1  :
                                        NAME      :
```

```
FILE NO.          :  954
DATE              :  12.22 12:33
TO                :  ☎18006580395
DOCUMENT PAGES    :  6
START TIME        :  12.22 12:39
END TIME          :  12.22 12:41
PAGES SENT        :  6
STATUS            :  OK
```

```
                ***   SUCCESSFUL TX NOTICE      ***
```

FAX TO: 800  655-0395

MARTIN D. MONDRAGON                                          Date: 12/20/2010
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Certified Mail # 7009   3410  0000  1694  9151
Return Receipt Requested

| To: NEW AMERICAN FUNDING | To: BAC HOME LOANS | T o: RECONTRUST CO NA | To: BANK OF AMERICA N.A. |
|---|---|---|---|
| Attn: Legal Department | Attn: Legal Department | Attn: Legal Department | Attn: Legal Department |
| 16808 Armstrong Avenue Suite 215 | P.O Box 5170 | 1800 Tapo Canyon Rd | PO BOX 5170 |
| Irvine Ca 92606 | Simi Valley Ca 93062 | Simi Valley, Ca 93063 | Simi Valley, Ca 93062 |
| | | | Correspondence unit CA6-919-01-41 |

Re: TILA Rescission Notice  Loan No. 2063588857   "2063588570000191282000198 9933"  Origination loan #BV698520

Borrower Martin D. Mondragon                          MIN # 1003763-0000298928-2
Homeowner Martin D. Mondragon                         Application Date 06/26/2009
Property Address 5124 Jones Avenue Riverside, Colifornia 92505

Dear Sir Madam:
I wish to cancel

Consumer signature                    12/20/2010
MARTIN D. MONDRAGON                    Date

(step one)

(v) The date the rescission period  [NOTICE OF RIGHT TO CANCEL DEFECTIVE/NOT FULLY COMPLETED)]

(ii) The creditor did not provide the properly completed appropdate
model form, or a substantially similar notice of rescission.

Once you have completed step two of rescission procedures, Martin D. Mondragon is prepared to discuss a tender obligation, should it
arise, and satisfactory ways in which to meet any obligation it may exist.

The termination of the security interest is required before tendering, and step one and two of rescission procedures, shall be completed
and shall be respected, per any and oll applicable Laws.

Please contact me as soon as possible to complete the tender, based upon notification.
(562) 335-7876

Sincerely

By:  Martin D. Mondragon
Authorized Signer

*Please be advice that Martin D. Mondragon, is not limiting or waiving any rights or remedies it may now or from the inception of the
above mentioned refinance loan or hereafter have, whether arising under the Loan Documents, at Law, State and Federal violations,
or in equity, all of which rights and remedies are expressly reserved without prejudice
Please direct responses to third party public witness:
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Enclosure(s):
        SIGN AND DATED NOTICE OF RIGHT TO CANCEL

40

# Exhibit E

41

**Bank of America**

**Home Loans**

C3_14764_TILA base Template 1 19027  11/17/2015

*Mailstop PA9-150-01-18*
*150 Allegheny Center Mall*
*Pittsburgh, PA  15212*

**Date:**  January 25, 2016

**Account Ending in:** 8857

**Property Address:**
5124 Jones Avenue
Riverside, CA  92505

MARTIN D MONDRAGON
5124 JONES AVE
RIVERSIDE, CA  92505

**Customer name(s):**
MARTIN D MONDRAGON

**Tracking Number:**
775493825630

# We received your notice to renew the request to rescind on this home loan. However, the right to rescind has expired.

Your request dated January 11, 2016, claimed there may be violations related to the loan origination.

## What you need to know

- TILA states that if required notices or material disclosures are not delivered to the consumer, the consumer has the right to rescind, which expires **three (3) years** after the origination of the loan.
- Since this home loan originated in July, 2009, any extended right to rescind, if applicable, has expired according to TILA.
- A copy of our initial response to your rescission request is enclosed dated February 2011; September 2012;  March 2014;  September 2015 and January 7, 2016.
- Based on this information, we are again denying your request to rescind the home loan transaction.

We will send you a response about the remainder of your claim in a separate mailing, if applicable. Bank of America, N.A.'s response is not an admission of any violations of law related to this transaction, including but not limited to TILA.

## If you have questions

If you need additional information or have any questions, please feel free to contact me in writing, at the return address listed at the top of this letter. For information regarding loan workout assistance, please call us at 800.669.0102, Monday through Friday, 7a.m. to 7 p.m. local time.

Sincerely,

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under bankruptcy law, this notice is for informational purposes only and is not an attempt to collect a debt, a demand for payment or an attempt to impose personal liability for a discharged debt.

Bank of America and the Bank of America logo are registered trademarks of Bank of America Corporation. Bank of America, N.A. Member FDIC.  Equal Housing Lender ⌂. © 2015 Bank of America Corporation

42

Amanda Dopp
Mortgage Resolution Specialist II

43



**BLANK ROME** LLP
COUNSELORS AT LAW

Phone:   (215) 569-5769
Fax:     (215) 832-5769
Email:   MDeAngelo@BlankRome.com

February 3, 2011

**VIA CERTIFIED MAIL**

Martin D. Mondragon
5124 Jones Avenue
Riverside, CA 92505

RE:   Property Address:  5124 Jones Avenue, Riverside, CA 92505
       BAC Loan Number Ending in: 58857

Dear Mr. Mondragon:

This office represents BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. ("BAC Home Loans"), in regard to the above-referenced mortgage loan transaction. BAC Home Loans is in receipt of your correspondence dated December 20, 2010, wherein you give notice to rescind the subject loan transaction.

We have reviewed the subject loan file for the right of rescission under the federal Truth in Lending Act and Regulation Z (collectively, "TILA"). TILA provides that if required notices or material disclosures are not delivered to the consumer, the right to rescind shall expire three (3) years after consummation of the loan. Enclosed please find a copy of the Notice of Right to Cancel (the "Notice"), whereby you acknowledged receiving two (2) copies of the properly executed Notice. Also enclosed is a copy of the signed Final Truth-in-Lending Disclosure Statement, which complies with TILA.

Based on the foregoing, any claim to rescind the subject loan transaction pursuant to TILA is denied and this matter is now closed. In providing this response, BAC Home Loans is making no admission of any TILA violations related to this transaction.

Sincerely,

Michael N. DeAngelo

cc: Rosa Reyes

Enclosures

One Logan Square  130 North 18th Street  Philadelphia, PA 19103-6998
www.BlankRome.com

California  •  Delaware  •  Florida  •  New Jersey  •  New York  •  Ohio  •  Pennsylvania  •  Texas  •  Washington, DC  •  Hong Kong

597000.01111/12061555v.1

44

Bank of America

~~Home Loans~~

~~1757 Tapo Canyon Road~~
~~Mailstop CA6-913-02-29~~
~~Simi Valley, CA 93063~~

## VIA FEDERAL EXPRESS

September 5, 2012

Martin O. Mondragon
5124 Jones Avenue
Riverside, CA 92505

Re:   BAC Loan Number Ending in: 5885
      Property Address: 5124 Jones Avenue, Riverside, CA 92505

Dear Mr. Mondragon,

Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP ("Bank of America") is in receipt of your correspondence dated August 15, 2012, wherein you claim that there were violations of federal and state law related to the origination of the subject loan transaction, including violations of the federal Truth in Lending Act.

Although your correspondence fails to state any specific basis for rescission, the loan file was reviewed. TILA provides that if required notices or material disclosures are not delivered to the consumer, the right to rescind shall expire three (3) years after the consummation of the loan. Because the subject loan closed in July 2009, any extended right to rescind, even if applicable, has expired pursuant to TILA.

Based on the foregoing, any claim to rescind the mortgage loan transaction pursuant to TILA is denied and this matter is now closed. The remainder of your correspondence will be or has been addressed under separate cover. In providing this response, Bank of America is making no admission of any TILA violations related to this transaction.

Please feel free to contact me in writing should you have any questions or need additional information. For information regarding loan workout assistance, please contact Bank of America, N.A. Home Loans Home Retention Division at 800-669-0102.

Sincerely,

Terry Nall
Litigation Specialist

45

Bank of America

Home Loans

1757 Tapo Canyon Road
Mailstop CA6-913-02-29
Simi Valley, CA  93063

VIA FEDERAL EXPRESS TRACKING NUMBER:#7981 9433 1664

March 12, 2014

Martin D. Mondragon
5124 Jones Avenue
Riverside, CA 92505

Re:   BAC Loan Number:   XXXX58857
      Property Address:   5124 Jones Avenue, Riverside, CA 92505

Dear Mr. Mondragon:

Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP, ("Bank of America, N.A.") is in receipt of your correspondence received February 12, 2014, wherein you claim that there may be violations, related to the origination of the above-referenced mortgage loan transaction.

As part of our through investigation of this matter, we have again reviewed the subject loan file for the right of rescission under the federal Truth in Lending Act and Regulation Z (collectively, "TILA"). TILA provides that if required notices or material disclosures are not delivered to the consumer, the right to rescind shall expired three (3) years after consummation of the loan. As stated in our initial response dated September 5, 2012, because the subject loan was consummated in July 2009, any extended right to rescind, even if applicable has expired pursuant to TILA. A copy of the initial response is enclosed.

Based on the foregoing, your claim to rescind the subject loan transaction is again denied and this matter remains closed. The remainder of your correspondence has been, or will be addressed under separate cover. In providing this response, Bank of America, N.A., is making no admission of any TILA violations related to this transaction. For information regarding loan workout assistance, please contact Bank of America Retention Division at (800) 669-0102.

Sincerely,

Irene Fragoso
Litigation Specialist

Encl.

46



**Bank of America**

Home Loans

150 Allegheny Center Mall
Mailstop PA9-150-01-18
Pittsburgh, PA 15212

**VIA FEDEX TRACKING NUMBER: # 7745 6228 7228**

22 September 2015

MARTIN D MONDRAGON
5124 Jones Ave
Riverside, CA    92505

Re:    BAC Loan Number Ending in: 8857
       Property Address: 5124 JONES AVENUE, RIVERSIDE, CA   92505

Dear Mr. Mondragon:

Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), is in receipt of correspondence dated 8 September 2015, wherein you renew your request to rescind the above-reference mortgage loan transaction pursuant to the federal Truth in Lending Act and Regulation Z (collectively "TILA").

As stated in our initial response to your rescission demand dated 3 February 2011. TILA provides that if required notices or material disclosures are not delivered to the consumer, the right to rescind shall expire <u>three (3) years</u> after consummation of the loan.   As part of our thorough investigation of this matter, the loan file was reviewed. Because the subject loan consummated in July 2009, any extended right to rescind, if applicable, has expired pursuant to TILA.  A copy of our initial response to your rescission claim is enclosed.

Based on the foregoing, your claim to rescind the subject loan transaction pursuant to TILA is again denied and this matter remains closed.  The remainder of your correspondence has been, or will be, addressed under separate cover. In providing this response, Bank of America, N.A. is making no admission of any TILA violations related to this transaction.

Please feel free to contact me in writing should you have any questions or need additional information.
For information regarding loan workout assistance, please contact Bank of America Retention Division at (800) 669-0102.

Sincerely,

Christin L. Pridemore
Mortgage Resolution Specialist II

Note: Fair Debt Collections Practices Act Disclaimer (FDCPA): Bank of America N.A., is required by law to inform you that this communication is from a debt collection. If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under bankruptcy law, this notice is for informational purposes only and is not an attempt to collect a debt, a demand for payment or an attempt to impose personal liability for a discharge debt.

47



**Bank of America**

Home Loans

150 Allegheny Center Mall
Mail Stop: PA9-150-01-18
Pittsburgh, PA  15212-5335

<u>VIA FEDEX TRACKING NUMBER: # 7753 6323 4129</u>

January 7, 2016

MARTIN D MONDRAGON
5124 JONES AVENUE
RIVERSIDE, CA  92505

Re:     Borrower:  MARTIN D MONDRAGON
        BAC Loan Numbers Ending in:  8857
        Property Address:  5124 JONES AVENUE RIVERSIDE, CA  92505

Dear Mr. Mondragon:

Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), is in receipt of your correspondence wherein you request rescission of the loan.

The loan file was reviewed for rescission under TILA.  TILA provides that if required notices or material disclosures are not delivered to the consumer, the right to rescind shall expire <u>three (3) years</u> after the consummation of the loan. Because the subject loan consummated on July 17, 2009, any extended right to rescind, if applicable, has expired pursuant to TILA.

Based on the foregoing, any claim to rescind the subject loan transaction pursuant to TILA is denied and this matter is now closed.  In providing this response, Bank of America, N.A., is making no admission of any TILA violations related to this transaction.

Sincerely,

Stewart Gregory
Mortgage Resolution Specialist

Note:
Fair Debt Collections Practices Act Disclaimer (FDCPA):
Bank of America N.A., is required by law to inform you that this communication is from a debt collection. If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under bankruptcy law, this notice is for informational purposes only and is not an attempt to collect a debt, a demand for payment or an attempt to impose personal liability for a discharge debt.

49