FILED

1  Martin D. Mondragon
2  5124 Jones Ave
   Riverside CA. 92505          2017 FEB 13  PM 2: 39
3  (562) 335-7876
   Plaintiff Pro Se             CLERK U.S. DISTRICT COURT
4                               CENTRAL DIST. OF CALIF.
   No Fax                               RIVERSIDE
5                               BY_____

6           UNITED STATES DISTRICT COURT

7      CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

8

9  **Martin D. Mondragon.**              Case No.  5: 16-cv-02462-R(KKx)

10      **Plaintiff, Pro Se**            Assigned to: Hon Manuel L. Real

11          **v.**

12  **BANK OF AMERICA N. A.; NATIONAL**   **FIRST AMENDED VERIFIED COMPLAINT**
13  **DEFAULT SERVICING CORPORATION;**    **FOR DECLARATORY RELIEF AND**
    **NEW AMERICAN FUNDING INC; BAC**     **INJUNCTIVE RELIEF**
14  **HOME LOANS SERVICING L. P.;**
    **MORTGAGE ELECTRONIC**
15  **REGISTRATION SYSTEMS INC;**
    **RECONTRUST COMPANY N.A.;**          Date Filed: November 30, 2016
16  **FIDELITY NATIONAL TITLE COMPANY;**
    **BANK OF AMERICA CRE HFS**           Trial Date: Not set
17  **NHELOC; GINNIE MAE; BANA CIG HFI**
    **1ST LIENS GOV REW; ALL PERSONS**    **JURY DEMANDED**
18  **UNKNOWN CLAIMING ANY LEGAL OR**
    **EQUITABLE RIGHT, TITLE, ESTATE,**
19  **LIEN OR INTEREST IN THE PROPERTY**
    **DESCRIBED IN THE COMPLAINT**
20  **ADVERSE TO PLAINTIFF'S TITLE, OR**
    **ANY CLOUD ON PLAINTIFF'S TITLE**
21  **THERETO; AND DOES 1-10,**
            **Defendants,**

22

23              **GENERAL ALLEGATIONS**

24      1.    COMES NOW Plaintiff, Martin D. Mondragon (hereinafter "Plaintiff" or

25  "Mondragon") Who, is not!, in any actual Default in the subject note or the mortgage Deed

26  of Trust, , to justify the trustee sale of his real property commonly known as 5124 Jones

27  Avenue, Riverside CA 92505 ("the subject property"), despite Bank of America N.A.

28

                              1

1 (BANA) and its purportedly Trustee agent National Default Servicing Corporation (NDSC)

2 invitations of the contrary. As fully explained below.

3        2.     A judicial determination of the foregoing disputes pursuant to 28 U.S.C. §§

4 220-22022 and Fed. R.Civ. P. 57 is necessary, ripe and appropiate at this time in that

5 such a judgments sought herein would terminate the actual concrete existing uncertainty

6 and controversy giving rise to this actio, and will resolve such disputes as the contractual

7 relathiosnhip and obligations proceeds forward folowing the termination of this litigation

8        3.     Plaintiff claims that:

9 a. Plaintiff claims he is not in any actual default in the note and Deed of Trust

10    **BANA and NDSC claims to the contrary.**

11 b. Bank of America N.A. has no enforceable claim to the Subject Property because,

12    Plaintiff timely and effectively delivered to BANA, a letter and Notice of rescission

13    on December 20, 2010, pursuant and in accordance to TILA et seq. voiding the

14    security instrument in the subject property. **BANA claims to the contrary.**

15 c. Plaintiff claims that he timely and validly rescinded/cancel note or the void ab-

16    initio mortgage Deed of Trust, security instrument on the subject property. **BANA**

17    **and NDSC claims to the contrary.**

18 d. The Deed of Trust secured by the subject property is void ab initio, invalid and

19    unenforceable. **BANA claims to the contrary**

20 e. Plaintiff claims to have timely and effectively exercise his right to rescind the loan

21    transaction, by providing BANA, notice on December 20, 2010, pursuant and in

22    accordance to 1635(a)(f) voiding the security instrument in the subject property.

23    **BANA claims to the contrary**.

24 f. Plaintiff claims that, BANA and its purported trustee agent NDSC commenced

25    foreclosure proceedings in the subject property without any Equitable or Legal

26    Interest, rights or authority. **BANA and NDSC claims to the contrary.**

27 g. Plaintiff claims that BANA through its purportedly new appointed trustee agent

28    NDSC commenced foreclosure proceedings in the subject property, using a

"VOID" invalid Deed of Trust. **BANA and NDSC claims to the contrary**.

h.  Plaintiff claims that, Bank of America N.A. is not the true in fact Beneficiary nor the real interest party and does not own Plaintiff purportedly loan and mortgage Deed of Trust. **BANA claims to the contrary.**

i.  Plaintiff claims that, Bank of America N.A. does not have or possess or ever acquired in any manner any interest in the Note and the Deed of Trust in the subject property. **BANA claims to the contrary.**

j.  Plaintiff deny that, BANA has any Valid Colorable Claim in the subject property Superior to Plaintiff, Simple Fee Title. **BANA claims to the contrary**.

k.  Plaintiff claims that: the purported original Lender New American Funding, failed to **"clearly and conspicuously"** disclose to Plaintiff at closing, the length of the rescission period. *per Regulation Z.§§226.15(b)(5) known as Regulation Z, 12 C.F.R. § 226 et seq*. **BANA and NDSC claims to the contrary.**

l.  New American Funding never provide and/or delivered to Plaintiff within three business days after their receipt of a written application or three days before closing the requisite "material disclosures" (God Faith Estimate and Truth in Lending Disclosure) mandated per the TILA et.seq and Regulation Z et,seq. **BANA claims to the contrary.**

m. Plaintiff right to rescind due to, New American Funding material TILA disclosure violation, extended his right to rescind three years after the date of the consummated transaction. **BANA claims to the contrary**

n.  Plaintiff claims that, In the light of recent Supreme Court Decision ( ***Jesinoski v. Countrywide Home Loans, Inc).,*** as operation of the Law (TILA), the mortgage deed of trust security instrument and the note which are the subject of this action have been effectively, properly and timely void and rescinded per 1635(a)(f), **BANA claims to the contrary.**

o.  Plaintiff claims that, BANA and DOES 1-10, had waived any Legal, Equitable, Ownership rights (if any) that may have had in the Subject Property due to their

3

1  failure to take its purported property when Plaintiff offered to tender, back in
2  December 20, 2010, and because of BANA failure to timely responded and/or
3  filed a lawsuit against Plaintiff, to judicially dispute and challenged Plaintiff right to
4  cancel and his Notice of Rescission within the 20 days' time period after receipt
5  of Plaintiff Notice. **BANA claims to the contrary.**

6  p. Plaintiff claims that Exhibit "5" attached to his Plaintiff complaint is a void ab initio,
7     invalid, null unenforceable instrument against the subject property. **BANA claims**
8     **to the contrary.**

9  q. Plaintiff claims that, BANA do not have any valid interest, right or authority in the
10    subject property and the mortgage Deed of Trust, because the Deed of Trust, is
11    no longer secured by the subject property and is no longer valid and enforceable.
12    **BANA and NDSC claims to the contrary**.

13 r. Plaintiff claims he does not owed and is no liable to BANA, for any late charges
14    or interest about the July 17, 2009, loan transaction, note and mortgage Deed of
15    Trust. **BANA and NDSC claims to the contrary**.

16 s. Plaintiff claims that, he is not liable for any finance charges or other charges
17    imposed by Defendant BANA. about the July 17, 2009, loan transaction, note
18    and mortgage Deed of Trust. **BANA and NDSC claims to the contrary**.

19 t. BANA and NDSC claims that, Plaintiff total amount of unpaid alleged debt in
20    conection with the July 17, 2009, loan transaction is $447,531.93. **Plaintiff**
21    **claims to the contrary**.

22 u. BANA do not have any interest in the subject property and the mortgage Deed of
23    Trust, because Plaintiff **Exhaust Administrative Remedies**, BANA, tacitly
24    acquiescence to Plaintiff letter "Notice of Default and Estoppel by Acquiescence
25    dated April 07, 2015, due to BANA silence in said letter. **Attached** hereto and
26    incorporated herein by reference as **Exhibit 18**" is a true and correct copy of
27    "Notice of Default and /or Estoppel by Acquiescence". **BANA by foreclosing on**
28    **the subject property, claims to the contrary**

4

v. Plaintiff claims that, BANA and NDSC wrongfully foreclosed on the subject property without any valid and enforceable rights authority or power. **BANA and NDSC claims to the contrary**.

w. Plaintiff has a legal stake in the outcome of his case before the wrongful trustee sale and after the wrongful trustee sale by BANA and NDSC. **BANA and NDSC claims to the contrary**.

x. Plaintiff claims that, BANA even after wrongfully foreclosedon he subject property does not have a right to attempt to sold the subject property or conveyed interest of the subject property to any third party in any non judicial, judicial or private sale in any way shape or manner. **BANA and NDSC claims to the contrary**.

4.     At all times, relevant to this case, Plaintiff have a legitimate question of the identity of the entity that has legitimate ownership and physical possession of the tangible Note and Deed of Trust (if any).

5.     At all times material, hereto, Plaintiff dispute and challenged New American Funding, capacity to hold any legal title in the subject property and to assign and transferred Plaintiff tangible note and Deed of Trust and any legal ownership and beneficial interest right's that are outlined in greater detail below to MERS or any other party.

6.     Plaintiff is now in an imminent risk for a second time to been evicted, illegally and unlawfully from his principal dwelling, once BANA completes the illegal and unlawful private internet online auction on Plaintiff real property.

7.     Plaintiff is an imminent risk to forever loss of his simple fee title and legal interest, to his unique and irreplaceable real property and, an imminent risk to been evicted by an unaware internet online bidder bonafide purchaser for value and potential Holder in Due Course, of Plaintiff claims in the subject property,  if BANA is not enjoined from moving forward with the online internet auction or from any private sale of Plaintiff real property or any title conveyance to a third party in regards to the subject property until the merits of Plaintiff case can be adjudicated.

1    8.    As a direct and proximate result (included but not limited)  of BANA actions
2  and inactions, Plaintiff was subject to and have loss money in fact, to defend the frivolous
3  and meritles U.D. on August 08, 2012, and the January 2016,  frivolous and meritless
4  action commenced by BANA against plaintiff to reformed a void Deed of Trust and quiet
5  title against plaintiff  in Superior Court, which, BANA dismissed without prejudice instead
6  of amended its complaint and seek, declaratory relief to invalidate Plaintiff notice of
7  rescission but, utterly fail to do so, despite the fact of been in federal court. back in
8  February 2016.

9    9.    Plaintiff had been irreparable harmed and incurred in more economic injury
10  and loss of money in fact by defending BANA frivolous and unwarranted actions against
11  Plaintiff and now by, defending his slandered and clouded title due to BANA second illegal
12  wrongful foreclosure on the subject property.

13    10.    Based on the aforementioned Plaintiff in good faith alleges that this instant
14  case, there is an actual case of concrete substantial controversy, about the impostor New
15  American Funding, capacity to hold any legal title in the subject property and to assign and
16  transferred Plaintiff tangible note and Deed of Trust and any legal ownership and
17  beneficial interest right's that are outlined in greater detail below to MERS or any other
18  party; what entity if any presently holds, owns or possessed any valid, legal and
19  enforceable rights, interest and authority under the Note and the Security Instrument
20  (Deed of Trust); whether Plaintiff notice of rescind was valid and timely, whether the
21  security instrument was void and the loan transaction rescinded, whether BANA and
22  NDSC and DOES 1-10 knew before, on and after the trustee sale of the subject property
23  about it and whether the lender identified in Plaintiff note and Deed of Trust  as NEW
24  AMERICAN FUNDING A CALIFORNIA CORPORATION, organized and existing under
25  the laws of California is, Mr. Mingh Uyen Nguyen, Legal Corporation or an impostor using
26  his legal and dba name. These circumstances present a justiciable controversy. (American
27  States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998).  A justiciable controversy
28  requires a real and substantial controversy over tangibles interests, and not merely a

MONDRAGON FIRST AMENDED COMPLAINT

1  theoretical dispute.  Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995).  A

2  trial court has discretion to enter declaratory judgment if it "will serve a useful purpose or

3  will terminate the controversy between the parties."  Id. at 468

4       11.    Declaratory Relief is _**ripe**_ (sic) necessary to determine, the existence their

5  respective rights and interest, in and to the Subject Property. Plaintiff claims that, a

6  declaration is ripe, necessary and appropriate to resolve any controversy, interest, rights,

7  duties, obligations and disputes which have arisen between the parties.

8                              **JURISDICTION AND VENUE**

9       12.    This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general

10  federal question), 1337 (interstate commerce), 1367 (supplemental jurisdiction) because

11  are part of the same case or controversy under Article III of the United States Constitution

12  and because they are so related to plaintiffs' TILA claims., and, 15 U.S.C. § 1635 (TILA),

13  and 42 U.S.C. § 1983 which confers original jurisdiction on federal district courts in suits to

14  address the deprivation of rights secured by federal law. This Court is authorized to grant

15  declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02,

16  implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue a

17  preliminary and permanent injunctive relief requested under Rule 65 of the Federal Rules

18  of Civil Procedure.

19       13.    This Court has personal jurisdiction over Defendants because they conduct

20  business in the State of California. Venue is proper in this District under 28 U.S.C. 1391

21  (b)(2) as it is the judicial district wherein a substantial part of the events relevant to the

22  claims made herein occurred,

23                                    **PARTIES**

24       14.    At all times herein mentioned, Plaintiff is a resident and the owner of real

25  property commonly known as 5124 Jones Avenue, Riverside CA 92505, RIVERSIDE

26  County, California ("Subject Property"). The assessor's parcel number is A.P.N 147-182-

27  017-1.

28       15.    At all times, herein mentioned Defendant BANK OF AMERICA N.A. is a

1  national banking association conducting business in the County of Riverside, State of

2  California. [1]

3      16.   Defendant BAC HOME LOANS SERVICING LP. (BACHLS) is a business

4  entity form unknown conducting business in the County of Riverside, State of California. [2]

5      17.   Defendant NATIONAL DEFAULT SERVICING CORPORATION (NDSC) is

6  a business entity form unknown. NDSC is the purportedly Trustee agent of BANA, who

7  foreclosed plaintiff home and is also a debt collector as defined in the FDCPA 1692 et seq

8  conducting business in the County of Riverside, State of California.

9      18.   Upon information and believed Defendant NEW AMERICAN FUNDING

10 INC. ("NAFINC") is a California Corporation, conducting business in the County of

11 Riverside, State of California.

12     19.   Defendant MORTGAGE ELECTRONIC REGISTRATION SERVICES INC.

13 a business entity, form unknown, at some uncertain point and unknown exact time and

14 from an unknown party. [3]

15     20.   Defendant BANK OF AMERICA CRE HFS NHELOC; a business entity,

16 form unknown, claims an interest and rights regards to plaintiff note and deed of trust, its

17 _____

18 [1] At some uncertain point and unknown exact time and from an unknown party, BANA asserts to
   purportedly negotiated plaintiff note and became the beneficial owner of plaintiff note and mortgage,

19 originated by impostor NAFINC. Defendant BANA services some loans originated by impostor NAFINC,
   including plaintiff's, and claims to have interest in Plaintiff loan and to have acquired said loan, including

20 the right to received and demand payments from Plaintiff, to pay off the alleged debt thereunder, *after*

21 Plaintiff allegedly default, by claiming to be, the purportedly beneficiary without any conclusive competent
   evidence. BANA is also a debt collector as defined in the FDCPA 1692 *et seq.*

22 [2] At some uncertain point and unknown exact time and from an unknown party, BACHLS, asserts to
   purportedly negotiated plaintiff note and became the beneficial owner of plaintiff note and mortgage,

23 originated by impostor NAFINC. Defendant BACHLS services some loans originated by impostor NAFINC,
   including plaintiff's, and claims to have interest in Plaintiff loan and to have acquired said loan, including

24 the right to received and demand payments from Plaintiff, to pay off the alleged debt thereunder, *after*

25 Plaintiff allegedly default by claiming to be, the purportedly beneficiary without any conclusive competent
   evidence. BACHLS is also a debt collector as defined in the FDCPA 1692 *et seq.*

26 [3]      MERS, asserts to have received interest and rights in plaintiff note and Deed of Trust, including

27 the right to transferred and assign Plaintiff note and Deed of Trust as a purportedly beneficiary and
   nominee of Mingh Uyen Nguyen "NEW AMERICAN FUNDING INC.; without any existing or previous agency

28 agreement.

1    joined as necessary party. Because at some uncertain point and time purportedly
2    negotiated plaintiff note and became the holder and beneficial owner of Plaintiff note.

3         21.   Defendant GINNIE MAE; a business entity, form unknown, claims an
4    interest and rights regards to plaintiff note and deed of trust, its joined as necessary party.
5    Because at some uncertain point and time purportedly negotiated plaintiff note and
6    became the holder and beneficial owner of Plaintiff Note

7         22.   Defendant BANA CIG HFI 1ST LIENS GOV REW; a business entity, form
8    unknown, claims an interest and rights regards to plaintiff note and deed of trust, its joined
9    as necessary party. Because at some uncertain point and time purportedly negotiated
10   plaintiff note and became the holder and beneficial owner of Plaintiff note.

11        23.   Defendant RECONTRUST COMPANY N.A. is a business entity form
12   unknown conducting business in the County of Riverside, State of California, its joined as
13   necessary party.

14        24.   Defendant FIDELITY NATIONAL TITLE COMPANY. is a California
15   Corporation that is a citizen of California which does business in California, its joined as
16   necessary party.

17        25.   Any applicable statutes of limitations have been tolled by the Defendants'
18   continuing, knowing, and active concealment of the facts alleged herein.   Despite
19   exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and
20   still up until today discover the full magnitude of the web of lies and concealments and was
21   prevented from discovering, the wrongdoing complained of herein by Defendants.

22        26.   In the alternative, Defendants should be estopped from relying on any
23   statutes of limitations.  Defendants have been under a continuing duty to disclose the true
24   character, nature, and quality of their financial services and debt collection practices.
25   Defendants owed Plaintiff an affirmative duty of full and fair disclosure, but knowingly
26   failed to honor and discharge such duty.

27        27.   Defendants Beneficiaries believe themselves to be the current
28   beneficiaries in the Deed of Trust in regards with the subject property. Plaintiff is unaware

9

1 | of the true names and capacities, whether individual, associate, corporate or otherwise of
2 | Defendants DOES 1 through10, inclusive, and ALL PERSONS UNKNOWN, CLAIMING
3 | ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE
4 | PROPERTY KNOWN AS 5124 JOES AVENUE RIVERSIDE CALIFORNIA 92505 and
5 | thereon sue them by such fictitious names. Plaintiff does not know and is ignorant of the
6 | true names and true capacities, or basis for liability of Defendants sued herein as DOES 1
7 | through 10. Plaintiffs will amend this Complaint to allege the true names and capacities of
8 | DOES 1 through 10, inclusive, when they become ascertained to show their true names.
9 | The Beneficiaries, each fictitiously named Defendant and DOES 1-10 Defendants and
10 | each of them have or claim to have an interest in the subject property described herein,
11 | but the nature, character, or extent of  such of interest is unknown to Plaintiff. Plaintiff
12 | isinformed and believes and thereon alleges that each of fictitosly named defendants and
13 | each of them is in some manner responsible and liable to Plaintiff for the occurrences
14 | herein alleged, either contractually or tortuously, and causes damages to the Plaintiff as
15 | herein alleged.

16 |     28.    Plaintiff is informed and believes and thereon alleges that at all times
17 | herein mentioned, each of the Defendants was the agent, servant and employee of each
18 | of the remaining Defendants, and at all times relevant hereto, were acting within the
19 | purpose and scope od said agency and employment.

20 |                    **FACTUAL AND PROCEDURAL BACKGROUND**

21 |     29.    On January 26, 2009, **for valuable consideration** Plaintiff obtained a loan
22 | from Pinnacle Mortgage Group to purchased his home from Tareq Younis, as evidenced
23 | by a Grant Deed, recorded on January 29, 2009, with the Riverside County Recorder's
24 | Office, as instrument number, 2009-0043249. **A certified copy** of the self-authenticated
25 | **Grant Deed** establishing, Plaintiff superior title to the subject property against Defendants,
26 | **containing the correct legal description** of the Subject Property is attached hereto as
27 | **Exhibit "1"** and incorporated herein by reference.

28 |     30.    The purchase price on Plaintiff home was $295,000. Plaintiff loan was for

1  30 years, with a fix interest rate of 5.5% and monthly mortgage payments of $2,146.74.

2  Plaintiff pay 3.5% down payment towards the net principal amount, leaving a total principal

3  balance of $291,157.00.

4       31.   Plaintiff currently is and has been in an uninterrupted possession of the

5  subject property since 2009.

6       32.   On or about June 2009, Plaintiff received in the mail a solicitation from New

7  American Funding, to lower the interest rate and his monthly mortgage payments, if

8  Plaintiff refinances with New American Funding.

9       33.   At the time, Plaintiff received this solicitation Plaintiff did not have any

10  hardship or trouble, making his monthly mortgage payments to GMAC, who was the

11  servicer of the loan nor Plaintiff was looking or even considering any refinance.

12       34.   Upon information and belief and on those basis Plaintiff alleged that, on or

13  about July 17, 2009, Plaintiff consumated the subject loan with New American Funding

14  Inc. **A true, correct and accurate** copy of a letter from Bank of America Home Loans

15  ratifying that, Plaintiff consummated the subject loan on July 17, 2009, is attached hereto

16  as **Exhibit "2"** and incorporated herein by reference.

17       35.   Plaintiff enter into a consumer loan transaction agreement for 30 years

18  with a fix interest rate of 5% and monthly mortgage payments in the amount of $1,912.82

19  with New American Funding Inc. under loan #BV698520 (the subject "Loan")

20       36.   Plaintiff agreed to refinance and used his home as collateral with

21  Defendant  New American Funding Inc.

22       37.   On July 21, 2009, Plaintiff received via e-mail, for the first time a Good

23  Faith Estimate (GFE) and a Truth in Lending Disclosure Statement (TILDS) dated June

24  26, 2009, from Shannon Cervantes. (Plaintiff never received any GFE or TILDS before

25  July 21, 2009, from New American Funding, its loan officer George Deek or New

26  American Funding loan processor, Shannon Cervantes). **A true, correct and accurate**

27  copy of the e-mail and the GFE and TILD are attached hereto as **Exhibit "3"** and

28  incorporated herein by reference.

38.   The closing signing ceremony took place at New American Funding Inc. offices, in Irvine CA., on **July 22, 2009**.

39.   On **July 22, 2009**, Michelle A. Briggs (Briggs) who identified herself to Plaintiff as a Public Notary; informed Plaintiff that she was going to notarized his signature in the loan documents. Briggs instructed and directed Plaintiff to signed various documents contained in one of the two stacks of documents, she brought into the room where the ceremony took place.

40.   Plaintiff was never asked by Briggs or anybody else to signed the second stack of documents she brought into the room, which were given to Plaintiff by Briggs at the end of the signing ceremony, as his loan documents copies to keep and take home.

41.   **At the end of closing, Michelle A. Briggs, ended up with the only copies of the documents she was directing and instructing Plaintiff to execute.** (sic)

42.   New American Funding, never delivered to Plaintiff and Plaintiff never received from New American Funding; any single copies of the documents he executed at closing while at New American Funding premises or within a week after closing.

43.   The final HUD statement states that the loan was funded on **July 28, 2009**.

44.   In connection with the loan transaction with New American Funding. Plaintiff was directed to signed on **July 22, 2009**, several loan documents; including in those loan documents was a Note ("Note") **Dated July 17, 2009**, in the total amount for $295,524.00, to secured under the terms of a Deed of Trust the subject property in Riverside, California, as collateral for the debt. The mortgage loan was insured by the FHA Government Agency under FHA Case # 048-5491734-703.[4]

45.   Plaintiff loan was an FHA-insured loan subject to federal statutes and the

---

[4]      Plaintiff just recently learned  that, his loan was supposed to be a conventional loan product, not FHA insured loan, and THAT, on July 16, 2009, without Plaintiff direct personal knowledge and consent, Fidelity National Title Company open escrow under escrow Acc  # 732289-HH, in connection with plaintiff loan transaction, without plaintiff signing any initial URLA 1003 loan application, and THAT, New American Funding never deposited  $295,524.00, in Acc # 732289-HH, for the benefit of Plaintiff in regards to the loan transaction.

MONDRAGON FIRST AMENDED COMPLAINT

1    regulations of the United States Department of Housing and Urban Development.

2        46.    The note contains a Mortgage Identification Number ("MIN"): **1003763**-

3    0000698520. The first seven digits of the MIN #: **1003763** (*sic*) purportedly identified a

4    MERS and/or MERSCORP Holdings, Inc. active member. [5]

5        47.    Plaintiff was identified in the note as the "Borrower" and, NEW AMERICAN

6    FUNDING, **A CALIFORNIA CORPORATION** was identified as the Lender, nowhere the

7    note identified or mentioned MERS, BACHLS or BANA. **A true, correct and accurate**

8    **copy of the note giving to plaintiff at closing, is attached hereto as Exhibit "4"** and

9    incorporated herein by reference.

10       48.    Paragraph (2) in the note states: In return for a loan **received** (sic) from

11   Lender, Borrower promise to pay the principal sum of TWO HUNDRED NINETY-FIVE

12   HUNDRED TWENTY-FOUR AND 00/100 Dollars (U.S. $295,524.00) plus interest, to the

13   order of the Lender. [6]

14       49.    Based upon information and belief, NAFINC., purportedly took a security

15   interest in the Subject Property in the form of a Deed of Trust dated July 17, 2009, **which**

16   **was recorded with the Riverside County Recorder's Office** until July 29, 2009.

17   Nowhere the Deed of Trust (DOT) identified or mentioned, BACHLS or BANA. The Deed

18   of Trust included one provision relevant to this instant case

19       50.    **A true, correct and accurate** copy of the DOT, giving to plaintiff at

20   closing, is attached hereto as **Exhibit "5"** and incorporated herein by reference.

21       51.    On or about August 12, 2009. Plaintiff received in the mail a Notice of

22   Assignment, Sale, or Transfer of Servicing Rights from Bank of America Home Loans.

23   Stating that, the amount due on 09/01/2009 as of 08/12/2009, was $1,912.82 and that; the

24

25   [5]   MERSCORP Holdings, Inc., owns and operates an electronic registry known as the MERS system, which
     is designed to track servicing rights and ownership of mortgages in the United States contained in
26   Mortgage Electronic Registration Systems, Inc. (MERS) is an American privately held corporation. MERS is
     a separate and distinct corporation that serves as a nominee for its active members on mortgages like
27   Plaintiff if the Lender/Creditor/Investor is an active member and holds seven digits unique and not
     transferable Corporate Identification Number assigned by MERSCORP Holdings, Inc.
28

MONDRAGON FIRST AMENDED COMPLAINT

1  **name of the creditor** to whom the debt is owed was, **BANK OF AMERICA CRE HFS**

2  **NHELOC**.  BACHL instructed and directed Plaintiff to make monthly mortgage payments

3  and Plaintiff did in reliance of BACHL statements  made, timely mortgage paymrents, in

4  the amount of **$1,912.82**, to cover the first months of September and October 2009.

5  BACHL did in fact, on September 2009, **received, accepted, retained, kept and never**

6  **returned plaintiff payments of $1,912.82**. [7]

7        52.    On or about February 2010, seven months after the refinance which

8  plaintiff only purpose was to lower his monthly mortgage payments and interest, to plaintiff

9  shock.  Plaintiff received a letter from BACHL stating that due to a shortage in escrow,

10 Plaintiff mortgage monthly payments were going to increase to $2,145.35, by then Plaintiff

11 had ceased making payments to BACHLS, and BACHL already have send Plaintiff, on or

12 about in January 2010, a Spanish notice of acceleration letter threaten to accelerate all the

13 payments due, if Plaintiff did not pay his debt on or before February 05, 2010.

14        53.    On or about February 17, 2010, Plaintiff mailed a Debt Validation letter per

15 the FDCPA 15 USC 1692 et seq. and the Rosenthal Fair Debt Collection Practices act

16 1788.17, to BAC Home Loans Servicing LP. disputing the alleged debt.

17        54.    On or about February 28, 2010, Plaintiff received a letter from BACHLS,

18 affirmatively stating in writing that, the owner of Plaintiff loan was GINNIE MAE, and

19 further assured Plaintiff that, BANA services the loan on behalf of the Owner. A, correct

20 and accurate copy of the two-page letter, from BANA affirmatively sating in writing that,

21 GINNIE MAE is the owner of the loan is attached hereto as Exhibit "6" and incorporated

22 herein by reference

23

24  [6]   If Plaintiff received a loan from New American Funding on or before July 17, 2009, as Paragraph 2 in
the note affirmatively states,  it completely contradict the final HUD form 92900A, dated July 22, 2009, in

25  which George Deek purportedly certified to a Government Agency HUD/FHA at Lender certificate page 4:
(a) The statements made in this application for insurance and in this **Certificate are true and correct**; (c)

26  **Complete disbursement of the loan has been made to the borrower**, or to his/her/creditors for his/her
account and with his/her consent; (d) **The Security Instrument  has been  has been recorded  and is a**

27  **good and valid first lien on the property**. ) The Security Instrument was not recorded
until July 29, 2009.

28

14

55.    Plaintiff never received before February 28, 2010, any NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS, from GINNIE MAE.

56.    On or about April 20, 2010, Recontrust Company N.A. mail to Plaintiff, Notice of Default and election to sale under the Deed of Trust dated April 20, 2010. In said Notice of Default, Recontrust represented to Plaintiff that it was acting as an agent for the beneficiary under the Deed of Trust dated 07/17/2009, executed by Plaintiff as Trustor, to secure certain obligations in favor of Mortgage Electronic Registration Systems Inc as the beneficiary. said notice of default lacked a name and the signature of the person who executed said notice.

57.    On or about April 30, 2010, Plaintiff received in the mail, a NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS dated April 26, 2010, from Bank of America Home Loans. Said Notice stated to Plaintiff that:

(1) BAC Home Loans Servicing, LP was the Servicer; that (2) the origination date of the loan was on 08/07/2009; (3) On, 04/02/2010, Plaintiff loan was transferred to the new creditor BAC Home Loans Servicing, LP.

58.    On or about April 27, 2010, Plaintiff mail to Recontrust Company a Debt Validation letter and a QWR in response to Recontrust Debt Validation letter dated April 20, 2010.

59.    On or about June 22, 2010, The law firm of Ruth Crabtree Olsen, P.S. on behalf of Recontrust Company N.A., mail a response to Plaintiff Debt validation letter

---

[7]    BACHL caused Plaintiff to make monthly mortgage payments that, were and will be considered underpayments, not full payments and not in accordance with the loan terms. BACHL or NAFINC, never informed Plaintiff that by making payments and continuing making payments in the amount of $1,912.82, his payments will be considered underpayments not in accordance with the loan documents, placing plaintiff in risk of default and been foreclosed upon, if continued to make monthly mortgage payments in the amount of $1,912.82. Whether Plaintiff continue to make timely payments or stop making monthly mortgage payments on the loan, plaintiff would end up in foreclosure and/or, at the end of the life of the loan, had plaintiff continued to make monthly mortgage underpayments of $1,912.82. He would it never be able to pay off the debt and would end up with an undisclosed final balloon payment of more than $25,000.00, which NAFINC and BACHLS, knew or should have known about it and choose to conceal this material fact at closing and/or after BACHLS received plaintiff first payments back in September 2009.

MONDRAGON FIRST AMENDED COMPLAINT

60.   dated April 27, 2010, informing Plaintiff among other things that, **the original creditor the payee on the note was New American Funding.** and attached, among other documents a copy of the note without any special or blank endorsements from NAFINC, to BANK OF AMERICA CRE HFS NHELOC.; BAC Home Loans Servicing L.P.; Bank of America N.A. or Ginnie Mae.

61.   On or about June 24, 2010, Wendy McKnight Vice President of Recontrust Legal Support mail a response to Plaintiff Debt validation/request for verification of the indebtedness about investor loan # 206358857. Said letter represented and Inform Plaintiff among other things that, **the original creditor of the underlying debt was New American Funding Inc.** A CALIFORNIA CORPORATION and, attached among other documents a copy of the note without any special or blank endorsements from NAFINC, to BANK OF AMERICA CRE HFS NHELOC.; BAC Home Loans Servicing L.P.; Bank of America N.A. or Ginnie Mae. **A, correct and accurate** copy of the one page letter from Wendy McKnight Vice President of Recontrust is attached hereto as **Exhibit "7"** and incorporated herein by reference.

62.   On or about September 2010, Plaintiff received in the mail a Notice of Trustee Sale, scheduling the sale of Plaintiff home for August 19, 2010, at 10:00 AM. At the Main Street entrance to the County court house in Riverside CA. without a name and without a signature. **A correct and accurate** copy of the Trustee Sale Notice is attached hereto as **Exhibit "8"** and incorporated herein by reference.

63.   Said Notice of Sale also contained, an unsigned Affidavit of mailing for Substitution of Trustee by Code dated 7/23/2010, sworn under penalty of perjury by Bryan Dyer declaring that; on 07/23/2010, by Certified and first class mail he deposited with the United States Mail copies of a Substitution of trustee attached to his unsigned affidavit to the Trustee of record.   **A correct and accurate** copy of the Affidavit of mailing for Substitution of Trustee by Code is attached hereto as **Exhibit "9"** and incorporated herein by reference.

64.   Bryan Dyer also sworn that the copy of the attached Substitution of Trustee

16

1  had been mailed prior to the recording thereof, in the manner provided in Section 2924b of
2  the Civil Code of California to all persons to whom a copy of the notice of default would be
3  required to be mailed by the provisions of said section.

4      65.   Furthermore, Brian Dyer affidavit affirmatively states in the upper right
5  corner in bold letters: THIS DOCUMENT IS BEING SENT TO YOU IN ACCORDANCE
6  WITH CIVIL CODE SECTION 2934a.

7      66.   Attached to Bryan Dyer Purportedly Affidavit was a Document Title
8  "SUBSTITUTION OF TRUSTEE". This document was also unsigned, undated and un-
9  notarized. This SUBSTITUTION OF TRUSTEE, lack the Public Notary signature of
10  Darlene R. Gomez; the date of the notarization; The date of the substitution took place
11  and the signature of the person who on behalf of BAC HOME LOANS SERVICING LP
12  FKA COUNTRYWIDE HOME LOANS SERVICING, LP., as the purportedly Beneficiary/
13  Investor; substituted the original Trustee on record Fidelity National Title Company for
14  Recontrust Company N.A. **A correct and accurate** copy of the unsigned, undated and
15  un-notarized SUBSTITUTION OF TRUSTEE is attached hereto as **Exhibit "10"** and
16  incorporated herein by reference.

17      67.   Furthermore, the attached "SUBSTITUTION OF TRUSTEE" attached to
18  Brian Dyer affidavit affirmatively states in the upper right corner in bold letters: THIS
19  DOCUMENT IS BEING SENT TO YOU IN ACCORDANCE WITH CIVIL CODE SECTION
20  2934. THE ORIGINAL OF THIS DOCUMENT HAS CONCURRENTLY BEING SENT FOR
21  RECORDING WITH THE COUNTY RECORDER.

22      68.   On or about August 02, 2010. Plaintiff received in the mail a letter from
23  Dilworth Paxson on behalf of BAC Home Loans Servicing LP. in response to Plaintiff QWR
24  correspondence dated April 27, 2010, and April 28, 2010. Adam L Blis on behalf of
25  Dilworth Paxson law firm and BAC Home Loans Servicing LP.; stated to Plaintiff that BAC
26  Home Loans Servicing LP, FKA Countrywide Home Loans Servicing LP, **was the current**
27  **owner of the Note**.

28      69.   On or about October 25, 2010. Plaintiff received in the mail a second letter

1  from Dilworth Paxson law firm on behalf of BAC Home Loans Servicing LP; in response to

2  Plaintiff correspondence dated July 27, 2010, among other things Philip A. Italiano on

3  behalf of BAC Home Loans Servicing LP.; stated to Plaintiff on page one in the last

4  paragraph Verification of Debt that Plaintiff loan is evidenced by a Note dated July 17,

5  2009, in the principal amount of $295,524.00. Executed by Borrower in favor of New

6  American Funding. a California Corporation and that, the loan is secured by a Deed of

7  Trust dated the same as the note and that the **current owner of the note was** BAC Home

8  Loans Servicing LP, FKA Countrywide Home Loans Servicing LP.; and attached among

9  other documents a copy of the Note **without any especial or blank endorsements from**

10  **NAFINC to**; BANK OF AMERICA CRE HFS NHELOC.;  BAC Home Loans Servicing L.P..;

11  Bank of America N.A.; Ginnie Mae or BAC Home Loans Servicing LP, FKA Countrywide

12  Home Loans Servicing LP.

13      70.  On December 20, 2010, within three years of the closing, Plaintiff timely

14  and validly exercised his right to rescind the July 17, 2009, loan transaction per 1635(a)(f).

15      71.  On December 20, 2010, Plaintiff wrote a brief rescission letter with

16  sufficient information to identified the loan transaction. Plaintiff provide a short reason for

17  his notice of rescission as: (NOTICE OF RIGHT TO CANCEL DEFECTIVE / NOT FULLY

18  COMPLETED. The creditor did not properly complete the appropriate model form or

19  substantially similar notice of rescission and expressly stating "I WISH TO CANCEL" (Step

20  One) Additionally, **Plaintiff also offers to tender**, by stating in the same letter the

21  following: Martin D. Mondragon is prepared to discuss a tender obligation, should it arise,

22  and satisfactory ways in which to meet any obligation it may exist. Please contact me as

23  soon as possible to complete the tender, based upon notification (562) 335-7876. Plaintiff

24  faxed his rescission letter to New American Funding Inc. (fax # 949 340-8371), and Bank

25  of America N.A. (fax # 1800 658-0395). **A correct and accurate** copy of the Plaintiff

26  rescission letter is attached hereto as **Exhibit "11"** and incorporated herein by reference.

27      72.  On 12/21/2010, the following date Plaintiff mailed a photocopy of the

28  December 20, 2010, faxed letter to, New American Funding Inc. principal business

1 | address at, 16808 Armstrong Ave. Irvine, CA.92614, and to the purported

2 | assignees/servicers, Bank of America N.A.; BAC Home Loans Servicing LP, and to the

3 | purported Trustee Recontrust Company N.A., notifying them of his wish to Rescind the

4 | Loan transaction.[8]

5 |    73. Bank of America N.A. and New American Funding Inc., received Plaintiff

6 | faxed notice on December 20, 2010. **A correct and accurate** copy of the Plaintiff cover

7 | fax rescission letter to BANA and NAF is attached hereto as **Exhibit "12"** and

8 | incorporated herein by reference.

9 |    74. Bank of America N.A. and New American Funding Inc., never responded,

10 | dispute or challenged the validity of Plaintiff right to cancel or Plaintiff, timely writing notice

11 | of rescission, within 20 days after they received Plaintiff notice, and no evidence to the

12 | contrary exist.[8]

13 |    75. On or about July 12, 2011. (*Despite the undisputed fact that*

14 | *the Deed of Trust was void ab-initio, null and unenforceable due*

15 | *to plaintiff notice of rescission*). Plaintiff received a letter in the mail from

16 | Bank of America Home Loans, representing to Plaintiff on page 1 of 4, that: effective as

17 | July 1, 2011, the servicing of home loans by BAC Home Loans Servicing LP. Transfers to

18 | its parent company Bank of America N.A., as July 4, 2011, the home loan account

19 | 206358857 is affected by this servicing transfer, in page 3 of 4, "**Fair Debt Collection**

20 | **Practices Act and State Notice"** stated: The Servicing of your home loan was

21 | transferred to Bank of America N.A., effective July 1, 2011, Bank of America N.A. is

22 | required by law to advise you of the following:

23 | _____

24 | [8] Because New American Funding Inc. and Bank of America N. A. fail to respond, dispute or

25 | challenged within 20 days of receipt Plaintiff notice of rescission. Plaintiff rescission was automatic

26 | precluding BANA and NDSC from conducting any foreclosure on the subject property, because the

moment Plaintiff placed his notice of rescission in the mail, the relationship obligations and rights

between creditor and Plaintiff changed, and one of the rights the creditor no longer possess, is the  right

27 | to declared Plaintiff in any actual default, record any foreclosure notices or foreclosed upon the subject

28 | property.

(2)   Debt Validation Notice:

(a)   The amount of the debt as July 04, 2011, you owed $335,013.15.

(b)   **The name of the creditor** to whom the debt is owed**:**

**BANA CIG HFI 1ST LIENS GOV REW**

Please note that **unless** Bank of America N.A. **is listed in 2(b)** as the creditor of your loan Bank of America N.A. **does not own your loan** and only services your loan on behalf of your creditor, subject to the requirements and guidelines of your creditor.

76.   Said letter expressly and affirmatively stated that: **Bank of America N.A. does not own Plaintiff loan** and BANA only services the loan on behalf of the **creditor, BANA CIG HFI 1ST LIENS GOV REW**, subject to the requirements and guidelines of the creditor. **A correct and accurate copy** of BANA letter admitting not been the creditor but a servicer is attached hereto as **Exhibit "13"** and incorporated herein by reference.

77.   On July 30, 2012, Plaintiff mail a letter to Heather Hill the escrow officer requesting various documents about escrow number 732289-HH. Plaintiff also asked Heather Hill to provide him with a true, correct and exact copies of the loan documents signed by Heather Hill or any documents bearing her signature as well as the name of the title underwriter. Heather Hill never responded to Plaintiff request.

78.   On August 08, 2012, **Despite the undisputed fact that the Deed of Trust was void ab-initio, null and unenforceable due to plaintiff notice of rescission.** Recontrust Company N.A. wrongfully foreclosed on Plaintiff home. Plaintiff was present at the Trustee's sale and made a public announcement notice "buyer beware" that, the Trustee knew there were contrary claims to title. No one bid on the property and the property was reverted to BANA.

79.   Shortly after on August 13, 2012, **Despite the undisputed fact that the Deed of Trust was void ab-initio, null and unenforceable due to plaintiff notice of rescission.** Christina Balandran, Recontrust Company N.A. employee, illegally and unlawfully conveyed Plaintiff legal title and rights in his real property to BANA, by executing a Trustee's Deed Upon Sale in violation of Cal Penal code 532(f), as evidenced

20

1  in the records of Riverside County Recorder Office under Doc # 2012-0391919, recorded

2  on 08/16/2012.

3        80.   On August 21, 2012, **Despite the undisputed fact that the Deed of Trust**

4  **was void ab-initio, null and unenforceable due to plaintiff notice of rescission**. Flor

5  Valerio as Assistant Vice President of Recontrust Company N.A. executed a second illegal

6  and fraudulent, Trustee's Deed Upon Sale, to **Correct a mistake in the legal description**

7  of the property contained in Deed of Trust, superseding the previous recorded Trustee's

8  Deed Upon Sale. Doc # 2012-0391919, in violation of Cal Penal code 532(f), in the

9  records of Riverside County Recorder Office under Doc # 2012-0403002.

10        81.   On or about September 2012, BANA, **Despite the undisputed fact that**

11  **the Deed of Trust was void ab-initio, null and unenforceable due to plaintiff notice of**

12  **rescission**. File a frivolous and meritless, Unlawful Detainer to evict Plaintiff.

13        82.   Plaintiff timely responded the Unlawful Detainer (U.D.) along with several

14  affirmative defenses, including his TILA rescission, Fraud Upon the Court and BANA

15  Unclean Hands. See **CASE No MVC1204601**

16        83.   Shortly after Plaintiff answered BANA U.D. On October 09, 2012, Georgia

17  Hernandez as Recontrust Company N.A. Asst Vice President and Flor Valerio as BANA

18  Vice President both executed, a **NOTICE OF RESCISSION of Trustee's Deed Upon**

19  **Sale,** with respect of the Deed of Trust instrument # 2009-0394714. The EXPRESS

20  PURPOSE of this rescission was to return title to the plaintiff, the status-quo-ante as

21  existed before the trustee's sale, as evidenced by the records of Riverside County

22  Recorder Office under Doc # 2012-0490825. Recorded on October 15, 2012. **A certified**

23  **copy** of the self-authenticated **Notice of Rescission of Trustee's Deed Upon Sale** is

24  attached hereto as **Exhibit "14"** and incorporated herein by reference.

25        84.   On October 11, 2012, Cheryl Lee, Recontrust Company N.A., Assistant

26  Vice President, acting as an agent for the Beneficiary under Plaintiff Deed of Trust

27  executed a "**NOTICE OF RESCISSION OF DECLARATION OF DEFAULT AND**

28  **DEMAND FOR SALE AND OF NOTICE OF DEFAULT AND ELECTION TO SELL"**. The

EXPRESS PURPOSE of this rescission was to give notice that Recontrust as the current Trustee, does thereby rescinds, cancel and withdraw said Declaration of Default and Demand for Sale and said Notice of Default and election to sale. **A certified copy** of the self-authenticated "**NOTICE OF RESCISSION OF DECLARATION OF DEFAULT AND DEMAND FOR SALE AND OF NOTICE OF DEFAULT AND ELECTION TO SELL".** is attached hereto as **Exhibit "15"** and incorporated herein by reference.

85.   On or about April 2013, Plaintiff file a judgment on the pleadings against BANA claims based on included but not limited, his TILA rescission, fraud upon the court, unclean hands.

86.   BANA dismissed immediately the Unlawful Detainer against Plaintiff without prejudice. BANA did absolutely nothing before it dismissed its frivolous and meritless U.D., or thereafter to seek a declaratory judgment against Plaintiff to end the adversity and the cloud on the title to the subject property, created by Plaintiff notice of rescission or, seek any relief against Plaintiff other than keep mailing Plaintiff false past due, monthly mortgage statements payments until late 2016.

87.   On or about November 2014. **Despite the undisputed fact that the Deed of Trust was void ab-initio, null and unenforceable, due to plaintiff notice of rescission**. Fidelity National Title Company, through a law firm of RCO lawyer by the name of Donna, informed Plaintiff that, BANA made a Title claim in Plaintiff property, and requested Plaintiff cooperation to sign a **"new"** Deed of Trust, **to correct the incorrect and inaccurate legal description** contained in the July 17, 2009, Deed of Trust and, Despite the undisputed fact that the Deed of Trust was void ab-initio, null and unenforceable due to plaintiff notice of rescission, threaten Plaintiff with a lawsuit if Plaintiff fail to cooperate.

88.   Plaintiff vehemently refused to cooperate and provide (as basis for his refusal to cooperate) a dated November 14, 2014, letter, explaining in detail Plaintiff defenses (TILA rescission) against any title claims made by BANA, as well as a request for conclusive evidence of rights and authority or under which rights and authority BANA

1  was acting, to force Plaintiff to cooperate to reformed the ***void*** (sic) Deed of Trust. **A true,**
2  **correct and accurate copy of first letter** is attached hereto as **Exhibit 16"** and
3  incorporated herein by reference.

4      89.  Donna fail to produce any copy or evidence of any Check, cashier check,
5  wire transfer or any other method as evidence from NEW AMERICAN FUNDING, in the
6  amount of $295,524 or the certified copy of the note with all the intervening assignments
7  as requested by plaintiff. Plaintiff proceed by mailing NOTICE OF DEFAULT AND GOOD
8  FAITH INTENT TO CURE and third letter of, DEFAULT AND ESTOPPEL BY
9  ACQUIESCENCE, mailed by Plaintiff on January 12, 2015, and on April 07, 2015, which
10 were un-answered by BANA or Donna. **A true, correct and accurate copy of second**
11 **letter** is attached hereto as **Exhibit 17"** and incorporated herein by reference.

12     90.  **Plaintiff third and final letter** demanded from BANA, producing
13 documents that purportedly entiled BANA to reform the, "VOID" null invalid and
14 unenforceable Deed of Trust, and stated that if any of the parties identified in the third
15 letter fail to respond or remained silence, it will be take it as, BANA lack of any rights and
16 interest, in the subject property. Neither BANA nor Donna provide an actual response to
17 Plaintiff second and third letter and remained silence. **A true, correct and accurate copy**
18 **of third letter** is attached hereto as **Exhibit 18"** and incorporated herein by reference.

19     91.  On December 2015, **Despite the undisputed fact that the Deed of Trust**
20 **was void ab-initio, null and unenforceable due to plaintiff notice of rescission,** BANA
21 without any right or authority to substitute the original Trustee or the Trustee of record,
22 Recontrust Company N.A. and, illegally and improperly replaced Defendant NDSC as
23 Trustee, and initiated foreclosure proceedings against the subject property, and filed a
24 second Notice of Default and a second Substitution of Trustee without correcting the
25 mistake in the legal description of the property contained in the Deed of Trust.

26     92.  On November 27, 2015, **Despite the undisputed fact that the Deed of**
27 **Trust was void ab-initio, null and unenforceable due to plaintiff notice of rescission;**
28 Caroline Galante as assistant Vice President of Bank of America N.A., in contravention of

1   the express language in the Deed of Trust paragraph 20, illegally and improperly Executed

2   a purported, SUBSTITUTION OF TRUSTEE, improperly replacing National Default

3   Servicing Corporation as new Trustee under the Deed of Trust, purportedly in the manner

4   provided in Deed of Trust, as evidenced in the records of Riverside County Recorder

5   Office under Doc # 2015-0528946, recorded on December 04, 2012..

6        93. On December 03, 2015, **Despite the undisputed fact that the Deed of**

7   **Trust was void ab-initio, null and unenforceable due to plaintiff notice of rescission**

8   Brenda Morrison as Trustee sale representative of Assistant Vice President of NDSC, as

9   Trustee for Bank of America N.A., without any rights and authority, illegally executed a

10   NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST. Said notice

11   of default falsely stated and misrepresented that, NDSC was either the original trustee; the

12   purportedly dully appointed substituted trustee or acting as agent for the trustee

13   beneficiary under plaintiff deed of trust dated July 17, 2009.

14        94. Furthermore, this notice falsely states that a breach of, and default in, the

15   obligations for which plaintiff deed of trust is security has occurred in that payment has not

16   been made and that plaintiff debt amount was $158,963.07 as of 12/03/2016 and will

17   increase until plaintiff account becomes current: FAILURE TO PAY THE INSTALLMENT

18   OF PRINCIPAL, INTEREST, AND IMPOUNDS WHICH BECAME DUE ON 11/01/2009

19   AND ALL LATE CHARGES; PLUS, ADVANCES MADE AND COST INCURRED BY THE

20   BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR

21   ATTORNEY'S FEES. And That by reason thereof, the present Beneficiary under such

22   Deed of Trust has executed and delivered to duly appointed Trustee such Deed of Trust

23   and all documents evidencing obligations secured thereby, and has declared and does

24   hereby declare all sums secured thereby immediately due and payable and has elected

25   and does hereby elect to cause the trust property to be sold to satisfy the obligations

26   secured thereby.

27        95. Additionally, attached to this notice of default was, a CALIFORNIA

28   DECLARATION by Latasha Danielle Smith Servicing Specialist of BANA, declaring that

1    she review BANA business records maintained in ordinary course of business, and having

2    personal knowledge of the contents of those records, reflect that BANA has contacted

3    plaintiff to assess his financial situation and explore options for plaintiff to avoid

4    foreclosure in accordance with California Civil Code § 2923.55(b)(2). As evidenced in the

5    records of Riverside County Recorder Office under Doc # 2015-0528947, recorded on

6    December 04, 2012.

7          96.   On January 06, 2016, Plaintiff mail a letter to Lisa white, giving actual and

8    direct notice of his TILA rescission claims. [9]

9          97.   Shortly after on January 2016, **Despite the undisputed fact that the**

10   **Deed of Trust was void ab-initio, null and unenforceable due to plaintiff notice of**

11   **rescission.** BANA filed a frivolous and meritless lawsuit against Plaintiff in Superior Court,

---

12

13   [9]       I, Martin D. Mondragon make this good faith Offer of Performance with sincere intent to give:
     BANK OF AMERICA N.A Debt Collector and its Debt Collector employees: Lisa White, Agustina Aguilar,

14   Susan Perez; NATIONAL DEFAULT SERVICES CORPORATION a private debt collector's agents of BANK OF
     AMERICA N.A.  and its employee's; Brenda Morrison, Janyce Reynolds; BLANK ROME LLP a private debt

15   collector's agent of BANK OF AMERICA N.A; Jonathan K Moore. an Associate Attorney from BLANK ROME
     LLP a private debt collector's agents of BANK OF AMERICA N.A.

16   I, Martin D. Mondragon make this good faith Offer of Performance with sincere intent to give:

17   BANK OF AMERICA N.A Debt Collector and its Debt Collector employees: Lisa White, Agustina Aguilar,
     Susan Perez; NATIONAL DEFAULT SERVICES CORPORATION a private debt collector's agents of BANK OF

18   AMERICA N.A.  and its employee's; Brenda Morrison, Janyce Reynolds; BLANK ROME LLP a private debt
     collector's agent of BANK OF AMERICA N.A; Jonathan K Moore. an Associate Attorney from BLANK ROME

19   LLP a private debt collector's agents of BANK OF AMERICA N.A. a fair consideration and ample opportunity

20   to WITHIN 21 DAYS OF RECEIPT OF THIS LETTER to cease and desist any foreclosure proceedings in my
     Real Estate Property and immediately cancel the Defective, Void, Deed of Trust pursuant to TILA and the

21   defective, Void, invalid Notice of Trustee Sale and Election to Sale and refrain from filling any more

22   foreclosure Notices and/or Documents in connection with my real estate Property as well as any attempts
     to wrongfully, unlawfully and illegally complete any Trustee Sale in my real Estate Property under a, Void

23   Power of Sale contained in the Deed of Trust in connection with my Principal Real Estate Property.

24   Failure to complied with my request/demand will be taken as your knowingly, willingly malicious intent to
     slander my character and malicious clouding of my superior title

25   Additionally Failure to comply with my demands within 21 days after receipt of this Demand Notice
     remain silence, and or continue with any attempt to foreclose on my Real Estate Property will be deemed

26   BANK OF AMERICA N.A [*and all and any parties debt collectors who decide to ride with BANK OF AMERICA*
     *N.A. bandwagon after the 21 days stated in this letter*] Tacit ACQUIESCENCE agreement to compensate

27   me for any out of pocket cost and legal expenses, I had incurred or will incurred in order to defend and
     enforce my protected rights under State and Federal Laws

28

1   seeking relief under three causes of action (1) Reformation of the Deed of Trust; (2) Quiet

2   Title and (3) Declaratory Relief, which Plaintiff timely and properly removed to a federal

3   jurisdiction after answering and filing his affirmative defenses just like he did in the

4   Unlawful Detainer back in September 2012.

5         98.   On January 11, 2016, Plaintiff call NDSC and engaged in a phone

6   conversation that lasted approximately 10 to 18 min with Janyce Reynolds  an employee

7   of NDSC,  on the same day Plaintiff fax a letter to Joyce, the purpose of said letter was to

8   memorialized the phone conversation in which Plaintiff stated that, he had timely and

9   properly rescinded the loan transaction, about BANA second attempt to wrongfully

10  foreclosed on the subject property his various cease and desist letters to BANA and his

11  good faith attempt to avoid naming NDSC as a defendant, if NDSC move forward  and

12  complete the foreclosure. Plaintiff end it his letter by warning Joyce Reynolds not to rely in

13  Bank of America and to proceed with due diligence to avoid any pitfall.

14        99.   **Despite the undisputed fact that the Deed of Trust was void ab-initio,**

15  **null and unenforceable due to plaintiff notice of rescission and Plaintiff cease and**

16  **desist leters**, on January 2016, BANA counsel Donna, without any conditional privileged

17  ilegally, falsely and maliciously executed and recorded with the Riverside Recorder office

18  a lis pendens against the subject property and up until today it remained clouding plaintiff

19  title to the subject property.

20        100.  Plaintiff timely answered the lawsuit and, to prevent BANA from dismissing

21  this second, frivolous and meritless lawsuit against plaintiff, just as easy as it did in State

22  Court back in 2013, with the unlawful detainer. Plaintiff removed the case to a federal

23  jurisdiction to force and compelled BANA to litigate the merits, of its frivolous and meritless

24  claims against plaintiff. (**BANA never did and, end up dismissing the case**) *See*, **CASE**

25  **No  EDCV 16-313-JFW (SPx)**

26        101.  BANA, alleged in its first cause of action as grounds for a reformation of

27  the Deed of Trust that; the legal description of the encumbered property as referenced

28  under the deed of trust **mistakenly states "Northeasterly line of said Lot, 73, feet"**

1    **[sic], whereas it should read "Northeasterly line of said lot 75 feet.**

2    102.  Plaintiff admitted BANA allegations about the incorrect legal description

3    and deny, the majority of BANA frivolous claims, and raised various affirmative defenses

4    identical to the ones he raised, back in September 2012, specifically, Plaintiff **TILA**

5    **rescission, unclean hands; fraud upon the court, legal standing, SOL. and Latches,**

6    which BANA utterly failed to refute or proved any of Plaintiff affirmative defenses were

7    legally insufficient, forcing BANA to dismissed the case.

8    103.  Shortly after plaintiff removed the case, the court order both parties to filed

9    per Rule 26 f, a joint Report. Plaintif and BANA complied with the court order and without

10   a hearing, the court order both parties to a private mediation and give a dateline to tried to

11   resolved the case. Even though, Trial date was set for November 2016, and despite

12   Plaintiff willingness to settled, BANA refused to obey the court order and refused to

13   mediate.

14   104.  On July 18, 2016, BANA counsel send an e-mailed to Plaintiff to informed

15   BANA intentions to dismissed the case. After various back and forth exchanged e-mails,

16   Plaintiff and BANA agreed to a dismissal of the case with prejudice, but due to a language

17   BANA counsel wanted to include in the stipulation for dismissal with prejudice that, Plaintiff

18   didn't think suitable. BANA file a dismissal without prejudice and, on August 2016, the

19   court granted BANA dismissal.

20   105.  Despite BANA undeniable direct and personal knowledge of Plaintiff

21   affirmative defenses, specially Plaintiff TILA rescission letter and the fact that, the Deed of

22   Trust  that, BANA wanted to disingenuously reform but couldn't, because as operation of

23   law  the Deed of Trust was void  ab-initio, null invalid of no force or effect against the

24   subject property and despite the fact that, the incorrect legal description contained in the

25   Deed of Trust pertaining to the subject property was never corrected. Shortly after the

26   court granted BANA, dismissal of its frivolous and meritless lawsuit against plaintiff. On or

27   about September 2016, (four years after the Unlawful Detainer) BANA and NDSC illegally

28   recorded another false and malicious notice of trustee sale, scheduling Plaintiff home to

1  be sold at a non-judicial foreclosure auction in Corona Ca. at 9:00 am on November 30,
2  2016.

3        106. On or about November 20, 2016, Plaintiff call BANA and talk to one of
4  BANA representative, and request a face to face interview pursuant to HUD guidelines in
5  Title 24 Section 203.604 (b). BANA employee told plaintiff that, there was no such a thing
6  as a face to face interview or meeting and that, the only thing BANA can offer plaintiff, as
7  far as an interview was, a phone call interview within 14 days but, no face to face
8  interview. Despite plaintiff insistence for a face to face interview, pursuant to applicable
9  HUD guidelines he end up only with a phone call appointment to take place at the
10 beginning of December 2016. BANA never call plaintiff with the promised phone call
11 interview, because illegally unlawfully and wrongfully foreclosed plaintiff home on
12 November 30, 2016.

13       107. On November 29, 2016, Plaintiff call BANA and NDSC around noon and
14 attempt to stop them from moving forward with the sale of his home by stating that, the
15 Deed of Trust was no longer valid and enforceable, due to Plaintiff rescission notice, and
16 remind NDSC employee that, Plaintiff mail them a copy of his notice of rescission to
17 NDSC back in November 2015. NDSC employee acknowledged and confirmed that NDSC
18 received Plaintiff copy of notice of rescission letter and that, they forwarded to BANA and
19 that, the only way they could stop the sale is, if BANA instructed them to do so.

20       108. Plaintiff threaten NDSC and BANA with a lawsuit if they move forward with
21 the sale. So, he prepared his lawsuit and the next day (date of sale) Plaintiff faxed a copy
22 of the lawsuit (before filing it) to NDSC along with a dispute letter challenging the validity
23 and enforceability of the Deed of Trust and the Trustee sale, again threaten them with a
24 lawsuit if the move forward with the sale. **A true, correct and accurate copy of third**
25 **letter** is attached hereto as **Exhibit 19"** and incorporated herein by reference.

26       109. Around 9:00 am. on November 30, 2016, plaintiff file his lawsuit. Plaintiff
27 good faith attempts to stop the sale and drag defendants BANA and NDSC to court fall in
28 deaf ears and were ignored by BANA and NDSC. Because on Noveber 30, 2016, Plaintiff

1    home was listed as auction property #233.

2    110. Just as he did back in August 2012, the first-time BANA wrongfully

3    foreclosed plaintiff home. Plaintiff was present at the trustee's sale and seconds before the

4    auction begin, Plaintiff stood in front of the room where the auction took place, and made

5    the following Public announcement:

6

7    TO ANY BUYERS BIDDING AT PROPERTY AUCTION # 233.THIS IS YOUR ACTUAL, DIRECT AND
     PERSONAL PUBLIC NOTICE, BUYER BEWARE YOU ARE ABOUT TO BID ON A WRONGFUL TRUSTEE

8    SALE. IF YOU ARE THE WINNING BIDDER, YOU WILL LOSE YOUR BONAFIDE PURCHASE FOR VALUE
     STATUS. IF YOU BUY THIS PROPERTY, YOU WILL ALSO BUY MY CLAIMS AND WILL BE ADDED AS A

9    DEFENDANT IN THE FEDERAL LAWSUIT I FILED THIS MORNING AGAINST THE TRUSTEE AND THE
     LENDER YOU ARE BEEN PUT ON NOTICE ATTE: HOMEOWNER OF PROPERTY LISTED AS AUCTION #233.

10

11   111. Despite Plaintiff public announcement, the auctioneer move forward with

12   the auction around 2:00 pm. with an at opening bid of $205, 000.00. Once again just as

13   happen back in August 2012, nobody place any bid in the auction #233, the auctioneer

14   made a bid for BANA of $291,920.00 and reverted Plaintiff home to BANA.

15   112. Shortly after the illegal, unlawful and wrongful trustee sale, BANA latest

16   bad faith actions, behavior and conduct against Plaintiff was to, attempt to auction Plaintiff

17   home on the internet, aimed to unsuspecting bonafide purchaser for value online bidders,

18   in order to prevent Plaintiff, from warning any online potential bonafide bidders of his

19   Federal lawsuit against the Defendants.

20   113. Plaintiff learned about the internet auction because on December 26, 2016,

21   a couple knocks in front of Plaintiff door, and asked Plaintiff if he knew that, his home was

22   going to be sold in an internet online auction, on January 02, 2017. Plaintiff thought they

23   were wrong, and informed them about his lawsuit and claims against BANA and NDSC,

24   for wrongfully foreclosed on plaintiff home, they were surprised about it and said that, they

25   were not going to place any bid on the property.

26   114. Currently, Plaintiff home is advertised to be auctioned at some unknown

27   time with AUCTION.COM, under the COMING SOON remarks. See.

28   https://www.auction.com/details/5124-jones-avenue-riverside-ca-92505-2310229-o_922

MONDRAGON FIRST AMENDED COMPLAINT

1           **FACTUAL ALLEGATIONS**

2           115. Plaintiff claims that Defendant, NEW AMERICAN FUNDING and

3   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. Attempted to procured

4   and create and did in fact procured and created (unbeknownst to plaintiff), a false and

5   illegal security instrument/document (Deed of Trust) that, they knew or should have known

6   contain a deliberate misstatement, misrepresentation, and omission of material fact, by

7   causing said document to be recorded with the Riverside County Recorder office, in

8   violation of included but not limited, Cal Penal Code 532(f); because said Deed of Trust is

9   usurping and  impersonating and using the dba and LEGAL CORPORATION name of

10  Mingh Uyen Nguyen "NEW AMERICAN FUNDING INC, without his personal knowledge,

11  consent or authorization, as they have done it in the past, hundreds if not thousands of

12  times from 2006, until late 2010, nationwide, said instrument/document did not comply

13  with California's statutory and common law mortgage requirements in violation of included

14  but not limited **Article 2. Consumer Loan Penalties Section 22750.**

15          116.  Furthermore, BANA and NDSC, used said document as grounds said

16  Deed of Trust, to illegally, unlawfully and wrongfully conducted a non-judicial foreclosure

17  on the subject property, in which they have no colorable title, rights or authority, no valid

18  and enforceable interest and/or rights and continue to have no valid and binding interest

19  and/or rights in the subject property, and have caused Plaintiff included but not limited,

20  irreparable harm, injury in fact, actual and general damages, emotional distress and

21  economic damages.

22          117.  Plaintiff heavily relied in the recent unanimous Jesinoski Supreme Court

23  case and on the following vacated judgments petition for a writ of certiorari granted.

24  Judgment vacated, and cases remanded to the United States Court of Appeals for further

25  consideration in light of Jesinoski v. Countrywide Home Loans,574 U. S. ___ (2015).

26          2015     CERTIORARI SUMMARY DISPOSITIONS

27          13-705    KEIRAN, ALAN, ET AL. V. HOME CAPITAL, INC., ET AL.

28          13-884    **TAKUSHI, ROCKY F. V. BAC HOME LOANS SERVICING**

1    (Shortly after BAC Home Loans settled the lawsuit with Mr. TAKUSHI)

2    13-1526   PETERSON, GARY R., ET UX. V. BANK OF AMERICA

3    to support his factual claim for TILA Rescission Relief Declaratory judgment and injunctive

4    relief requested.

5    118.  Plaintiff claims that, BANA and NDSC had knowingly, willingly, created and

6    fabricated, unlawfully and illegally false, malicious and fraudulently documents and

7    illegally, unlawfully and fraudulently recorded the following documents with the Riverside

8    County Recorder's Office, to create a false and malicious evidence, that these documents

9    are lawful valid documents against the subject property without basis in truth in violation of

10   (including but not limited), California Penal Code §§ 115.5 and 532(f)(a)(4), to illegally,

11   unlawfully, fraudulently and wrongfully foreclosed plaintiff home on November 30, 2016.

12   1.  A Notice of Default and Election to Sell Under Deed of Trust, dated 12/03/2015

13       and recorded on 12/04/2015 in Instrument No. 2015-0528947

14   2.  A Substitution of Trustee, dated 11/27/2015 and recorded on 12/04/2015 in

15       Instrument No. 2015-0528946

16   3.  A Notice of Trustee's Sale, dated 09/26/2016 and recorded on 09/28/2016 in

17       Instrument No. 2016-0421786

18   4.  A Trustee's Deed Upon Sale dated 12/05/2016 and recorded on 12/07/2016 in

19       Instrument No. 2016-0542911.

20   119.  And last but not least a disingenuous, **CORRECTIVE TRUSTEE'S DEED**

21   **UPON SALE**, dated 12/29/2016 and recorded on 01/03/2017 in Instrument No. 2017-

22   0000195. To improperly correct the incorrect legal description contained in the Deed of

23   Trust that BANA couldn't do legally and decide to do it illegally. It is undisputed that to

24   properly correct the legal description in the Deed of Trust, the Deed needs to be void and

25   Plaintiff need to sign another Deed of Trust, but BANA cut corners by wrongfully

26   foreclosed on the subject property without correcting the legal description, then

27   disingenuously record a Trustee's Deed Upon Sale containing the incorrect legal

28   Description and a few days later record a corrective Trustee's Deed Upon Sale.

120. Plaintiff claims that, BANA and NDSC, knowingly, willingly, created and fabricated, unlawful, illegal false, malisious, fraudulently and misleading documents in the Riverside County Recorder Office as fully explained above, which constitutes an unlawful business practice in violation of included but not limited UCL 17200 et seq, and California Penal Code §§ 115.5 and 532(f)(a)(4), which states in part

"Every person who files any false or forged document or instrument with the county recorder which affects title to, places an encumbrance on, or places an interest secured by a mortgage or deed of trust on, real property consisting of a single-family residence containing not more than four dwelling units, with knowledge that the document is false or forged, is punishable, in addition to any other punishment, by a fine not exceeding seventy-five thousand dollars ($75,000)." Cal. Pen. Code § 115.5(a). "A person commits mortgage fraud if, with the intent to defraud, the person . . . [f]iles or causes to be filed with the recorder of any county in connection with a mortgage loan transaction any document the person knows to contain a deliberate misstatement, misrepresentation, or omission." Cal. Pen. Code § 532(f)(a)(4).

121. It appears that BANA and NDSC think they are above the law, or that the laws does not apply to them, because since they couldn't take plaintiff home legally and legally correct the incorrect description contained in "VOID" Deed of Trust. They decide to revive and resuscitated the "VOID" Deed of Trust, in the subject property to illegally and unlawfully take plaintiff home and fix the legal description in the subject property in a blatantly, egregious and complete disregards of plaintiff rights and State and Federal law statutes, in violation of included but not limited Section 2924.12, subdivision (b) pursuant to section 3281, resulting in material violation of section 2917.17 (a)(b) for failure to correct and remedied the violation prior to the recordation of the Trustee's Deed Upon Sale, dated 12/05/2016 and recorded on 12/07/2016 as Instrument No. 2016-0542911 and the **CORRECTIVE TRUSTEE'S DEED UPON SALE**, dated 12/29/2016 and recorded on 01/03/2017 as Instrument No. 2017-0000195. with the Riverside County Recorder Office.

122.   Plaintiff averts and asserts, that, BANA and DOES 1-10, are not a Holder(s) in due course and do not hold any Bonafide Purchased for Value status because they took title to Plaintiff real property with actual, direct personal knowledge of Plaintiff claims and disputes; before the illegal and fraudulent trustee sale occurred and before NDSC unlawfully conveyed to BANA title to the subject property on 12/07/2016.

123.   Plaintiff averts and asserts that BANA, NDSC and DOES 1-10, through the auctioneer AUCTION.COM, wrongfully, illegally and unlawfully and without any valid legal rights, authority or power, foreclosed Plaintiff Home on November 30, 2016. in Corona California around 2:00 pm, despite the undisputed fact that, Plaintiff has timely and validly exercised his Federal Right to rescind within the time frame allowed by the statute, in a manner and in accordance with TILA provisions 1635 (a) and 226.23 et seq; effectively Voiding the Security Instrument Document No 2009-0394714, and rescinded the loan transaction by mailing and providing BANA, written notice of Plaintiff Actual Express Notice of Rescission on December 20, 2010, via fax and via Mail.  per 1635(a)(b)

*Once the loan is rescinded, the security interest or lien becomes automatically void, by operation of law. 15 USC §1635(b); Reg Z §§226.15(d)(1), 226.23(d)(1). The note also is voided. The lender's interest in the property is "automatically negated, regardless of its status and whether or not it was recorded or perfected". Official Staff Commentary §§226.15(d)(1)-1, 226.23(d)(1)-1.*

124.   Plaintiff claims material violation of section 2924.17, subdivision (b) the HBOR's accuracy requirements for foreclosure documents by BANA and NDSC.

125.   At all times relevant to this case subsequent to the closing date and during the period of July 2009 through December 2015, third party entities had claimed to Plaintiff via regular mail; either a right to received payments from Plaintiff, the right to accelerate all payments that were due on the  Note and/or Deed of Trust the right to declared the Note and/or Deed of Trust in Default, the right to take adverse actions against Plaintiff through including but not limited; the right to enforce the note and/or Deed of Trust through foreclosure, foreclosure sale, eviction from the property and the right to filed two lawsuits

1   against Plaintiff one in Superior State Court on September 2012 (**Unlawful Detainer**), and

2   the Second on January 2016 (**futile, Reformation of the Deed of Trust**) . These lawsuits

3   against Plaintiff were dismissed by BANA without prejudice, instead of amend and seek

4   declaratory judgment against Plaintiff to challenged Plaintiff right to cancel.

5         126. **Notably**, none of these judicial actions by BANA, ever seek Declaratory

6   relief to dispute and challenged Plaintiff notice of rescission or Plaintiff valid right to cancel.

7   It is difficult to believed that, a multimillion giant Corporation like BANA, has been hold and push

8   back by a small Homeowner without a lawyer, with nothing but his good faith efforts to protect

9   and defend his interest in the subject property and his home and save his family, from end up

10  homeless in the street and became one more statistic of homeless Homeowners, victims of BANA

11  unfair and deceptive business practices, as it has happened in the past. It appears that BANA

12  think that, just because Plaintiff, is defending himself and does not have a lawyer, BANA can get

13  away with its unfair, unlawful and fraudulent business practices.

14        127. Plaintiff claims that: all times relevant to this instant action, after the

15  Closing date. Plaintiff has received more than three, NOTICES OF ASSIGNMENTS,

16  SALE. OR TRANSFER OF SERVICING RIGHTS, of the Note and Deed of Trust creating

17  a significant confusion and plaintiff is not sure and does not know the true identity of what

18  entity actually owns or holds or is the Person Entitled to Enforce ("PETE") the Note and

19  the Deed of Trust (if any).

20        128. Plaintiff has not been able engage, in meaningful loss mitigation under

21  HUD guidelines programs that, have been established by the Federal Government to

22  protect borrowers like plaintiff., Plaintiff has not been able to identify with certainty, despite

23  his several efforts since December 2010, until the date of this action to find out who is the

24  real interest party to whom he can tender back the net proceeds pursuant to 1635(b) (if

25  any). Despite this fact Plaintiff has offerd to tender to BANA but BANA ignored the tender.

26        129. Plaintiff has been actively involved trying to end the living nightmare that,

27  he and his family have been living since on or about 2010, by BANA actions and inactions,

28  but due to BANA, and its agents conflicting stone walling and confusing information

1   provided to Plaintiff. Plaintiff has not been able to uncover the full extent of the web of lies
2   and deception and concealment of the true terms of the loan transaction he has been
3   subject to, despite Plaintiff several QWR, Debt Validation Letters; Beneficiary Statements,
4   Disputes of the Validity and enforceability of the Security Instrument (Deed of Trust)

5        130.   Plaintiff has not been able to fully discovered all the material violations and
6   facts of the July 17, 2009, transaction under loan Number BV 698520.

7        131.   Plaintiff claims that, Bank of America N.A., is not the lender or beneficiary
8   identified in the note or the Security Instrument (deed of trust).

9        132.   The Riverside County Recorder Office is devoid of any conclusive records
10  or evidence of any effective and valid Assignment of the Deed of Trust, specifically naming
11  BANK OF AMERICA N.A., in the subject property.

12       133.   Plaintiff lack any direct personal knowledge of exactly when, how or from
13  whom Plaintiff note was negotiated and transferred from the New American Funding Inc.
14  to BANK OF AMERICA CRE HFS NHELOC; to BAC Home Loans Servicing LP., to Bank
15  of America N.A.; to Ginnie Mae and to BANA CIG HFI 1ST LIENS GOV REW. BAC Home
16  Loans Servicing L.P FKA Countrywide Home Loans Servicing LP.

17       134.   At some unclear and unknown point and time and without any substantial
18  competent evidence. BAC Home Loans Servicing L.P., assert to subsequently became the
19  owner Holder and Beneficiary of Plaintiff Note  and the Mortgage Deed of Trust,

20       135.   At some unclear uncertain point and unknown exact time and from an
21  unknown party and without any substantial competent evidence, BACHLS, asserts to
22  purportedly negotiated plaintiff note and became the beneficial owner of plaintiff note and
23  mortgage Deed of Trust, originated by impostor NAFINC.

24       136.   At some unclear uncertain point and unknown exact time and from an
25  unknown party and without any substantial competent evidence, BANA, asserts to
26  purportedly negotiated plaintiff note and became the beneficial owner of plaintiff note and
27  mortgage Deed of Trust, originated by impostor NAFINC.

28       137.   From 2010 until 2014, Plaintiff has received in the mail due to his several

1   unsuccessful requests at least two different versions of the note, none of them contained
2   any special or blank endorsements from NEW AMERICAN FUNDING INC., to (1) BANK
3   OF AMERICA CRE HFS NHELOC; (2) BAC Home Loans Servicing LP., (3) Ginnie Mae;
4   (4) BANK OF AMERICA N.A. or; 5) BANA CIG HFI 1ST LIENS GOV REW; (6) BAC Home
5   Loans Servicing L.P FKA Countrywide Home Loans Servicing LP.

6       138.  Based on this factual pattern, it suggest the fact that more than one gap
7   and/or broken chain of title exist and no evidence of the contrary exist.

8       139.  BANA CIG HFI 1ST LIENS GOV REW, was the last purported creditor with
9   beneficial interest in Plaintiff note back in July 2011, and nowhere in of BANA and NDSC
10  foreclosure instruments or the records in the Riverside County Recorder office, names
11  BANA CIG HFI 1ST LIENS GOV REW, as such BANA and NDSC foreclosure notices,
12  Trustee Sale and the Trustee's Deed Upon Sale in the subject property are ineffective,
13  invalid, null not to mention the **incorrect legal description,** contained in the Deed of
14  Trust, and Plaintiff valid and timely rescission notice.

15      140.  Based on the aforementioned, it is undisputed or at least Plaintiff has
16  presented plausible allegations that, before and prior to November 30, 2016, around 2:00
17  p.m. in Corona California and thereafter, neither Defendants BOFA and NDSC and DOES
18  1-10, possessed any existing valid and enforceable rights, interest authority in the subject
19  property to legaly and lawfully carried on any foreclsure on the subject property.

20      141.  BACHLS and BANA have only provided Plaintiff in response to his several
21  requests for information in regards to the July 17, 2009 transaction, conflicting and
22  confusing information about the identity of the current and actual owner, holder of the note
23  or the Person Entitled to Enforce (P.E.T.E.) the note and the security instrument.

24      142.  Plaintiff **is not seeking** a free house nor Plaintiff is refusing to return any
25  money that, he may be legally required to return, nor Plaintiff refused or doesn't want pay
26  or can't pay the money that, the right creditor is legally entitled to received, once it can be
27  determine pursuant to the TILA rescission mechanism  the net, loan proceeds amount that
28  Plaintiff needs to tender back (if any) which Plaintiff is ready, willing and able to tender and

1   despite been excused from tender first, Plaintiff has offered to tender to BANA, verbally

2   and in writing but BANA, has refused to take back its purported property and willingly

3   choose to ignored the very simple remedy that congress vision, by enacting TILA in 1968.

4       143.  Although Plaintiff is not required to tender first, plaintiff makes through this

5   complaint a credible tender as follows: Plaintiff is ready, able and willing to tender any

6   amount owed to the creditor (once it could be identified) within a reasonable time. Plaintiff

7   has been fully employed with the same company for the last three years, and Plaintiff

8   credit fico score is around 750.

9       144.  Defendant BANA has direct personal knowledge of Plaintiff credit history

10  and fico score because on or about September 2016, requested Plaintiff credit report from

11  one or more of the three major credit bureaus (Equifax, Experian and Transunion), before

12  BANA made a $28,824.00 car loan to Plaintiff with a low APR. Under these facts

13  assurance to BANA. Plaintiff have various alternatives to tender back any money owed to

14  the right creditor in various ways by:

15          i.    **Tender by Third-Party Refinancing**.

16          iii.   **Tender Through Sale of the House.**

17          iv.   **Tender by refinance with creditor.**

18      145.  Unfortunately, Defendant BANA has refused to accept Plaintiff tender, fail

19  to take its purportedly property after plaintiff tender and have and tortuously interfered and

20  precluded Plaintiff from completing step THREE of TILA rescission.

21      146.  In fact, none of the three major credit bureaus Experian, Equifax and

22  Transunion nor BANA is reporting any derogatory items or foreclosure in Plaintiff credit

23  report. Plaintiff can easily refinance and complete step three of TILA rescission. Under this

24  reasonable factual pattern and circumstances.

25      147.  BANA refusal to accept Plaintiff tender offer is beyond any practical logic

26  and complete contradiction of Congress TILA intentions to make rescission fast, easy and

27  uncomplicated remedy, to return parties to the status quo ante, and courts favors and

28  grant rescission if the parties can be restored to their original positions prior to the

1   formation of the contract. which is all what Plaintiff wanted before BANA and NDSC
2   wrongfully foreclosed on the subject property.

3       148.  Especially when BANA has not received any money from Plaintiff for more
4   than six years, and while this fact may upset most the courts.

5       149.  Before this courts thinks that, plaintiff is a dead-beat homeowner that, has
6   living in his home without paying any money, this court needs to determined first if, TILA
7   1635(b) excused Plaintiff from paying anything to BANA. 15 U.S. Code § 1635 - Right of
8   rescission (b) which states in pertinent part: (b) Return of money or property following
9   rescission. When an obligor exercises his right to rescind under subsection (a), **he is not**
10  **liable for any finance or other charge, and any security interest given by the obligor,**
11  **including any such interest arising by operation of law, becomes void upon such a**
12  **rescission**. Within 20 days after receipt of a notice of rescission, the creditor shall return
13  to the obligor any money or property given as earnest money, down payment, or
14  otherwise, and shall take any action necessary or appropriate to reflect the termination of
15  any security interest created under the transaction. **If the creditor has delivered any**
16  **property to the obligor, the obligor may retain possession of it. Upon the**
17  **performance of the creditor's obligations under this section**, the obligor shall tender
18  the property to the creditor, except that if return of the property in kind would be
19  impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be
20  made at the location of the property or at the residence of the obligor, at the option of the
21  obligor. **If the creditor does not take possession of the property within 20 days after**
22  **tender by the obligor, ownership of the property vests in the obligor without**
23  **obligation on his part to pay for it**. The procedures prescribed by this subsection shall
24  apply except when otherwise ordered by a court.

25      150.  Plaintiff is relying in the plain language of 1635(b) to withhold and/or make
26  any payments to BANA, until BANA complied with its obligations and statutory self-implied
27  duties under 1635 (b) and since BANA has knowingly and willingly fail to take any action
28  to invalidate Plaintiff notice of rescission and, since nowhere in TILA and Regulation Z

1   requires or mandate Plaintiff to file a lawsuit, in fact all Plaintiff needs to do is mail his

2   valid notice of rescission within three years after the consummation of the transaction,

3   nothing more is required to do by Plaintiff not even file a lawsuit, until BANA complied with

4   1635(b) per the recent Supreme Court Jesinosky controlling unanimous decision.

5          151. Had BANA would have, within 20 days after or receipt Plaintiff notice of

6   rescission or thereafter, disputed, challenged and seek a Declaratory Judgment relief to

7   Plaintiff right to rescind or invalidate Plaintiff notice of rescission, BANA would have get

8   paid long time ago, but instead chose to sleep in its purportedly rights and let Plaintiff

9   notice of rescission go unchallenged, resulting in Plaintiff, keeping the purported loan

10  received from the transaction and not paying anything to BANA until and when BANA

11  complied with 1635(b)

12         152. A creditor like BANA situation, doesn't have wait to see whether or when

13  the borrower will sue because nowhere in 1635(a); (b); (f) or Regulation Z, did Congress

14  say a consumer had to file a lawsuit, and **nowhere in TILA et, seq and Regulation Z**

15  **et,seq**; is there a provision that, a consumer has to file a lawsuit in order to rescind within

16  certain period of time or lose its exercised right to rescind after that, a borrower is not

17  required to do nothing but wait until the creditor complies with 1635(b).

18         153. Thus, the burden of filing suit is not upon the borrowers but upon the

19  creditors if they believe a borrower's rescission is improper or invalid. that's why congress

20  did not set in TILA any time for borrowers to file a TILA rescission lawsuit, because

21  congress added in 1974 subsection (f) to the 1635 section so the creditor end the

22  adversity promptly.

23         154. Because the Purported Original Lender, failure to provide and/or delivered

24  "material disclosures" to Plaintiff within three business days, after their receipt of a written

25  application like (God Faith Estimate and Truth in Lending Disclosure) and failure to

26  provide/deliver Plaintiff with two proper and completed Notice of Plaintiff right to rescind at

27  closing. (The *date* of the transaction and, the *date* of the rescission

28  period commencement and ending, in the two Notices of Right to

39

1  Cancel giving to Plaintiff at closing, ***were left in blank***) By these
2  Noncompliance of the self-implied statutory duties by the purported Original Lender of the
3  Truth in Lending Act and Regulation Z. Plaintiff right to rescind the transaction as
4  operation of the Law were **"Extended and/or Toll"**; from 3 days to 3 years.

5    155. Plaintiff claims that BANA, Title to the subject property if *any* is an
6  "apparent title", because neither the Mortgage Note or The Mortgage Deed of Trust was
7  ever assigned in any manner to **GINNIE MAE; BANA CIGHFI 1ST LIENS GOV REW** or
8  **BAC HOME LOANS SERVICING LP** or to BANA, and because the Original Tangible Note
9  lack any especial or blank endorsement named, mentioned or identified, **GINNIE MAE;**
10 **BANA CIGHFI 1ST LIENS GOV REW** or **BAC HOME LOANS SERVICING LP.**

11    156. Plaintiff claim that the purported Original Lender New American Funding
12 Inc. failure to timely record an *Assignment of Deed of Trust* within 10 days of the sale and
13 transfer date of the Note to either GINNIE MAE; BANA CIGHFI 1ST LIENS GOV REW or
14 BAC HOME LOANS SERVICING LP FKA COUNTRY WIDE HOME LOANS SERVICING
15 LP or to BANA; squarely violated Cal. Bus and Prof. Code 10234(c).

16    157. Plaintiff claim that the purported Original Lender New American Funding
17 Inc. failure to timely record an *Assignment of Deed of Trust* within 20 days of the sale and
18 transfer date of the Note to either GINNIE MAE; BANA CIGHFI 1ST LIENS GOV REW or
19 BAC HOME LOANS SERVICING LP FKA COUNTRY WIDE HOME LOANS SERVICING
20 LP or to BANA; squarely violated California Commercial Code Section 9312 (h).

21    158. Plaintiff claims that, the language of Cal. Bus & Prof. Code 10234(c)'
22 California Commercial Code Section 9312 (h) and the Lack of evidence on file with the
23 Riverside County Recorder Office show that, it will be illegal for the purported original
24 Lender New American Funding, to direct and instruct MERS to record any "Assignment of
25 Deed of Trust" retrospectively; later than August 06, 2009, or thereafter; not to mention the
26 lack of any agency relationship agreements between the purported Non Legal Entity
27 original, Lender New American Funding and MERSCORP Holdings, Inc and/or Mortgage
28 Electronic Registration Systems. Because according to the MERS website, the first 7

MONDRAGON FIRST AMENDED COMPLAINT

1  digits: 1003763 of the MIN Number: 1003763-0000698520-2, contained in Plaintiff Note

2  and the Deed of Trust, identified an active MERS member, but. according with the MERS

3  website, the Member Corporate Org ID: 1003763 does not correspond or identified

4  "New American Funding A CALIFORNIA CORPORATION". as a MERS active member.

5  see, https://www.mersonline.org/mers/mbrsearch/validatembrsearch.jsp.

6      159. Plaintiff claims that, the purported original Lender New American Funding

7  Inc. fatal error in failing to acknowledged and record transfer of the Note and assignment

8  of the Deed of Trust pursuant to included but not limited California Commercial Code

9  Section 9312 (h) and Section 10234. (Amended by Stats. 1998, Ch. 26, Sec. 1.) Cite as:

10 Cal. Bus. & Prof. Code §10234 (c)), permanently separates the Note from the Deed of

11 Trust destroying the security instrument lien over the property.

12     160. Plaintiff claims that, any purportedly transfer of Plaintiff note and/or

13 assignment of deed of trust issued, executed and recorded in the Riverside County Land

14 of Records by MERS at any time after July 2009, occurred without ownership of the

15 underlying note, and this transfer was an attempted "cover up" of previous dubious

16 improper transactions by the above named parties and Defendants.

17     161. None of these purported purchases and transfers from all the parties

18 mantioned above, were ever efectively recorded with the Riverside County Recorder

19 Office  as required by Section 10234 and California Commercial Code Section 9312 (h).

20     162. Plaintiff claims that, the purported original Lender New American Funding

21 A CALIFORNIA CORPORATION identified in the note and Deed of Trust is not a Legal

22 Entity or an organized and existing DOMESTIC CALIFORNIA CORPORATION and on

23 that, is a SHAM/SHELL CORPORATION used to avoid paying IRS income and Corporate

24 Taxes and to hide revenue. **Attached hereto** and incorporated herein by reference as

25 **Exhibit "20"** a true and correct copies of two Screen Shoot from the Secretary of State

26 Website "Business Search" showing no Entity results for records of "NEW AMERICAN

27 FUNDING." or "New American Funding" and Plaintiff Bussines Entities Records request

28 form, to the California Secretary of State, on 05/21/2015. No results for      "NEW

41

1    AMERICAN FUNDING." or "New American Funding"

2        163.  Plaintiff alleges upon information and belief that, this non-Legal Entity "New
3    American Funding Inc"; sold, negotiated and transferred Plaintiff note and mortgagee
4    Deed of Trust seperatly and unlawfully sold, negotiated and transferred the Note, to
5    another party without recordation of acknowledgment of such of transfer, effectively
6    breaking the chain of title through separation of the Note and Deed of Trust, were these
7    instruments now have different owners.

8        164.  Plaintiff claims that, Defendants "cannot show proper receipt, possession,
9    transfer negotiations, assignment and ownership of Borrower's original Promissory Note
10   and Mortgage/Deed of Trust herein; therefore, none of the Defendants have perfected any
11   claim of title or security interest in the subject property Property and no evidence of the
12   contrary exist.

13       165.  Plaintiff claims that Defendants, specially BANA is/are not a Holder in due
14   course

15          **NAFINC, TILA MATERIAL VIOLATIONS OF 1635(a)(f)**

16             **(Against BANA, NAFINC and  DOES 1-10)**

17       166.  Plaintiff hereby re-alleges and re-states all previous paragraphs and each
18   and every part thereof with the same force and effect as though fully set herein. supra

19       167.  Plaintiff is not seeking TILA damages against Defendant BANA for NAFINC
20   TILA violations.

21       168.  Plaintiff claims that he did not received at closing any copy of the
22   documents he was directed to sign.

23       169.  Plaintiff claims, included but not limited that, Defendant NAFINC, failed to
24   deliver to Plaintiff all material disclosures required by the Truth in Lending Act and
25   Regulation Z, in a timely manner, including but not limited the GFE and the TILDS and,
26   two correctly and properly completed Notice of Plaintiff Right to Cancel as required under
27   15 U.S.C. § 1635(a) and Regulation Z § 226.23(b)(1)(v).

28       170.  Plaintiff, Martin D. Mondragon, entered in a loan transaction with NAFINC,

42

1   secured by a mortgage on his residence, and he left the closing without any copies of the

2   documents he executed. TILA 1635 (c) creates a rebuttable presumption of Delivery,

3   Plaintiff in good faith honestly believed to have effectively rebutted the presumption of

4   delivery with this verified complaint and with his attached declaration.

5          171.   Plaintiff loan was a residential mortgage loan subject to the Plaintiff's right

6   of rescission as described by TILA, 15 U.S.C. § 1635 and Regulation Z § 226.23.

7          172.   The transaction between Plaintiff and NAFINC, is subject to a finance

8   charge or is payable by a written agreement in more than four installment payments 15

9   U.S.C. § 1602(f).

10         173.   Plaintiff, Martin D. Mondragon, is a consumer within the meaning of the

11   TILA.  15 U.S.C. § 1602(h).

12         174.   Upon information and believe, Defendant New American Funding Inc., is a

13   creditor within the meaning of the TILA in that, it regularly extends or offer to extend

14   consumer credit. 15 U.S.C. § 1602(f).

15         175.   The credit transaction was secured by real estate, where Plaintiff resides

16   and is a dwelling within the meaning of 15 U.S.C. § 1640(a)(2)(A)(iii).

17         176.   Plaintiff averts and asserts that the bank officer charged with the duty of

18   filling out the Notice of Right to Cancel, for the tangible note, failed to fill in the date of the

19   transaction and the date on which the Plaintiff statutory right to rescind expired in the

20   notices given to Plaintiff, at closing because those dates were never filled in.

21         177.   Because of these material disclosures TILA violations, Plaintiff has a

22   conditional right to rescind his transaction until July 17, 2012, under 15 U.S.C. § 1635(a).

23   See....

24         Garcia v. Wachovia Mortgage Corp., 676 F. Supp. 2d 895, 901 (C.D. Cal. 2009)
         (failure to fill in rescission deadline extends rescission period. Rojo v. U.S. Bank,
25         2010 WL 1292280 (E.D. Wis. Mar. 29, 2010) (rescission period extended where each
         borrower received just one copy of rescission notice with deadline filled in; other
26         copy was blank); Mays v. U.S. Bank, 2010 WL 318537, at *5 (E.D. Cal. Jan. 20, 2010).

27         178.   NAFINC fail to provide Plaintiff with a `Notice of Right to Cancel' as

28

43

1  required by law,

2      179.  Plaintiff' statutory right to cancel remained extant and was validly exercised
3  by him on December 20, 2010, the effect of which was automatically to void, the mortgage
4  security instrument that, he had given to NAFINC as part of the loan transaction.
5  ["rescission occurs automatically when the obligor validly exercises his right to rescind" as
6  opposed to having to file a lawsuit]; Williams v. Homestake Mortgage Co. (11th Cir. 1992)
7  968 F.2d 1137, 1140 [agreement "automatically rescinded" when consumer notifies the
8  creditor of his intent to rescind]; see Lippner v. Deutsche Bank National Trust Co. (N.D.Ill.
9  2008).

10      180.  The Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790 (2015) and
11  Paatalo v. JPMorgan Chase Bank, 146 F.Supp.3d 1239 (D. Or. 2015). Concurs with
12  plaintiff factual and plausible allegations that the Deed of Trust is, as the operation of the
13  law VOID" ab-initio and under the TILA, both case law and governing regulations support
14  such a conclusion.

15      181.  Defendant NAFINC failure to deliver the requisite "material" disclosures
16  trigger TILA §1635(a)(f) violations under the Act and Regulation Z.

17      182.  Defendant BANA., claims to be a purported purchaser-owner, holder or
18  assignee of the tangible note and mortgage deed of trust, under 15 U.S.C. § 1641, BANA
19  and DOES 1-10 are liable to Plaintiff for:

20          a)  rescission of this transaction, including a declaration that Plaintiff is not
21      liable for any finance charges or other charges imposed by Defendant BANA and
22      DOES 1-10

23          b)  termination and cancellation of any security interest and all documents
24      in Plaintiff's property created under the July 17, 2009, transaction including all
25      the foreclosure and lis pendens instruments recorded in the Riverside County
26      Land of Records.

27          c)  return of any money or property to Plaintiff especially the original Note
28      and Deed of Trust given by the Plaintiffs to anyone involved, including the

1    Defendant;

2         d)  a declaration that it is inequitable for plaintiffs to tender any principal

3    balance of the loan after application of the market value of the property back in

4    2010, and any recognized benefit from the loan, due to defendant BANA's

5    conduct, actions, and inactions.

6         f) a declaration that the Trustee Sale and Trustee's Deed Upon Sale are

7    deemed void ab-initio, null, invalid and unenforceable.

8         WHEREFORE, Plaintiffs pray for judgment as set forth below.

9    **NAFINC, WILLFUL NON-COMPLIANCE OF 1635(b)**

10   **(Against BANA, NAFINC and  DOES 1-10)**

11   183.  Plaintiff hereby re-alleges and re-states all previous paragraphs and every

12   part thereof with the same force and effect as though fully set herein. supra.

13   184.  The right of rescission provided by TILA (15 U.S.C. § 1635) gives

14   borrowers an extended right to rescind within three years if the lender has failed to provide

15   to the borrower either the notice of rescission or accurate material disclosures. Prior to

16   Jesinoski, there was a circuit court split regarding whether, in order to exercise the

17   extended right of rescission, borrowers only had to provide written notice of rescission or

18   file a lawsuit within the three-year deadline. The Supreme Court in Jesinoski found that,

19   Section 1635 **"le[ft] no doubt that, rescission is effected when the borrower notifies**

20   **the lender of his intention to rescind,"** and that **"so long as [a] borrower notifies [the**

21   **lender] within three years after the transaction is consummated,"** the rescission is

22   timely. The Supreme Court noted that, "[n]othing in [TILA] suggests that a borrower need

23   also file a lawsuit within th[e] three-year period" and rejected the argument that written

24   notice of rescission does not suffice if the lender disputes the availability of the rescission

25   remedy, finding that, Section 1635 of TILA draws no distinction "between disputed and

26   undisputed rescissions."

27   185.  Up until today, Defendants have failed to take any action necessary or

28   appropriate to reflect the termination of any security interest created by the transaction, as

45

1   required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

2       186.   NAFINC and BANA fail to complied with, their self-implied statutory duty to

3   void the lien (deed of trust) in the subject property, as statutorily mandated by TILA and

4   has ignored Plaintiff rescission notice.

5       187.   Up until today, Defendants have failed to return to Plaintiff any money or

6   property given by the Plaintiff to anyone, including Defendants; as required by 15 U.S.C. §

7   1635(b) and Regulation Z § 226.23(d)(2). Because of that BANA has unjustly retained

8   plaintiff money and has unjustly enriched itself at plaintiff expenses.

9       188.   As a result of the material violation of TILA, under 15 U.S.C. §1635(a)

10   Defendants and 1-10 DOES are liable to Plaintiff included but not limited for:

11       a)   rescission of this transaction, including a declaration that Plaintiff is not liable

12   for any finance charges imposed by Defendants BANA and DOES 1-10.

13       b)   termination, cancellation and withdrawal of any security interest and all

14   documents in the subject property created under the transaction; including all the

15   foreclosure and lis pendens instruments recorded in the Riverside County Land of

16   Records after July 17, 2009.

17       c)   return of any money or property to Plaintiff especially the original tangible Note

18   and Deed of Trust given by the Plaintiff, to anyone involved, including the Defendant;

19       d)   a declaration that it is inequitable for plaintiffs to tender (if any) any principal

20   balance of the loan after application of the market value of the property back in 2010,

21   and any recognized benefit from the loan due to defendant BANA's conduct, actions,

22   and inactions.

23       f) a declaration that the Deed of Trust dated July 17, 2009, is void, null, invalid

24   and all the subsequent instruments/documents that flow from the void Deed of Trust

25   recorded in the Riverside Recorder office after July 17, 2009, are deem void/ null and

26   invalid.

27       WHEREFORE, Plaintiffs pray for judgment as set forth below.

28       **BANA FAILURE TO FULFILL CONDITION PRECEDENT**

**contained in the Deed of Trust paragraph 20**

HUD's regulation contained Title 24 Section 203.604 (b)

**(Against BANA, DOES 1-10)**

189.  Plaintiff hereby re-alleges and re-states all previous paragraphs and each and every part thereof with the same force and effect as though fully set herein. supra

190.  Plaintiff alleges that, BANA denied and refused to satisfy HUD regulation 24 C.F.R. § 203.604(b), which requires a face-to-face meeting with the mortgagor despite been verbally requested by plaintiff about a week before BANA foreclosed on plaintiff home. On or about November 20, 2016, Plaintiff call BANA and talk to one of BANA representative, and requested a face to face interview under HUD's guidelines contained in Title 24 Section 203.604 (b). BANA employee told plaintiff that, there was no such a thing as a face to face interview or meeting and that, the only thing BANA can offer plaintiff as far as ann interview was, a phone call interview within 14 days but, no face to face interview, despite plaintiff insistence for a face to face interview pursuant to applicable HUD guidelines he end up only with a phone call appointment to take place at the beginning of December 2016. BANA never call plaintiff with the promised phone call interview because, on November 30, 2016. NDSC and BANA wrongfully foreclosed plaintiff home.

191.  Plaintiff alleges that, despite plaintiff request for a face to face interview with BANA, its representative employee refused and failed to make any reasonable effort to arrange a face-to-face interview with plaintiff, pursuant to HUD's regulation contained Title 24 Section 203.604 (b) which undeniable and undisputedly were incorporated into the note and therefore, were deemed part of the contract. Because the Note stated: Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest..." The mortgage contained similar provisions, including "[in] many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to

MONDRAGON FIRST AMENDED COMPLAINT

1   require immediate payment in full and foreclose if not paid. This Security Instrument does
2   not authorize acceleration or foreclosure if not permitted by regulations of the Secretary."

3       192. Plaintiff loan with NAFINC was an FHA-insured loan subject to federal
4   statutes and the regulations of the United States Department of Housing and Urban
5   Development ("HUD"). The Note and Mortgage each placed some restrictions on NAFINC
6   ability to require Martin D. Mondragon to immediately pay the Note in full, in the event of
7   Martin D. Mondragon default. The Note, in pertinent part, provided: If Borrower defaults by
8   failing to pay in full any monthly payment, then Lender may, except as limited by
9   regulations of the Secretary in the case of payment defaults, require immediate payment
10  in full of the principal balance remaining due and all accrued interest. In many
11  circumstances regulations issued by the Secretary will limit Lender's rights to require
12  immediate payment in full in the case of payment defaults. This Note does not authorize
13  acceleration when not permitted by HUD regulations. As used in this Note, "Secretary"
14  means the Secretary of Housing and Urban Development or his or her designee.

15      193. The Mortgage Deed of Trust addressed grounds for acceleration of the
16  debt and, in pertinent part, provided: (a) Default. Lender may, except as limited by
17  regulations issued by the Secretary in the case of payment defaults require immediate
18  payment in full of all sums secured by this Security Instrument if [borrower defaults] . (d)
19  Regulations of HUD Secretary. In many circumstances regulations issued by the
20  Secretary will limit Lender's rights, in the case of payment defaults, to require immediate
21  payment in full and foreclose if not paid. This Security Instrument does not authorize
22  acceleration or foreclosure if not permitted by regulations of the Secretary.

23      194. A mortgagee who participates in this HUD program must comply with the
24  servicing responsibilities outlined in Subpart C. One of Subpart C's requirements, which is
25  pertinent to this instant case, mandates that a mortgagee must initiate face-to-face contact
26  with the mortgagor before foreclosure.  See. 24 C.F.R. § 203.604. This section provides in
27  part: (b) The mortgagee must have a face-to-face interview with the mortgagor, or make
28  reasonable effort to arrange such a meeting, before three full monthly installments due on

1   the mortgage are unpaid. If default occurs in a repayment plan arranged other than during
2   a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor,
3   or make a reasonable attempt to arrange such a meeting within 30 days after such default
4   and at least 30 days before foreclosure is commenced.

5       195. 24 C.F.R. § 203.556(b). States, "It is the intent of the Department [HUD]
6   that no mortgagee shall commence foreclosure or acquire title to a property until the
7   requirements of this subpart [C] have been followed." 24 C.F.R. § 203.500 (emphasis
8   added).

9       196. It is evident from the language of the servicing regulations that the
10  mortgagee must comply with these provisions prior to the commencement of a foreclosure
11  proceeding. Therefore, plaintiff honestly believed that the failure to comply with these
12  servicing regulations which are mandatory and have the force and effect of law preclude
13  BANA from foreclosing on plaintiff home without first fulfill this condition precedent.

14      197. Based on this wording contained in the note and the mortgage Deed of
15  Trust it is undisputed, and the court shall hold that, the mortgage holder and the mortgagor
16  had agreed in the contract that, the mortgagee's rights to accelerate, and foreclose were
17  limited by the applicable HUD regulations.

18      WHEREFORE, Plaintiffs pray for judgment as set forth below.

19              **BANA and NDSC WRONGFUL FORECLOSURE**

20                  **(Against BANA, NDSC and  DOES 1-10)**

21      198. Plaintiff hereby re-alleges and re-states all previous paragraphs and each
22  and every part thereof with the same force and effect as though fully set herein. supra.

23      199. Plaintiff claims that as a direct result of a void Deed of Trust and rescinded
24  promissory note and deed of trust, the entity that conducted a non-judicial foreclosure sale
25  on his home, had no interest in either the underlying debt or the subject property.
26  Yvanova v. New Century Mortgage Corp. (2016) 62 Cal.4th 919 (Yvanova),

27      "The borrower owes money not to the world at large but to a particular person
28      or institution, and only the person or institution entitled to payment may enforce

1    the debt by foreclosing on the security."

2    "[O]nly the entity currently entitled to enforce a debt may foreclose on the

3    mortgage or deed of trust securing that debt . . . ." (Yvanova, supra, 62 Cal.4th

4    at p. 928.). The court was not influenced by the creation of a false assignment

5    post-foreclosure sale, and ruled according to the recorded documents."

6    200.  Plaintiff alleges that, despite BANA and NDSC invitations of the contrary,

7    Plaintiff is not at and was not in any actual default, in the note and the deed of trust that

8    could justify the trustee sale of the subject property. BANA is not the beneficial owner of

9    the DOT and that NDSC was not properly and effectively substituted as the new Trustee in

10    accordance with terms in DOT ¶ paragraph 20.

11    201.  Plaintiff claims that neither BANA or NDSC were a Trustee, mortgagee,

12    beneficiary or any of their authorized agents in violation of 2924(a)(1)

13    202.  Plaintiff claims that, the foreclosure sale of the subject property was not

14    executed by the strict requirements and framework of Cal. Civ. Code, §2924 et seq.

15    203.  More over plaintiff alleges that the non-judicial foreclosure of plaintiff

16    subject property does not conform with the provisions of Cal. Civ. Code §§ 1624 2924 et

17    seq. and 2935.5 et seq.  for the following reasons:

18    a. The Trustee is not empowered to conduct a sale of the subject property;

19    b. The Servicer was not in possession of the original note or the Deed of Trust

20    c. The assignment to BANA (*if any*) when it was purportedly assigned from MERS

21    did not effectively convey any rights and interest in the Deed of Trust and the

22    power of sale within in any manner.

23    d. The Riverside County Recorder Office lacks any evidence of any Assignment of

24    The Deed of Trust, specifically to BANA

25    e. Furthermore, neither MERS, BANA or NDSC, could not have effectively received

26    and acquired any rights or interest in Plaintiff mortgage note and Deed of Trust

27    nor MERS or BANA could have effectively assigned or Transfer to any party in

28    connection with Plaintiff note and Deed of Trust, any rights and interest that never

had; nor any party in connection with plaintiff Note and Deed of Trust could have effectively received any assignment, transfer, interest or any rights from MERS or BANA, because MERS and BANA never had any valid rights or interest in the subject property and NAFINC, never assign any interes or rights, in Plaintiff mortgage note and Deed of Trust to MERS or BANA.

204. Plaintiff claims that, foreclosures proceedings in his real property were initiated by entities that lacked, the requisite authority to commenced any foreclosure proceedings to foreclosed on Plaintiff home, acting without any valid and enforceable legal ownership or beneficial interest or rights in the security instrument in Plaintiff real property.

205. Under California foreclosure law, a party may invoke the power of sale in a Deed of Trust under Civil Code section 2924, subdivision (a)(1), only if it is acting on behalf of the proper beneficiary as long as the Deed of Trust, Assignments of the security instrument (Deed of trust) and power of sale right and authority is valid and enforceable which in this instant case is NOT!

206. A California mortgagor like Plaintiff has a legally cognizable right under state and Federal law to ensure that any attempted foreclosure on his home is conducted lawfully.

207. Plaintiff claims that: the foreclosure of his real property was not conducted lawfully

208. It is undisputed that, BANA; NDSC or DOES 1-10, do not hold any good faith status as a Bonafide Purchase for Value (BFPV), because they cannot deny not to have a direct and personal knowledge of, Plaintiff claims and disputes of the validity and enforceability of the security instrument, before they foreclosed on Plaintiff real property and, before BANA purportedly acquired title, when NDSC illegally conveyed Plaintiff legal title of the subject property to BANA, by virtue of a false Trustees Deed Upon Sale, illegally recorded in the Riverside Recorder Office on December 07, 2016, in violation of HBOR Section 2924.17(b),

209. BANA and NDSC, acted as if they have a valid and enforceable powers

51

1  and authority to enforce and exercised a valid a deed of trust's foreclosure remedy, in
2  Plaintiff real property (which they don't), through the auctioneer AUCTION.COM; using a
3  "void" Security Instrument, BANA and NDSC knowingly, willfully, maliciously, illegally and
4  wrongfully foreclosed Plaintiff real property on November 30, 2016. at Corona CA.

5       210. BANA and NDSC had a self-implied statutory duty to evaluate Plaintiff
6  factual allegations stated above, to avoid caused Plaintiff significant irreparable harm and
7  violations of HBOR et seq., specifically Section 2924.17 (b), which they didn't, before
8  recording a Trustee's Deed Upon Sale in Plaintiff real property, but instead on December
9  07, 2016, NDSC and BANA, knowingly and willingly and in completely disregards of its
10  statutory duty and obligations under 1635(b) and Plaintiff rights, as such BANA and NDSC
11  materially violated HBOR Section 2924.17 (b), by knowingly and willfully recording in the
12  Riverside County Recorder office an illegal and false Trustee's Deed Upon Sale in which,
13  NDSC illegally and fraudulently conveyed to BANA title of Plaintiff real property.

14       211. Furthermore. It appears that BANA and NDSC think, they are above the
15  law or that the law does not apply to them because, since they couldn't take plaintiff home
16  legally and, legally correct the incorrect description contained in plaintiff Deed of Trust
17  (which is void) they decide to bring to life and revive  the "VOID" Deed of Trust in the
18  subject property to illegally, and unlawfully take plaintiff home and fix the legal description
19  in a blatantly, egregious and complete disregards of plaintiff rights and State and Federal
20  law statutes in violation of Section 2924.12, subdivision (b) pursuant to section 3281,
21  resulting in material violation of section 2917.17 (a)(b) for failure to correct and remedied
22  the violation prior to the recordation of the Trustee's Deed Upon Sale dated 12/05/2016,
23  recorded on 12/07/2016, in Instrument No. 2016-0542911, and the CORRECTIVE
24  TRUSTEE'S DEED UPON SALE, dated 12/29/2016 and recorded on 01/03/2017 in
25  Instrument No. 2017-0000195.

26       212. Plaintiff claims that, BANA, NDSC and DOES 1-10, wrongfully, illegally and
27  unlawfully and without any valid legal rights or authority foreclosed Plaintiff real property.

28       213. Plaintiff claims material violation of section 2924.17, subdivision (b) the

1  HBOR's accuracy requirements for foreclosure documents by,BANA,; NDSC and DOES
2  1-10.

3  214. Plaintiff averts and asserts violations UCL 17200 et seq; by BANA, NDSC
4  and DOES 1-10. by BANA and NDSC because.

5  (a)   The Security Instrument securing the underlying debt was invalid,
6  unenforceable and/or void at the time BANA and NDSC declared Plaintiff in default; and
7  recorded foreclosure notices in regards to the subject property

8  (b)   BANA and NDSC improperly and illegally commenced foreclosure
9  proceedings by filing in the Riverside Recorder official land of records on or about
10 December 2015, false foreclosure documents that affected Plaintiff legal interest and
11 simple fee title in Plaintiff real property.

12 (c)   BANA and NDSC improperly and illegally mailed to Plaintiff on or about
13 December 2016, false foreclosure documents that affected Plaintiff legal interest and
14 simple fee title in Plaintiff real property.

15 (d)   BANA and NDSC, on November 30, 2016, illegally, unlawfully; unfairly and
16 wrongfully foreclosed upon Plaintiff real property without any legal interest or authority.

17 (e)   BANA and NDSC material violation of Section 29.24.17 (b), for failure to
18 ensure and failure to reviewed that it had competent and reliable evidence to
19 substantiate Plaintiff purported default and its right to foreclose, including Plaintiff loan
20 status and loan information.

21 215. Plaintiff claims that, BANA, NDSC and DOES 1-10  did not, have the
22 requisite interest in the property whatsoever to issue, any notice of default, substitution of
23 trustee, notice of trustee sale and foreclosed on Plaintiff real property or commenced any
24 foreclosure proceedings in the property because, the Security Instrument (Deed of Trust)
25 in the property was void as of July 17, 2009, which means that, New American Funding
26 Inc.; MERS; BAC Home Loans LP, or any other party had no interest in the property to
27 transfer to BANA or any other party.

28 216. Plaintiff claims that, BANA, NDSC or DOES 1-10 did not, adequately

1   receive any valid, enforceable legal ownership or beneficial interest or rights in the
2   Security Instrument (Deed of Trust) dated July 17, 2009, in any manner or by virtue of any
3   assignment from: New American Funding.; MERS or BAC Home Loans LP, or any other
4   party because; Plaintiff timely and validly on December 20, 2010, exercise his right to
5   cancel, by faxing his notice to cancel to New American Funding and Bank of America
6   N.A., on December 20, 2010. Voiding as operation of the law the Security Instrument
7   (Deed of Trust).

8   217. Plaintiff claims that neither New American Funding Inc.; MERS or BAC
9   Home Loans LP; or any other party did not, effectively transfer, sold or negotiated Plaintiff
10  note dated July 17, 2009, to Bank of America N.A. or any other party due to Plaintiff notice
11  of cancellation.

12  218. Plaintiff claims that neither BANA; NDSC; DOES 1-10 or any other party
13  could effectively have received or assign and conveyed the Security Instrument (Deed of
14  Trust) or transfer the note due to Plaintiff notice of cancellation.

15  219. BANA and NDSC had a self-implied statutory duty to evaluate, Plaintiff
16  factual allegations stated above, in order to avoid and caused Plaintiff great irreparable
17  harm and BANA and NDSC did in fact, caused injury in fact and great irreparable harm
18  when they sold Plaintiff unique and not irreplaceable home in violation and complete
19  disregards of TILA 1635(b) and the Homeowner's Bill of Rights ("HBOR") et seq.,
20  specifically Section 2924.12 (b) because:

21      a)   Plaintiffs has been contesting and challenged the validity of the underlying
22           alleged debt since on or about 2010;

23      b)   Plaintiff challenged the authenticity, validity and enforceability of the Deed
24           of Trust and all the subsequent documents that flow from the Deed of Trust
25           recorded with the Riverside land of records.

26      c)   BANA undeniable direct and personal knowledge of Plaintiff claims and
27           disputes specially Plaintiff TILA rescission letter since 2010, which as
28           operation of the law void the security instrument that, BANA wanted to

MONDRAGON FIRST AMENDED COMPLAINT

1    disingenuously reform, back in January 2016, but couldn't, and;

2    d)    The incorrect legal description contained in the Deed of Trust pertain to

3          Plaintiff real property was never corrected before the Trustee Sale leaving

4          a 250 Sq. Ft. strip of the property not foreclosed because the metes and

5          bounds start and end points do not close, BANA and NDSC know about it

6          that's why they illegally and fraudulently corrected the legal description

7          after they wrongfully foreclosed on the subject property.

8    e)    Due to the fact that, plaintiff mailed his notice of rescission on December

9          20, 2010, per TILA 1635(b) plaintiff is not in any actual default in the loan

10         and Deed of Trust.

11   220.  BANA is not, the mortgagee, trustee, beneficiary or authorized agent of

12   New American Funding Inc. in conection with the subject property, therefore BANA

13   materially violated Section 2917(a) and (b) for failure to ensure that, it has reviewed

14   competent and reliable evidence to substantiate Plaintiff purported default and its

15   purported right to foreclose, including the Plaintiff loan status and loan information before

16   recording in the Riverside Recorder office; the false and inaccurate foreclosure notices

17   against the subject property. since 2010

18   221.  BANA and NDSC, had created false and fraudulent foreclosure

19   instruments, in order to create false and malicious evidence, which was knowingly to be

20   false and fraudulent and without basis in truth which, BANA and NDSC did record on and

21   after November 2015, these instruments/documents are illegally and unlawfully without

22   any valid interest rights and authority in the subject property, in violation of Cal. Penal

23   Code 532(f)

24   222.  Furthermore, BANA has also violated, Section 2924.12, subdivision (b)

25   pursuant to section 3281, resulting in material violation of section 2917.17 (a)(b) for failure

26   to correct and remedied the violation prior to the recordation of the Trustee's Deed Upon

27   Sale dated 12/05/2016 and recorded on 12/07/2016 in Instrument No. 2016-0542911.

28   223.  "There is a common law rebuttable presumption that a foreclosure sale

1   has been conducted regularly and fairly." *(4 Miller & Starr, supra, § 10:211, p. 679; see*

2   *also Stevens v. Plumas Eureka Annex Min. Co. (1935) 2 Cal.2d 493, 497.)* Based on the

3   foregoing. Plaintiff honestly believed that he has disproven the common-law

4   presumption that the foreclosure sale of subject property, was conducted regularly

5   and fairly. "When a non-debtholder forecloses, a homeowner is harmed because he

6   have lost his home to an entity with no legal right to take it". If not for the void   Deed

7   of Trust, the incorrect entity would not have pursued a wrongful foreclosure

8   Therefore, the void Deed of Trust is the cause-in-fact of the Plaintiff's harm. As a

9   result of BOFA and NDSC unfair, illegal and wrongful actions and inactions

10   Mondragon and his family experience harm and prejudice because an entity with no

11   interest in the debt foreclosed on his home and now is attempting to sold illegally his

12   home in an internet online auction as such Plaintiff and his family are in an imminent

13   threat and risk of irreparable harm to be evicted and end up homeless by the loss of

14   their home

15       224.  WHEREFORE, Plaintiffs pray for judgment as set forth below.

16                     **SLANDER OF TITLE**

17      **(Against BANA;'BACHL; NAFINC; RECONTRSUT; MERS;NDSC and  DOES 1-10)**

18       225.  Plaintiff hereby re-alleges and re-states all previous paragraphs and each

19   and every part thereof with the same force and effect as though fully set herein.

20       226.  On or about November 2015, and thereafter, BANA and NDSC illegally and

21   unlawfully without any valid interest rights and authority, justification or privileged recorded

22   the following instruments/documents in connection with the subject property:

23     1. A Notice of Default and Election to Sell Under Deed of Trust, dated 12/03/2015

24         and recorded on 12/04/2015 in Instrument No. 2015-0528947

25     2. A Substitution of Trustee, dated 11/27/2015 and recorded on 12/04/2015 in

26         Instrument No. 2015-0528946

27     3. A Notice of Trustee's Sale, dated 09/26/2016 and recorded on 09/28/2016 in

28         Instrument No. 2016-0421786

4. A Trustee's Deed Upon Sale dated 12/05/2016 and recorded on 12/07/2016 in Instrument No. 2016-0542911.

5. And a disingenuous, **CORRECTIVE TRUSTEE'S DEED UPON SALE**, dated 12/29/2016 and recorded on 01/03/2017 in Instrument No. 2017-0000195.

227. Said recorded documents directly impaired the immediate salability of the property to a purchaser or vendibility of the property on the open market.

228. Said recordings made necessary for the plaintiff to bring this action to cancel these instruments casting doubt on plaintiff title.

229. The aforementioned, false and malicious recorded documents in the subject property were motivated by oppression, fraud, and malice on the part of the Defendants BANA and NDSC as alleged in this Complaint, supra

230. These foreclosure documents; specifically, Substitution of Trustee, NOD and Notices of Trustee Sale executed by Defendants are malicious invalid false and fraudulent and violate California's non-judicial statute, the Recording Statute, and penal law, because Plaintiff is not in any actual Default and no interest or rights are or were effectively conveyed to any Defendants whatsoever.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## CANCELLATION OF INSTRUMENTS Civ. Code §3412

### (Against BANA, RECONTRUST; MERS; BACHLS NAFINC and NDSC)

231. Plaintiff hereby re-alleges and re-states all previous paragraphs and each and every part thereof with the same force and effect as though fully set herein. supra.

232. Plaintiffs have a reasonable apprehension that the false, illegal and fraudulent recorded documents described above in the chain of title will cause him serious injury. Moreover, those documents in the chain of title described above are apparently valid on their face but are false, illegal and fraudulent.  Furthermore, these documents have caused a cloud and prejudice to Plaintiff title to his property.

233. A title company will not insure title to the subject property due to those false, illegal and fraudulent documents. The property cannot be sold due to those false,

1  illegal and fraudulent documents.

2      234. Finally, under the false, illegal and fraudulent authority, of the above-
3  described documents, Defendants BANA and NDSC did in fact engaged in an illegal,
4  unlawful and wrongful non-judicial foreclosure proceedings and did in fact illegally,
5  unlawfully and wrongfully without any valid and enforceable right or authority sold Plaintiff
6  home on November 30, 2016, prejudicing and injury in fact plaintiff who was strip from the
7  title to his property and, currently is in an imminent risk of illegally and unlawfully been
8  evicted from his home, by virtue of a potential Unlawful Detainer, by a bonafide purchaser
9  for value internet online bidder or whoever purchased his property.

10     235. The above-described actions of Defendants BANA and NDSC are the
11 actual and proximate cause of Plaintiffs' injuries. Accordingly, Plaintiffs ask this Court to
12 Order, Defendant BANA and DOES 1-10, to file a withdrawal of the meritless lies pendens
13 cancellation or rescission of the trustee's deed or to file whatever document is needed to
14 show the afore-mentioned documents are a nullity, or for the Court to issue an Order that
15 can be filed in the land records of the County of Riverside nullifying and cancelling the
16 afore mentioned documents.

17     236. Plaintiffs allege that the following written instruments created, published
18 and recorded by the Defendants herein are void ab initio as to them considering Plaintiff
19 allegations and the recent 2015, unanimous Supreme Court decision, Jesinoski v.
20 Countrywide Home Loans, 135 S. Ct. at 792.; and if left outstanding, will continue to cause
21 serious injury in fact and prejudice to Plaintiff legal rights.

22         I.   A Deed of Trust to secure an indebtedness in the amount shown below,
23              and any other obligations secured thereby. Amount: $295,524.00 Dated:
24              07/17/2009 Beneficiary: Mortgage Electronic Registration Systems, Inc., as
25              Nominee For New American Funding, a California Corporation Recorded:
26              07/29/2009 – Instrument No. 2009-0394714

27         II.  Substitution of Trustee and Assignment of Deed of Trust dated 04/20/2010
28              and recorded on 04/30/2010 in Instrument No. 2010-0198909, As

1          Assigned from Mortgage Electronic Registration Systems, Inc. as Assigned

2          to Recontrust Company, N.A.

3    III.   Notice of Trustee's Sale, dated 09/12/2011 and recorded on 09/14/2011 in

4          Instrument No. 2011-0407946

5    IV.   Notice of Trustee's Sale, dated 12/05/2011 and recorded on 12/07/2011 in

6          Instrument No. 2011-0541473

7    V.    Trustee's Deed Upon Sale, Dated 08/13/2012 and Recorded on

8          08/16/2012 in Instrument No. 2012-0391919

9    VI.   **Corrected Trustee's Deed Upon Sale**, Dated 08/21/2012and Recorded

10         on 08/23/2012 in Instrument No. 2012-0403002

11   VII.  Substitution of Trustee, dated 11/27/2015 and recorded on 12/04/2015 in

12         Instrument No. 2015-0528946

13  VIII.  Notice of Default and Election to Sell Under Deed of Trust, dated

14         12/03/2015 and recorded on 12/04/2015 in Instrument No. 2015-0528947

15   IX.   Notice of Pendency of Action, Dated 01/20/2016 and Recorded on

16         01/22/2016 in Instrument No. 2016-0024707

17   X.    Notice of Trustee's Sale, dated 09/26/2016 and recorded on 09/28/2016 in

18         Instrument No. 2016-042178

19   XI.   A Trustee's Deed Upon Sale dated 12/05/2016 and recorded on

20         12/07/2016 in Instrument No. 2016-0542911.

21   XII.  **CORRECTIVE** Trustee's Deed Upon Sale, dated 12/29/2016 and recorded

22         on 01/03/2017 in Instrument No. 2017-0000195

23     237. Therefore Plaintiff respectfully request and invoke this Court inherent

24 powers and authority to adjudge and, order Defendants to deliver up the above mentioned

25 documents so that they be canceled, or in the alternative, to declare all of these

26 documents encumbering and slandering and clouding Plaintiff rights and Title in his

27 property to be without force and effect and further to instruct the clerk of the Court to sign

28 a Deed of Reconveyance so that the cloud on Plaintiffs' property may be removed.

MONDRAGON FIRST AMENDED COMPLAINT

1    238.   Plaintiff are further informed and believe and thereon allege that under Civ.
2    Code §3412, for a Deed of Trust to be subject to a cause of action for cancellation, the
3    instrument must appear to be valid at the time Plaintiffs executed the DOT and NOTE,
4    said documents appeared to be valid as uniform instruments related to real property
5    transactions. Similarly, the foreclosure documents, specifically, the Assignment of Deed of
6    Trust, Substitution of Trustee, NOD and Notices of Trustee Sale appear on their face to be
7    valid land records. However, because Plaintiff rescission notice and his plausible
8    allegations describe in this Complaint, said documents are no longer valid and
9    enforceable.

10    239.   Plaintiff alleges that neither BANA nor its Trustee Agent Defendant NDSC
11    recorded documents; shows any valid legally effective assignment of the DOT to them and
12    that, therefore, neither defendant had the standing to institute a foreclosure action against
13    Plaintiffs' property. In other words, no Defendant has enforceable rights against Plaintiffs'
14    property based on those documents, due to Plaintiff December 2010, notice of rescission
15    of the Transaction and his plausible allegations describe in his Complaint.

16    240.   Plaintiffs allege that, if left outstanding, the records of the Riverside County
17    Recorder would be permanently corrupted at the expense of Plaintiffs and the public. This
18    is in direct contradiction to public policy. The legislative intent of the Recording Statute is
19    corrupted by the allowance of a false instrument to adversely affect Plaintiffs and future
20    generations of Californians. Plaintiffs, as citizens of the state of California, have rights to
21    the legislation's intended purpose of the Recording Statute and the protections afforded
22    under such rights.

23    241.   The foreclosure documents; specifically, Substitution of Trustee, NOD and
24    Notices of Trustee Sale executed by Defendants BANA and NDSC, are malicious invalid
25    false and fraudulent and violate California's non-judicial statute, the Recording Statute,
26    and penal law and ought to be canceled. Because Plaintiff is not in any actual Default and
27    no interest or rights are or were efectively conveyed to any Defendants whatsoever.

28    242.   WHEREFORE, Plaintiffs pray for judgment as set forth below.

MONDRAGON FIRST AMENDED COMPLAINT

## QUIET TITLE

### Against all Defendants)

243. Plaintiff hereby re-alleges and re-states all previous paragraphs and each and every part thereof with the same force and effect as though fully set herein. supra.

244. Plaintiff is the title owner of the property at issue herein See exhibit

245. As stated above, the subject property is located at 5124 Jones Avenue, Riverside California 92505 (subject property) The subject property is more particularly identified and described as follows:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF RIVERSIDE, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THAT PORTION OF LOT 42 OF ONWENSIA, AS SHOWN BY MAP ON FILE IN BOOK 11, PAGES 98 AND 99 OF MAPS, RIVERSIDE COUNTY RECORDS, DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST NORTHERLY CORNER OF SAID LOT 42; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT, 125 FEET; THENCE SOUTHEASTERLY AND PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT, 75 FEET; THENCE NORTHEASTERLY AND PARALLEL WITH THE NORTHWESTERLY LINE OF SAID LOT, 125 FEET TO A POINT ON THE NORTHEASTERLY LINE OF SAID LOT; THENCE NORTHWESTERLY ON SAID NORTHEASTERLY LINE, 75 FEET TO THE POINT OF BEGINNING.

Assessment # 147182017-1,   See Exhibit 1 Grant Deed containing legal description.

246. The competing and unsupported claims of defendants to Plaintiff's Property, including the material question of who in fact owns the loan and corresponding Trust Deed so as to may be entitled to foreclosed the Trust Deed, have clouded plaintiff simple title to his Property.

247. Defendants have no standing to enforce a non-judicial foreclosure. Defendants are strangers to this transaction, and have no authority to go forward with the

1  foreclosure and Trustee Sale in the subject property.

2  248.  The recordation of the disingenuously CORRECTIVE Trustee's Deed Upon

3  Sale recorded on 01/03/2017, by defendants NDSC, if defendants lack authority and

4  power to foreclosed the Deed of Trust, would create a wrongful lien upon the Property and

5  further cloud the title making it unmarketable by Plaintiff

6  249.  Plaintiff executed a note and Deed of Trust to NEW AMERICAN FUNDING

7  A CALIFORNIA CORPORATION.

8  250.  NEW AMERICAN FUNDING A CALIFORNIA CORPORATION. is the

9  lender identified in the note and the Deed of Trust and only party entitled to enforce the

10  note and any security interest with it and the only party that can properly and effectively

11  substitute the original Trustee Fidelity National Title company.

12  251.  Furthermore, NEW AMERICAN FUNDING INC as the purportedly original

13  Lender is the only party entitled to replace a Trustee in the Deed of Trust, under the terms

14  and in the manner, provide in the Deed of Trust, paragraph 20.

15  252. Defendants  BANK  OF  AMERICA  N.A.  and  NATIONAL  DEFAULT

16  SERVICING CORPORATION are not named anywhere in the Deed of Trust or the Note.

17  253.  In California, Cal Civil Code § 2932.5 governs the Power of Sale under an

18  assigned mortgage and provides that, the power of sale can only vest in a person entitled

19  to money payments "Where a power to Sale real property is given to a mortgagee, or

20  other encumbrance, in an instrument intended to secure he payment of money, the power

21  is part of the security and vest in a person who by assignment becomes entitled to

22  payment of money secured by the instrument. The Power of Sale may be exercised by the

23  assignee if the assignment is "duly acknowledged and recorded" (emphasis added).

24  254.  The Riverside County Recorder's Office does not contain any evidence of

25  a recorded assignment of the Deed of Trust from NEW AMERICAN FUNDING INC., to

26  MERS; BANK OF AMERICA CRE HFS NHELOC.; BAC Home Loans Servicing L.P..;

27  Bank of America N.A. or Ginnie Mae or the last purported creditor BANA CIG HFI 1ST

28  LIENS GOV REW.

255. NEW AMERICAN FUNDING INC has never effectively assigned any purported interest and rights under the tangible note to MERS in any way or manner whatsoever because there is not or ever been, any agency agreement between NEW AMERICAN FUNDING INC and MERS.

256. As such MERS, did not and could not receive any effective valid interest, rights or authority or any assignment of the underlying debt, note and Deed of Trust from NEW AMERICAN FUNDING INC. in any way or manner whatsoever.

257. As such none of the purported assignees, did not and could not receive any effective valid interest, rights or authority or any assignment of the underlying debt, note and Deed of Trust from MERS, in any way or manner whatsoever.

258. Moreover, The Riverside County Recorder's Office does not contain any evidence of a proper Substitution of Trustee under the express provisions of the Deed of Trust for doing so. Therefore, none of the Defendants who are acting in such brutal regards with respect to Plaintiff life and property have any interest to stand on, to justify these activities.

259. The power of sale, may not be exercised by any defendants because Plaintiff is not in any actual default due to Plaintiff, notice of rescission and because, there was never an acknowledged and recorded assignment to any defendants under Cal Civil Cal. Bus and Prof. Code 10234(c). and Code §2932.5.

260. Since the Defendants did not comply with Cal. Bus and Prof. Code 10234(c), and Cal Civil Code § 2935.2, the notice of Default provisions of Cal Civ. Code § 2924 and Notice of Sale provisions of Cal Civ. Code § 2924(f) were likewise never complied with.

261. Cal. Bus and Prof. Code 10234(c), and Cal Civil Code § 2935.2 was never complied with before the sale of the subject property.

262. Neither BANA or NDSC complied yet with the Notice of Default provisions of Cal Civ. Code 2924 or the Notice of Sale provisions of Cal Civ. Code 2924(f).

263. The basis for Plaintiff title is a deed, from Tareq Younis a married man as

63

1    his sole and separate property granting the subject property in fee simple to Plaintiff, dated

2    January 16, 2009, containing the correct legal description of the subject property,(sic) and

3    duly recorded in the Official Records of County of Riverside as shown by map on file in

4    book 11, pages 98 and 99 of maps, Riverside County Records as described in the

5    attached Grant Deed and its incorporated  herein by reference in its entirety.

6         264.  A promissory note is a personal property, and a deed of Trust securing the

7    note is a mere incident of the debt it secures, with no separable ascertainable market

8    value, per Cal Civ. Code §§ 657, 663.

9         265.  Any Transfers of the notice and mortgage fundamentally flow back to the

10   Note. Hyde v. Mangan (1891) Cal. 319 ("The assignment of a mortgage without the

11   transfer of the indebtedness confers no right, since debt and security are inseparable and

12   the mortgage alone is not a subject of transfer[.]") Johnson v. Razy (1919) 181 Cal 342;

13   Bowman v. Sears (1923) 63 Cal. App 235; Treat v. Burns (1932) 216 Cal 216. See also

14   Kelly v. Upshaw (1952) 39 Cal.2d 179 ("A mortgagee's purported assignment of the

15   mortgage without an assignment of the debt which is secured is a legal nullity."); Domard

16   v. Fisher & Burke, Inc. (1969) 270 Cal.App2d 543 (" A trust deed has no assignable quality

17   Independent of the debt; it may not be assigned o transferred apart from the debt, and an

18   attempt to assign the trust deed without a transfer of debt is without effect.")

19        266.  The Promissory Note is a negotiable instrument, Cal Comm. Code § 3304.

20        267.  Transferring a Deed of Trust by itself does not allow enforcement of the

21   instrument unless the Promissory Note is properly, negotiated.

22        268.  Where an instrument has been transferred, enforceability is determined

23   based upon possession. Cal Comm. Code § 3301 limits a negotiable instrument's

24   enforcement:

25              "Person entitled to enforce" (P.E.T.E.) an instrument means

26              (a) the holder of the instrument,

27              (b) a nonholder in possession of the instrument who has the rights of a

28                   holder, or

64

(c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418 [of this code].

269. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

270. None of the Defendants are a nonholder in possession of the instrument.

271. None of the Defendants are present holders of the instrument.

272. None of the Defendants are entitled to enforce the instrument pursuant to Cal Comm. Code § 3309 or subdivision 3418.

273. Defendants have not enforceable rights under Cal Comm. Code § 3301(a) to enforce the negotiable instrument.

274. Since there is no right to enforce the negotiable instrument, the Notice of Default provisions of Cal Civ. Code §2924 and Notice of Sale provisions of Cal Civ. Code § 2924(f) were likewise never complied with, and there is no subsequent incidental right to enforce any deed of trust and conduct a non-judicial foreclosure in the subject property.

275. By the method and manner of Defendants' carrying out Cal Civ. Code § 2924 et seq, the foreclosure of the subject property is void ab initio as a matter of law.

276. Defendant's conduct as set forth above was intentional, oppressive, fraudulent, and Plaintiff further alleges that, the loan contain excessive financing, was approved to allow closing costs to be financed (undisclosed Broker Fees) that, Defendants failed to utilized adequate due diligence regarding Plaintiff ability to discharged the loan due to the underpayments he was told, instructed and directed to made on the loan, of $1,912.82 which, will never be enough to pay the debt in full, Defendant impostor NAFINC, as part of its continuing from 206 to late 2010, scheme intentionally place plaintiff in a subprime loan product systematically intended to fail and end up in foreclosure to the benefit of the Defendants and to the plaintiff detriment, whether Plaintiff cease or continue making payments on the loan, Defendants failed to provide Plaintiff mandated TILA

65

1  material disclosures, and Defendants NAFINC, BANA and DOES 1-10, illegal tactics and
2  fraudulent concealments to obtain and induce plaintiff to sign the loan documents under
3  false pretenses that, the lender identified in the note was a legal person when if fact it was
4  not.

5        277. Plaintiff alleges that due to incorrect legal description of the subject
6  property in the Deed of Trust and Defendants NDSC and BANA false, illegal and unlawful
7  foreclosure documents, the title to the subject property has been rendered unmarketable
8  in that, NDSC, BANA, and NAFINC and their purported assigns, have caused to be
9  recorded as against the subject property false, malicious and fraudulent documents which
10 have clouded and slandered Plaintiff title thereto.

11       278. Plaintiff is the current holder of legal simple fee title interest to the subject
12 property pursuant to a grant deed. Plaintiff rely in this self-authenticated recorded
13 instrument to prove his superior title against Defendants claims adverse to Plaintiff.

14       279. Plaintiff is seeking to quiet title against the adverse claims of defendants as
15 follows:

16       280. all the named defendants, who claims/claim some right, title, state, lien, or
17 interest in and to the lands of plaintiff as described in this Complaint, based on the
18 purported Deed of Trust described above, supra; the claims of all unknown Defendants
19 whether  or not the claim or cloud is known to plaintiff, and the unknown, uncertain or
20 contingent claim, if any, of Beneficiaries, more fully described above.Defendants claims
21 are without any foundation whatever and said Defendants have no right, title, estate, lien,
22 or interest whatsoever in the above-described property, or any part of that property except
23 the following: DOE Defendants, and each of them, may have a claim or claims, however,
24 Plaintiff is unaware as to the true nature of each  and any such a claim or claims should
25 they in fact exist.

26       281. The Defendants named as "all persons unknown, claiming any legal or
27 equitable right, title, estate, lien, or interest in the subject property described in the
28 Complaint Adverse to Plaintiff title, or any cloud on plaintiff title thereto" (sometimes

MONDRAGON FIRST AMENDED COMPLAINT

1  referred to as "the unknown Defendants") are unknown to plaintiff.

2      282.  These unknown Defendants and each of them, claim some right, title,
3  estate, lien, or interest in the previously described property adverse to plaintiff title; and
4  their claims, and each of them constitute a cloud on plaintiff title to the property. As such,
5  the claims of Defendants DOES 1-10 are uncertain.

6      283.  Plaintiff alleged that, Defendants, and each of them, are not legal owners
7  of the tangible note and deed of trust, and were not at the time they issued the notices and
8  commenced the foreclosure process, notwithstanding the fact that the note was not
9  negotiable and did not contain a valid power of sale and the Deed of Trust was VOID ab
10  initio, and the incorrect legal description in the security instrument.

11     284.  Plaintiff alleges that Defendants, and each of them, knew at the time they
12  made these representations to plaintiff that they were untrue, and defendants knew at the
13  time of their attempt to foreclosed and when they foreclosed on plaintiff note and deed of
14  trust that they have not right to do so.

15     285.  Plaintiff alleges that Defendants and each of them intentionally and
16  fraudulently converted plaintiff right, title and interest in the subject property, and equity
17  therein.

18     286.  Plaintiff claims that, due to plaintiff reasonable reliance, on defendants
19  representations, plaintiff  is an imminent risk of been evicted if BANA is not enjoined from
20  completing the internet online private sale or the conveyance of plaintiff title to the property
21  to a third party, plaintiff will suffer more economic damages in additionally costs of moving
22  out plaintiff property and plaintiff will foreseeably  suffer damages amounting to the costs
23  to relocate back to the subject property

24     287.  Additionally, included but not limited Plaintiff suffered irreparable harm and
25  deep and several emotional distress, mortification, anxiety and humiliation all to his
26  damage and injury in fact. Plaintiff is seeking quiet title against any defendant who may
27  claim that his, her, or its interest in the subject property is not subject to Plaintiff Superior
28  simple fee title interest in his Grant Deed.

288. Plaintiff seeks to quiet title as of July 29, 2009, which is the date on which the Deed of Trust was recorded with the Riverside County Recorder's Office.

289. Plaintiff seek judicial determination that, the interest in the subject property is held by Plaintiff, and that any interest of defendants in the subject property are inferior and subject to the superior interest of Plaintiff in the subject property.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

**INJUNCTION**

290. Plaintiff hereby re-alleges and re-states all previous paragraphs and each and every part thereof with the same force and effect as though fully set herein. supra

291. Plaintiff is likely to succeed on the merits of his claims for wrongful foreclosure, failure to fulfill conditions precedent; TILA violations and noncompliance 1635 (a)(b)(f), Slander of title, Accounting, Cancellation of Instruments §3412; Quiet Title, TILA rescission and declaratory judgment.

292. The remedy at law (money damages) is inadequate to make Plaintiff whole, and provides no justice at all if Defendants BANA,NDSC and DOES  1-10 is permitted to get away with their unfair, unlawful and deceptive business practices as fully and clearly explained above.

293. The balance of equities favors and injunction. Defendants BANA and NDSC, deliberately in a complete blatant disregard of its statutory self-implied duties, under State (HBOR) and Federal Law (TILA) and Plaintiff rights; intentionally, willingly, unlawfully and wrongfully foreclosed on the subject property using false foreclosure documents and a void ab initio, null invalid and unenforceable Deed of Trust as grounds to claim the right to foreclosed.

294. Plaintiff and his family experience harm and prejudice because an entity with no interest in the debt foreclosed on his home and now is attempting to sold illegally his home in an internet online auction as such Plaintiff and his family are in a imminent threat and risk of irreparable harm to be evicted and end up homeless by the loss of their unique and irreplaceable home.

MONDRAGON FIRST AMENDED COMPLAINT

1    295.  Plaintiff averts and asserts that at the time he filed his federal law suit

2  against the Defendants and even after the subject property was wrongfully foreclosed

3  Plaintiff possess legal stake in the outcome of his claims, Plaintiff has never willingly

4  abandoned, waive or forfeited any of his interest and rights in the subject property

5  because, they were illegally, unfairly, unlawfully and wrongfully stripped from him,

6  Despite Defendants invitations to the contrary. Mondragon December 20, 2010

7  rescission notice effectively preserved his interest and rights in his home.

8    296.  Giving the foregoing, Plaintiff seeks a preliminary and permanent injunction

9  to enjoin Defendant BANA and DOES 1-10 and any party acting on their behalf, to market

10  and/or sell or otherwise convey or transfer the subject property without Court approval.

11                    **DECLARATORY JUDGMENT RELIEF**

12                          **(Against all Defendants)**

13    297.  Plaintiff hereby re-alleges and re-states all previous paragraphs and each

14  and every part thereof with the same force and effect as though fully set herein. supra.

15    298.  The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202, provides

16  in pertinent part:  In a case of actual controversy within its jurisdiction any court of the

17  United States, upon the filing of an appropriate pleading, may declare the rights and other

18  legal relations of any interested party seeking such declaration, whether or not further

19  relief is or could be sought. Any such declaration shall have the force and effect of a final

20  judgment or decree and shall be reviewable as such. 28 U.S.C. §2201(a).

21    299.  Plaintiff alleges in good faith that an actual, concrete exisiting "substantial

22  controversy, between parties having adverse legal rights, or suffcent immediacy and

23  reality to warrant the issue of a declaratory judgment", under the circumstances fully

24  explained above, is ripe for this court intervention concerning the prospective duties,

25  rights, interest, and remedies incumbent upon the parties in this action by reason of

26  Plaintiff claims and defendants claims to have or had have in the past claims to beneficial

27  and ownership equitable title rights and interest thereunder.

28    300.  Equitable title vesting in any defendant as beneficiary, loan servicer or

1   trustee is challenged, contested and disputed by Plaintiff in this action as it any defendant
2   legal standing as a real party in interest. Included is the question of the duty, liability and
3   obligation of plaintiff to continue making payments, to any defendants without any
4   substantial and competent evidence and declaration of ownership and possession of the
5   tangible note, under the Deed of Trust and the validity and enforceability of the Security
6   Instrument/Deed of Trust, purportedly securing the underlying debt against the subject
7   property.

8       301.  Plaintiff averts and asserts that, the above explained factual and plausible
9   allegations and circumstances are basis for a declaratory relief, to determine and end the
10   adversity between the parties and quiet the conflicting assertions and claims among the
11   various parties because the controversy involves rights and duties under the state and
12   federal law as well as under the tangible note and the security instrument/deed of trust,
13   the legal interest, rights and ownership of which may have been forfeited, abrogated,
14   voided, cancelled, or vitiated by Federal or State law or Plaintiff, the original lender or any
15   successor in interest regardless of title or designation or by Federal Law.

16       302.  Plaintiff asserts that if no defendant can prove by a credible, substantial
17   and competent evidence its purported inherent rights and beneficial and equitable interest
18   to enforce the tangible note, no enforcement of the Note or associated deed of trust is
19   lawful. Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512
20   (1941). The United States Supreme Court has further explained:

21

22       A justiciable controversy is thus distinguished from a difference or
23       dispute of a hypothetical or abstract character; from one that is academic
24       or moot.... The controversy must be definite and concrete, touching the
25       legal relations of parties having adverse legal interests.... It must be a
26       real and substantial controversy admitting of specific relief through a
27       decree of a conclusive character, as distinguished from an opinion
28       advising what the law would be upon a hypothetical state of facts.

1

2      303. Plaintiff asserts that, if his plausible factual allegation of his rescission
3  notice is proven to be valid and timely the purportedly debt is lawfully reduced to an
4  unsecured debt or at the court discretion, the debt and the tangible note may be
5  invalidated all together as well as the foreclosure of Plaintiff home, and such of finding
6  may be determined by this action, jointly or separately with others as plead herein.

7      304. There is a real concrete, actual controversy between Plaintiffs and
8  Defendants regarding whether Plaintiffs' effectively, validly and timely under TILA in
9  accordance with the Regulation Z rescinded the July 17, 2009, loan transaction and the
10  Security Instrument (Deed of Trust) in his real property. The thrust of this argument is that,
11  if Plaintiffs had legally rescinded the loan, then the subsequent foreclosure procedure
12  would have been invalid. Plaintiffs cite and heavily relies in two recent cases for support:
13  Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790 (2015) and Paatalo v.
14  JPMorgan Chase Bank, 146 F.Supp.3d 1239 (D. Or. 2015). In Jesinoski, the Supreme
15  Court held that under 15 U.S.C. § 1635 "a borrower need only provide written notice to a
16  lender in order to exercise his right to rescind." 135 S. Ct. at 793. And in Paatalo, the court
17  explained that the consequence of the Jesinoski holding is that "rescission is effected at
18  the time of notice, **without regard to whether a borrower files a lawsuit within the**
19  **three-year period**." 146 F. Supp. 3d at 1244 (internal quotations omitted). Justice Scalia
20  added to the opinion that the "TILA rescission statute makes no distinction between
21  disputed and undisputed rescissions. Therefore, the mailing of the notice of rescission is
22  the only thing required to cancel the loan contract and render the note and mortgage void
23  by operation of law.

24      305. Thus, a threshold issue to the question of whether Plaintiff rescission was
25  effective Plaintiffs seek a declaratory judgment and injunctive relief pursuant to 28 U.S.C.
26  § 2201. Plaintiff requires a judicial determination of all rights under the note and/or
27  Security Instrument (Deed of Trust), as set forth above.

28      306. A judicial declaration is ripe and imperative necessary and appropriate at

1  this time under the circumstances in order that Plaintiff may ascertain New American
2  Funding Inc; loan servicers, trustee's (or any other third party known); MERS; BANA;
3  NDSC and DOES 1-10; duties, obligations and rights (if any) under the note and/or
4  Security Instrument (Deed of Trust); and; Plaintiff duties, obligations and rights to New
5  American Funding Inc; loan servicers, trustee's (or any other third party); MERS; BANA;
6  NDSC and DOES 1-10; under the note and Security Instrument (Deed of Trust).

7       307.  A denial of a judicial declaration at this time, will place Plaintiff in a position
8  where he will suffer more irreparable harm, injury in fact and damage by included but not
9  limited complete loss of his simple fee title and possession of his real property and by not
10 being unable to tender back (if any) the net loan proceeds per TILA 1635(b) to the right
11 creditor without experience in the future double jeopardy to pay twice the same debt.

12      308.  Plaintiff is also seeking this court to adjudicate and Judicially declared and
13 enforce against Defendants, Plaintiff's timely, valid and effective Notice of Rescission
14 dated December 20, 2010, and protected his Federal statutory right to rescind the entire
15 consumer credit transaction consummated on July 17, 2009.

16      309.  Rule 57 notes that "the existence of another adequate remedy does not
17 preclude a judgment for declaratory relief in cases where it is appropriate."   In addition,
18 Rule 57 provides that "the court may order a speedy hearing as an action for a declaratory
19 judgment and may advance it on the calendar."

20      310.  Federal courts have typically held that declaratory relief is discretionary,
21 and a federal court has broad authority to stay or dismiss an action seeking a declaratory
22 judgment.  See, e.g., Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).  A court may
23 not, however, refuse to exercise jurisdiction "on the basis of a whim or personal
24 disinclination."  See, e.g., St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir. 1994).

25      311.  Plaintiff respectfully ask the court pursuant to Rule 57, a speedy hearing as
26 an action for a declaratory judgment and advance it on the calendar."

27      312.  Plaintiff hereby re-alleges and re-states all previous paragraphs and each
28 and every part thereof with the same force and effect as though fully set herein. supra.

1    WHEREFORE, Plaintiff pray for judgment against the Defendants and each of them

2    jointly and severally as hereinafter set forth, and hereby requests Declaratory Relief as

3    follows:

4                                    **PRAYER FOR RELIEF**

5    1. AN ACCOUNTING

6        (Against Defendants, NEW AMERICAN FUNDING INC., MERS; BANK OF

7        AMERICA CRE HFS NHELOC.; BAC Home Loans Servicing L.P..; BANK OF

8        AMERICA N.A., RECONTRUST; GINNIE MAE; BANA CIG HFI 1ST LIENS GOV

9        REW. NEW and DOES 1-10)

10       The amount of money Defendants, and each of them, owed to Plaintiff per

11       1635(b) is unknown to Plaintiff and cannot be determined without an

12       accounting.MERS had has a practical business practices to make purportedly

13       assignments for value received between $1.00 Dollars and $ 10.00 Dollars to

14       different entities including in those entities are, BANA and BACHL and the

15       impostor New American Funding, as such Plaintiff claims that, if BANA can

16       adduce any legal and valid assignment of Plaintiff Deed of Trust, the value of that

17       assignment is between $1.00 Dlls and $ 10.00. only a true paper trail

18       accountability will be established exactly how much consideration BANA allegedly

19       paid (if any) for Plaintiff note and mortgage Deed of Trust. Plaintiff anticipates a

20       resistance by BANA to any accounting. Plaintiff need to determined exactly how

21       much money or consideration BANA allegedly paid so he can tender back per

22       1635(b) (if any) once BANA, can prove to be legally entitled to receive money

23       from Plaintiff, (if any) due to Plaintiff notice of rescission.

24   2. That the Court issue a restraining order preliminary injunction, and permanent

25       injunction restraining BANA and DOES 1-10 and its agents, attorneys,

26       successors, and representatives agents, and all persons acting in concert or

27       participating with them directly or indirectly from selling attempting to sell or

28       causing to be sold the subject property either under the power of sale in the deed

                                            73

1     of trustor by any judicial or non-judicial foreclosure sale or any private sale.

2   3.   Adjudicate and Declared Rescinded the July 17, 2009, transaction in regards with

3        the subject property.

4   4.   Adjudicate and Declared as Valid, Plaintiff Notice of Rescission and his right to

5        cancel as July 17, 2009.

6   5.   That the Court Order BANA to return to the Plaintiff the tangible original note,

7        Deed of Trust and any money or property given by the Plaintiff to anyone,

8        including the Defendants, in connection with the transaction;

9   6.   That the Court render an accounting between Plaintiff and Defendants, and each

10       of them determining the amount, if any, that Defendant owed Plaintiff and vice

11       versa.

12  7.   For issuance of an Order of BANA and DOES 1 through 10, forfeiture of the net

13       loan proceeds.

14  8.   For issuance of an Order that, BANA to take all action necessary to terminate any

15       security interest in Plaintiff's property created under July 17, 2009, transaction.

16  9.   For a declaration of the rights and duties of the parties, specifically that the

17       foreclosure of the Subject Property was wrongful.

18       For a declaration that Plaintiff is the true and rightful owner of the Subject

19       Property.

20  10.  That this court issue an order voiding the Mortgage Deed of Trust that has been

21       placed upon Plaintiff's property in favor of NEW AMERICAN FUNDING A

22       CALIFORNIA CORPORATION, and to quiet title in favor of Plaintiff and against

23       Defendants.

24  11.  For issuance of an Order canceling and Declare the security interest (DOT) and

25       all the foreclosure documents that flow from the July 17, 2009 credit transaction in

26       Plaintiff's home null, void ab-initio; invalid and unenforceable.

27  12.  For issuance of an Order To vacate the TDUS.

28  13.  For issuance of an Order To vacate and set aside the foreclosure sale.

14. For reasonable costs of suit and such other and further relief as the Court deems proper.

15. Plaintiff respectfully request leave of court to correct any defects that its complaint may contained.

16. Plaintiff seeks the aid of this court inherent power of equity to affect the title to property in action in Rem Equitable Relief Order against Defendants as this Court deems just and proper under all the facts and circumstances of this matter and any other relief the court may deem just and appropriate

JURY DEMAND

Plaintiff demand a Trial by Jury on all issues triable by jury.

Respectfully submitted on this 13 day of February , 2017.


Martin D. Mondragon

Plaintiff Pro se

75

## <u>VERIFICATION</u>

Martin D. Mondragon, Plaintiff pro se

I am the Plaintiff in this matter and make this verification, I have write and read the foregoing complaint, know the contents thereof, and from information and belief believe to be the same truth. I verify under penalty of perjury under the laws of the United States and the State of California that, the foregoing is true and correct, so help me God

Respectfully submitted on this 13 day of February , 2017.

Martin D. Mondragon

Plaintiff pro se

MONDRAGON FIRST AMENDED COMPLAINT

1st Amended Complaint

# EXHIBIT 1

Recording Requested By
First American Title Company
Residential Division

**RECORDING REQUESTED BY**
First American Title Company

**AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENT TO:**
Martin D. Mondragon
5124 Jones Avenue
Riverside, CA 92505

3211141-MW

DOC # 2009-0043249
01/29/2009 08:00A Fee:42.00
Page 1 of 2 Doc T Tax Paid
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|---|---|---|---|---|---|---|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |

147182002

## GRANT DEED

A.P.N.: ~~147-182-001-6 and~~ 147-182-017-1

T.R.A. No. 009-175

File No.: OSA-3211141 (WS)

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX $126.50; CITY TRANSFER TAX $124.00;
[ x ]   computed on the consideration or full value of property conveyed, OR
[   ]   computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,
[   ]   unincorporated area; [ x ] City of **Riverside**, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Tareq Younis, a married man as his sole and separate property**

hereby GRANTS to **Martin D. Mondragon, a married man as his sole and separate property**

the following described property in the  City of **Riverside**, County of **Riverside**, State of **California**:

**THAT PORTION OF LOT 42 OF ONWENSIA, AS SHOWN BY MAP ON FILE IN BOOK 11, PAGES 98 AND 99 OF MAPS, RIVERSIDE COUNTY RECORDS, DESCRIBED AS FOLLOWS:**

**BEGINNING AT THE MOST NORTHERLY CORNER OF SAID LOT 42; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT, 125 FEET; THENCE SOUTHEASTERLY AND PARALLEL WITH THE NORTHEASTERLY LINE OF SAID LOT, 75 FEET; THENCE NORTHEASTERLY AND PARALLEL WITH THE NORTHWESTERLY LINE OF SAID LOT, 125 FEET TO A POINT ON THE NORTHEASTERLY LINE OF SAID LOT; THENCE NORTHWESTERLY ON SAID NORTHEASTERLY LINE, 75 FEET TO THE POINT OF BEGINNING.**

Mail Tax Statements To:  **SAME AS ABOVE**

78

Grant Deed - continued

Date: **01/16/2009**

A.P.N.: 147-182-001-6 and 147-182-017-1

File No.: OSA-3211141 (WS)

Dated: _____**01/16/2009**_____

_Tareq Younis_

STATE OF _California_ )SS
COUNTY OF _Riverside_ )

On _January 26, 2009_, before me, _Fatemeh Fadakar, A_, Notary
Public, personally appeared _Tareq Younis_
_____, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature_____

My Commission Expires: _NOV. 8, 2009_

FATEMEH FADAKAR
COMM. #1612683
NOTARY PUBLIC - CALIFORNIA
RIVERSIDE COUNTY
My Comm. Expires November 8, 2009

_This area for official notarial seal_

Notary
Name: _Fatemeh Fadakar_

Notary
Phone: _(909) 534-0255_

Notary Registration
Number: _1612683_

County of Principal Place of
Business: _Riverside, Ca._

1st Amended Complaint

# EXHIBIT  2



**Bank of America**

**Home Loans**

150 Allegheny Center Mall
Mail Stop: PA9-150-01-18
Pittsburgh, PA 15212-5335

**VIA FEDEX TRACKING NUMBER: # 7753 6323 4129**

January 7, 2016

MARTIN D MONDRAGON
5124 JONES AVENUE
RIVERSIDE, CA 92505

Re:     Borrower:  MARTIN D MONDRAGON
        BAC Loan Numbers Ending in:  8857
        Property Address:  5124 JONES AVENUE RIVERSIDE, CA 92505

Dear Mr. Mondragon:

Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP ("Bank of America"), is in receipt of your correspondence wherein you request rescission of the loan.

The loan file was reviewed for rescission under TILA.  TILA provides that if required notices or material disclosures are not delivered to the consumer, the right to rescind shall expire <u>three (3) years</u> after the consummation of the loan. Because the subject loan consummated on July 17, 2009, any extended right to rescind, if applicable, has expired pursuant to TILA.

Based on the foregoing, any claim to rescind the subject loan transaction pursuant to TILA is denied and this matter is now closed.  In providing this response, Bank of America, N.A., is making no admission of any TILA violations related to this transaction.

Sincerely,

Stewart Gregory
Mortgage Resolution Specialist

Note:
Fair Debt Collections Practices Act Disclaimer (FDCPA):
Bank of America N.A., is required by law to inform you that this communication is from a debt collection. If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under bankruptcy law, this notice is for informational purposes only and is not an attempt to collect a debt, a demand for payment or an attempt to impose personal liability for a discharge debt.

81



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

1st Amended Complaint

# EXHIBIT  3

| Subject: | GFE and TIL |
|---|---|
| From: | Shannon Cervantes (Shannon.Cervantes@Nafinc.com) |
| To: | salsalover39@yahoo.com; |
| Cc: | george.deek@Nafinc.com; |
| Date: | Tuesday, July 21, 2009 5:52 PM |

I have attached both the good faith estimate and truth in lending. I have also contacted the notary to be here at 4pm tomorrow.

Have a great night and we'll see you tomorrow.

Regards,

**Shannon Cervantes**
Sr. Processor
**New American Funding**
16808 Armstrong Ave Suite 215

Irvine, CA   92606
Main: (800)426-5626 x319
Direct: (949)748-4119
Fax: (714)948-8120
E-Mail: scervantes@nafinc.com

---

## Attachments

- mond.pdf (217.11KB)

8.4

# GOOD FAITH ESTIMATE

| | |
|---|---|
| Applicants: **Martin D Mondragon** | Application No: bv898520 *Revised* |
| Property Addr: **5124 JONES AVE, Riverside, CA 92505** | Date Prepared: 06/26/2009 |
| Prepared By: **NEW AMERICAN FUNDING  Ph. 800-426-5626** | Loan Program: **FHA 30 Year Fixed - Streamline** |
| **16808 ARMSTRONG AVENUE SUITE 215, Irvine, CA  92606** | |

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates - actual charges may be more or less. Your transaction may not involve a fee for every item listed.  The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 settlement statement will show you the actual cost for items paid at settlement.

* PFC = Prepaid Finance Charge
F = FHA Allowable Closing Cost
POC = Paid Outside of Closing

Total Loan Amount $  295,524     Interest Rate:   5.000 %     Term/Due In:   360 / 360   mths

| 800 | ITEMS PAYABLE IN CONNECTION WITH LOAN: | | Amount | Paid By | * PFC / F / POC |
|---|---|---|---|---|---|
| 801 | Loan Origination Fee | | $ | | |
| 802 | Loan Discount | | | | |
| 803 | Appraisal Fee | | | | |
| 804 | Credit Report | | | | |
| 805 | Lender's Inspection Fee | | | | |
| 808 | Mortgage Broker Fee | | | | |
| 809 | Tax Related Service Fee | | | | |
| 810 | Processing Fee | Paid To Broker: | 495.00 | Borrower | ✓ |
| 811 | Underwriting Fee | | 595.00 | Borrower | ✓ |
| 812 | Wire Transfer Fee | | | | |
| 807 | Document Fee | | 370.00 | Borrower | ✓ |

| 1100 | TITLE CHARGES: | | Amount | Paid By | PFC / F / POC |
|---|---|---|---|---|---|
| 1101 | Closing/Escrow Fee | paid to escrow $ | 450.00 | Borrower | ✓ |
| 1105 | Document Preparation Fee | | | | |
| 1106 | Notary Fees | | 175.00 | Borrower | ✓ |
| 1107 | Attorney Fees | | | | |
| 1108 | Title Insurance | paid to title | 625.00 | Borrower | ✓ |
| 1109 | Courier Fee | | 25.00 | Borrower | ✓ |
| 1110 | Endorsement Fee | | 50.00 | Borrower | ✓ |

| 1200 | GOVERNMENT RECORDING & TRANSFER CHARGES: | | Amount | Paid By | PFC / F / POC |
|---|---|---|---|---|---|
| 1201 | Recording Fees | $ | 100.00 | Borrower | ✓ |
| 1202 | City/County Tax/Stamps: | | | | |
| 1203 | State Tax/Stamps: | | | | |

| 1300 | ADDITIONAL SETTLEMENT CHARGES: | | Amount | Paid By | PFC / F / POC |
|---|---|---|---|---|---|
| 1302 | Pest Inspection | | $ | | |

| | | Estimated Closing Costs | 2,885.00 | | |
|---|---|---|---|---|---|

| 900 | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | Amount | Paid By | PFC / F / POC |
|---|---|---|---|---|---|
| 901 | Interest | for  11 days @ $ 40.4827 / day $ | 445.31 | Borrower | |
| 902 | Mtg Ins. Premium | | 4,367.35 | Borrower | |
| 903 | Hazard Ins. Premium | | | | |
| 904 | | | | | |
| 905 | VA Funding Fee | | | | |

| 1000 | RESERVES DEPOSITED WITH LENDER: | | Amount | Paid By | PFC / F / POC |
|---|---|---|---|---|---|
| 1001 | Hazard Ins. Premium | 7 mths @ $ 23.42 / mth $ | 163.94 | | |
| 1002 | Mtg Ins. Premium Reserves | mths @ $133.45 / mth | | | |
| 1003 | School Tax | mths @ $ / mth | | | |
| 1004 | Taxes & Assessment Reserves | 6 mths @ $339.03 / mth | 2,034.18 | | |
| 1005 | Flood Insurance Reserves | mths @ $ / mth | | | |
| | | mths @ $ / mth | | | |
| | | mths @ $ / mth | | | |

| | | Estimated Prepaid Items/Reserves | 7,010.78 | | |
|---|---|---|---|---|---|
| | TOTAL  ESTIMATED  SETTLEMENT  CHARGES | | 9,895.78 | | |

| TOTAL ESTIMATED FUNDS NEEDED TO CLOSE: | | TOTAL ESTIMATED MONTHLY PAYMENT: | |
|---|---|---|---|
| Purchase Price (+) | | Loan Amount (-) | 295,524.00 | Principal & Interest | 1,586.44 |
| Alterations (+) | | New First Mortgage(-) | | Other Financing (P & I) | |
| Land (+) | | Subordinate Financing (-) | | Hazard Insurance | 23.42 |
| Refi (incl. debts to be paid off) (+) | 290,875.96 | CC paid by Seller (-) | | Real Estate Taxes | 339.03 |
| Est. Prepaid Items/Reserves (+) | 2,643.43 | Lender Credit (-) | 148.83 | Mortgage Insurance | 133.45 |
| Est. Closing Costs (+) | 2,885.00 | Interest credit (-) | 323.86 | Homeowner Assn. Dues | 0.00 |
| New 2nd Mtg Closing Costs (+) | | | | Other | |
| PMI, MIP, Funding Fee (+) | 4,367.35 | | | | |
| Discount (Borrower paid) (+) | | FHA Required Investment (-) | | | |
| FHA EEM Improvements (+) | | FHA MI Premium Refund (-) | 3,505.33 | | |
| | | FHA 203k Rehabilitation Cost (-) | 0.00 | | |
| Total Estimated Funds  needed to close | | 1,289.74 | Total Monthly Payment | 2,082.34 |

These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage broker or lender, if your application is to purchase residential real property and the lender will take a first lien on the property.  The undersigned acknowledges receipt of the booklet "Settlement Costs," and if applicable the Consumer Handbook on ARM Mortgages.

| | | | |
|---|---|---|---|
| Applicant  **Martin D Mondragon** | Date | Applicant | Date |

Calyx Form - gfe2.frm (09/08)

85



# TRUTH-IN LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

| | | |
|---|---|---|
| Applicants: **Martin D Mondragon** | | |
| Property Address: 5124 JONES AVE | Prepared By: **NEW AMERICAN FUNDING** | |
| Riverside, CA 92505 | 16808 ARMSTRONG AVENUE SUITE 215 | |
| Application No: bv698520 | Irvine , CA 92606 | |
| | Date Prepared: 06/26/2009    Ph: 800-426-5626 | |

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | AMOUNT FINANCED The amount of credit provided to you or on your behalf | TOTAL OF PAYMENTS The amount you will have paid after making all payments as scheduled |
|---|---|---|---|
| * 5.302 % | $ * 286,483.60 | $ * 292,639.00 | $ 579,122.60 |

☐ REQUIRED DEPOSIT:  The annual percentage rate does not take into account your required deposit
PAYMENTS:   Your payment schedule will be:

| No. of Pmts | Amount of Payments ** | Payments Due | No. of Pmts | Amount of Payments ** | Payments Due | No. of Pmts | Amount of Payments ** | Payments Due | No. of Pmts | Amount of Payments ** | Payments Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Monthly Beginning: | | | Monthly Beginning: | | | Monthly Beginning: | | | Monthly Beginning: |
| 60 | 1,719.89 | 09/01/2009 | | | | | | | | | |
| 299 | 1,586.44 | 09/01/2014 | | | | | | | | | |
| 1 | 1,583.64 | 08/01/2039 | | | | | | | | | |

☑ DEMAND FEATURE:  This obligation has a demand feature.
☐ VARIABLE RATE FEATURE:  This loan contains a variable rate feature.  A variable rate disclosure has been provided earlier.

CREDIT LIFE/CREDIT DISABILITY:  Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium | Signature | |
|---|---|---|---|
| Credit Life | | I want credit life insurance. | Signature: |
| Credit Disability | | I want credit disability insurance. | Signature: |
| Credit Life and Disability | | I want credit life and disability insurance. | Signature: |

INSURANCE:  The following insurance is required to obtain credit:
☐ Credit life insurance  ☐ Credit disability  ☑ Property insurance  ☐ Flood insurance
You may obtain the insurance from anyone you want that is acceptable to creditor
☐ If you purchase ☐ property ☐ flood insurance from creditor you will pay $               for a one year term.
SECURITY:  You are giving a security interest in:  5124 JONES AVE, Riverside CA 92505
☐ The goods or property being purchased    ☑ Real property you already own.
FILING FEES: $         65.00
LATE CHARGE: If a payment is more than  15  days late, you will be charged    5.000  % of the payment
PREPAYMENT: If you pay off early, you  ☐ may  ☑ will not   have to pay a penalty.
☑ may  ☐ will not   be entitled to a refund of part of the finance charge.

ASSUMPTION: Someone buying your property
☐ may  ☑ may, subject to conditions      ☐ may not   assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties  ☑ * means an estimate    ☐ all dates and numerical disclosures except the late payment disclosures are estimates.

* * NOTE: The Payments shown above include reserve deposits for Mortgage Insurance (if applicable), but exclude Property Taxes and Insurance.

THE UNDERSIGNED ACKNOWLEDGES RECEIVING A COMPLETED COPY OF THIS DISCLOSURE.

| | | |
|---|---|---|
| Applicant  **Martin D Mondragon**          Date | | Applicant          Date |
| Applicant          Date | | Applicant          Date |
| Lender          Date | | Calyx Form - til.frm (04/08) |

86

1st Amended Complaint

# EXHIBIT  4

MIN: 1003763-0000698520-2     **NOTE**     Loan Number: BV698520

| FHA CASE NO. |
|---|
| 048-5491734-703 |

JULY 17, 2009       IRVINE       CALIFORNIA
[Date]            [City]            [State]

5124 JONES AVENUE, RIVERSIDE, CALIFORNIA 92505
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means NEW AMERICAN FUNDING, A CALIFORNIA CORPORATION (CFL # 603A957) and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of TWO HUNDRED NINETY-FIVE THOUSAND FIVE HUNDRED TWENTY-FOUR AND 00/100 Dollars (U.S.$ 295,524.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE AND 000/1000 percent ( 5.000 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

**(A) Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on SEPTEMBER 1, 2009 . Any principal and interest remaining on the first day of AUGUST, 2039 , will be due on that date, which is called the "Maturity Date."

**(B) Place**

Payment shall be made at 16808 ARMSTRONG AVENUE, SUITE 215, IRVINE, CALIFORNIA 92606 or at such other place as Lender may designate in writing by notice to Borrower.

**(C) Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $ 1,586.44 . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D) Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

☐ Growing Equity Allonge       ☐ Graduated Payment Allonge

☐ Other [specify]

DocMagic eForms 800-649-1362
www.docmagic.com

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

**(A) Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000                     percent (    4.000  %) of the overdue amount of each payment.

**(B) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. GROUNDS FOR ACCELERATION OF DEBT

**(A) Default**

Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by the Security Instrument and due under this Note if:

    (i)   Borrower defaults by failing to pay in full any monthly payment required by this Note and the Security Instrument prior to or on the due date of the next monthly payment, or

    (ii)  Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in the Security Instrument securing this Note.

**(B) Sale Without Credit Approval**

Lender shall, if permitted by applicable law (including section 341 (d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j - 3(d)) and with the prior approval of the Secretary, require immediate payment in full of all the sums due under this Note and secured by the Security Instrument if:

    (i)   All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

    (ii)  The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(C) No Waiver**

If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments. Lender does not waive its rights with respect to subsequent events.

**(D) Regulations of HUD Secretary**

In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Note and the Security Instrument do not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(E)   Mortgage Not Insured**

Borrower agrees that if the Security Instrument and this Note are not determined to be eligible for insurance under the National Housing Act within 60 DAYS from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by the Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 DAYS from the date hereof, declining to insure the Security Instrument and this Note, shall be deemed conclusive proof of such ineligibility.  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

## 8.   WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor.  "Presentment" means the right to require Lender to demand payment of amounts due.  "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 9.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 10.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  Lender may enforce its rights under this Note against each person individually or against all signatories together.  Any one person signing this Note may be required to pay all of the amounts owed under this Note.

CALIFORNIA - FHA FIXED RATE NOTE
CAFHA.NTE  05/01/08                           Page 3 of 4                    *DocMagic* *eForms* 800-649-1362
www.docmagic.com

90

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 4 of this Note.

_____ (Seal)
                                -Borrower
MARTIN D. MONDRAGON

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

*[Sign Original Only]*

1ˢᵗ Amended Complaint

# EXHIBIT 5

2

Recording Requested By:
NEW AMERICAN FUNDING

And After Recording Return To:
NEW AMERICAN FUNDING
16808 ARMSTRONG AVENUE, SUITE 215
IRVINE, CALIFORNIA 92606
Loan Number: BV698520

——————————————— [Space Above This Line For Recording Data] ———————————————

# DEED OF TRUST

| FHA CASE NO. |
| --- |
| 048-5491734-703 |

**MIN:** 1003763-0000698520-2

THIS DEED OF TRUST ("Security Instrument") is made on  JULY 17, 2009
The trustor is MARTIN D. MONDRAGON A MARRIED MAN AS HIS SOLE AND
SEPARATE PROPERTY
("Borrower").

The trustee is FIDELITY NATIONAL TITLE COMPANY
7595 IRVINE CENTER DRIVE #250, IRVINE, CALIFORNIA 92618      ("Trustee").
The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns).  MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
NEW AMERICAN FUNDING, A CALIFORNIA CORPORATION
("Lender")

is organized and existing under the laws of  CALIFORNIA
and has an address of 16808 ARMSTRONG AVENUE, SUITE 215, IRVINE,
CALIFORNIA 92606
Borrower owes Lender the principal sum of TWO HUNDRED NINETY-FIVE THOUSAND FIVE
HUNDRED TWENTY-FOUR AND 00/100        Dollars (U.S. $ 295,524.00       ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on  AUGUST 1, 2039
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest,
and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,
advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following described property located in
RIVERSIDE     County, California:
SEE EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF
A.P.N.: 147-182-017

——————————————————————————————————————————

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA 05/01/09              Page 1 of 9

**DocMagic** *eForms* 800-649-1362
**www.docmagic.com**

2.

which has the address of  5124  JONES AVENUE

[Street]

RIVERSIDE                          , California        92505          ("Property Address"):

[City]                                                        [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09                          Page 2 of 9                    DocMagic *eForms* 800-649-1362
www.docmagic.com

94

are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6.   Condemnation.**   The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument.   Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal.   Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments.   Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7.   Charges to Borrower and Protection of Lender's Rights in the Property.**   Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2.   Borrower shall pay these obligations on time directly to the entity which is owed the payment.   If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument.   These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.   If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien.   Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8.   Fees.**   Lender may collect fees and charges authorized by the Secretary.

**9.   Grounds for Acceleration of Debt.**

**(a)   Default.**   Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i)   Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii)   Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b)   Sale Without Credit Approval.**   Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)   All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)   The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c)   No Waiver.**   If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d)   Regulations of HUD Secretary.**   In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not

---

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09

Page 4 of 9

*DocMagic* **eForms** 800-649-1362
*www.docmagic.com*

paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within  60 DAYS
from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to  60 DAYS                                from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply

---

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09                          Page 5 of 9                    *DocMagic* *eForms* 800-649-1362
www.docmagic.com

97

to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge.  If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances:  gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.**  Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.**  Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property.  Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents.  However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower.  This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower:  (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower.  However, Lender or a judicially appointed receiver may do so at any time there is a breach.  Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender.  This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.  If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold.  Trustee shall cause this notice to be recorded in each county in which any part of the Property is located.  Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law.  Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law.  After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines.  Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied.   The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein.  Trustee shall apply the proceeds of the sale in the following order:   (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided**

in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

19. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law. If the fee charged does not exceed the fee set by applicable law, the fee is conclusively presumed to be reasonable.

20. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

21. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by applicable law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

22. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider                       ☐ Graduated Payment Rider          ☐ Growing Equity Rider
☐ Planned Unit Development Rider          ☐ Adjustable Rate Rider            ☐ Rehabilitation Loan Rider
☐ Non-Owner Occupancy Rider              ☐ Other [Specify]

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 9 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to Borrower at the address set forth above.

_____ (Seal)
MARTIN D. MONDRAGON           -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

Witness:                         Witness:

_____    _____

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09                    Page 8 of 9

DocMagic *eForms* 800-649-1362
www.docmagic.com

———————————————————— [Space Below This Line For Acknowledgment] ————————————————————

State of California       )
             ) ss.
County of ————————————— )

On ————————————— before me, ————————————————————————

personally appeared MARTIN D. MONDRAGON ——————————————————————

————————————————————————————————————————————————

————————————————————————————————————————————— ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


————————————————————————————
NOTARY SIGNATURE


————————————————————————————
(Typed Name of Notary)


    NOTARY SEAL

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  05/01/09         Page 9 of 9         DocMagic *eForms* 800-649-1362
*www.docmagic.com*

101

1st Amended Complaint

# EXHIBIT 6



**Bank of America**

**Home Loans**

Customer Service Department, CA6-919-01-41
450 American Street
Simi Valley, CA  93065-6298

February 25, 2010

Martin Mondragon
5124 Jones Ave
Riverside CA 92505

Re:        Bank of America Home Loan Number ending: 8857
           Property Address:  5124 Jones Ave., Riverside CA 92505

Dear Mr. Mondragon:

Thank you for contacting our office with your correspondence dated February 17, 2010.  The concerns referenced in your correspondence were forwarded to my attention for review and response.

In your letter, you expressed dissatisfaction with various aspects of the origination of the above-referenced loan.  You requested Bank of America to provide you with numerous copies of documents relating to the origination of the subject loan and a loan history.

Signed copies of the available documents pertaining to the origination of the subject loan were mailed to you on February 18, 2010. The signatures on these documents confirm you received, read, understood, and agreed to the terms and conditions contained within each document. If you had concerns or were not in agreement to the terms and conditions, you were under no obligation to sign the loan documents or continue the loan process.

A *Loan Transaction History Statement* was also mailed to you under separate cover that provided a detailed outline of transactions associated with this loan.  Please note that the statement provided pertinent information on payments received, tax and insurance payments disbursed, funds in the suspense/unapplied funds balance, and late fees assessed and paid.  The *Loan Transaction History Statement* is designed to be user-friendly and there are no codes or terms used that require specific definitions.  Additionally, below I have provided a breakdown of fees assessed to the subject loan since inception. Please note that paid late charges will be reported to the IRS as interest paid.

| Transaction Date | Fee Description | Debit | Credit | Balance |
|---|---|---|---|---|
| September 8, 2009 | Mortgage Pay on the Web | $3.00 |  | $3.00 |
| September 8, 2009 | Mortgage Pay on the Web |  | $3.00 | $0.00 |

In the event you would like Bank of America to review your loan for the possibility of payment assistance, the following items are required:

- Evidence of income (2 most recent pay stubs)
- Bank statements (2 most recent)
- Last year's tax returns
- Monthly expenditure information
- Letter of hardship

Please forward the required information to our Home Retention Division by fax at 1.866.619.4249.  You may also contact our Home Retention Division directly at 1.800.262.4218.  It is important for you to know that assistance is not guaranteed and is dependent on several factors, but Bank of America will look at every option in an effort to assist you

Letter to Martin Mondragon
February 25, 2010
Page Two (2)


The owner of this loan is Ginnie Mae, whose address is 451 7th St SW # B-133, Washington DC 20410.  Bank of America services the loan on behalf of the owner.

Please note that a credit block was placed while the issues in your letter were addressed.  However, as of the date of this letter, the block has been removed.  Further as a member of the credit granting community, Bank of America, like most creditors, relies on the accuracy and validity of the information obtained from the various reporting agencies.  Therefore, we will not remove the negative credit reporting from your credit file.

Please be advised that, in providing the above response, Bank of America is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under your loan documents, at law or in equity, all of which rights and remedies are expressly reserved.

In the event you require further assistance, please contact our Customer Service Department at 1.800.669.6607, Monday to Friday, 6 a.m. to 6 p.m., Pacific. Thank you for this opportunity to be of service.


Sincerely,


Customer Service

1st Amended Complaint

# EXHIBIT  7

 **ReconTrust**℠

June 24, 2010

<u>VIA OVERNIGHT MAIL</u>

Martin Mondragon
5124 Jones Ave.
Riverside, CA 92505

RE:  Deed of Trust dated July 17, 2009
      Account No. 206358857

Dear Mr. Mondragon:

This letter will serve as a response to your request for verification of the indebtedness relative to the above identified account.  The name and address of the original creditor of the underlying debt is New American Funding, a California Corporation, 16808 Armstrong Avenue, Suite 215, Irvine, CA 92606.  Please find enclosed a copy of the Subject Deed of Trust, Note, payment history for the above referenced account since it has been serviced by BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, and a payoff statement.  The payoff figures are projected through 6/30/10 and are valid through that date.  Please call 1-800-669-6607 before remitting funds as the figures listed above are subject to change without notice.  If you have any information or documentation indicating the payoff calculation is incorrect, please direct copies to the attention of the undersigned as soon as possible.

In addition, if you would like to inquire about a loan modification or another type of workout assistance, we suggest you contact the Home Retention Team at (800) 669-6650 as soon as possible.  Should you have any questions regarding the enclosed, please contact me at 972-498-2182.

Sincerely,

Wendy McKnight
Vice President, ReconTrust Legal Support

Encls.

1st Amended Complaint

# EXHIBIT  8

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
Attn:
TS No. 10-0050930

Title Order No. 10-8-202055

APN No.:147-182-017-1

# NOTICE OF TRUSTEE'S SALE

## YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 07/17/2009. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by MARTIN D. MONDRAGON A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, dated 07/17/2009 and recorded 07/29/2009, as Instrument No. 2009-0394714, in Book , Page , ), of Official Records in the office of the County Recorder of RIVERSIDE County, State of California, will sell on 08/19/2010 at 10:00 AM, At the Main Street entrance to the County Courthouse, 4050 Main Street, Riverside, CA 92501

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust. The street address and other common designation, if any, of the real property described above is purported to be: 5124 JONES AVENUE, RIVERSIDE, CA 92505. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $311,761.99. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.
If required by the provisions of Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Trustee's Sale duly recorded with the appropriate County Recorder's office.

RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
Phone/Sale Information: (800) 281-8219

By: /S/ Title Officer

RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

*Form mlgnos (07/01)*

1st Amended Complaint

# EXHIBIT 9

RECORDING REQUESTED BY:  RECONTRUST COMPANY

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA  93063

**THIS DOCUMENT IS BEING SENT TO YOU
IN ACCORDANCE WITH CIVIL CODE
SECTION 2934a.**

Attn:
TS No.  10-0050930

Title Order No.  10-8-202055

_____

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## AFFIDAVIT OF MAILING
## FOR SUBSTITUTION OF TRUSTEE BY CODE

TS#:    10-0050930

Trustor: MARTIN D. MONDRAGON A MARRIED MAN AS HIS SOLE AND SEPARATE
        PROPERTY


I,  BRYAN DYER                    , TRUSTEE SALE OFFICER, declare: That I am an officer, agent or
employee of RECONTRUST COMPANY, N.A., whose business address is  1800 Tapo Canyon Rd.,
CA6-914-01-94, SIMI VALLEY, CA 93063.

I am over the age of eighteen years; On 07/23/2010, by Certified and First Class mail, enclosed in
sealed envelopes with postage fully prepaid, I caused to be deposited in the United States Mail copies of
the attached Substitution of Trustee to the trustee of record under the Deed of Trust described in said
Substitution, and;

A copy of the attached Substitution has been mailed prior to the recording thereof, in the manner
provided in Section 2924b  of the Civil Code of the State of California to all persons to whom a copy of
the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.




Date: 7/23/2010


_____

/S/   BRYAN DYER


110

*Form affdvtsub (08/03)*

1st Amended Complaint

# EXHIBIT 10

RECORDING REQUESTED BY:

RECONTRUST COMPANY
**AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENTS TO:**

RECONTRUST COMPANY

1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

**THIS DOCUMENT IS BEING SENT TO YOU IN
ACCORDANCE WITH CIVIL CODE SECTION 2934.
THE ORIGINAL OF THIS DOCUMENT HAS
CONCURRENTLY BEEN SENT FOR RECORDING
WITH THE COUNTY RECORDER**

ATTN:
TS No. 10-0050930

TSG No. 10-8-202055

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# SUBSTITUTION OF TRUSTEE

WHEREAS, MARTIN D. MONDRAGON A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY was the original Trustor, FIDELITY NATIONAL TITLE COMPANY was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. was the original Beneficiary under that certain Deed of Trust dated 07/17/2009 recorded on 07/29/2009 as Instrument No. 2009-0394714 in Book  Page  of Official Records of  Riverside County, California;

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW THEREFORE, the undersigned hereby substitutes RECONTRUST COMPANY, N.A., WHOSE ADDRESS IS: 1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY,  CA  93063, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or  neuter, and the singular number includes the plural.

DATED:

BAC HOME LOANS SERVICING, LP, FKA
COUNTRYWIDE HOME   LOANS SERVICING, LP

State of:    California                                    )

County of: _____ )          BY: /S/ Beneficiary or Investor

On _____ before me, _____ , notary public, personally appeared _____ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

Darlene R. Gomez

112

*Form mlngsub (01/09)*

1st Amended Complaint

# EXHIBIT 11

MARTIN D. MONDRAGON
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Date: 12/20/2010

FAX # 949 340 8371

Certified Mail # 7009 3410 0000 1694 9120
Return Receipt Requested

| To: NEW AMERICAN FUNDING | To: BAC HOME LOANS | T o: RECONTRUST CO NA | To: BANK OF AMERICA N.A. |
|---|---|---|---|
| Attn: Legal Department | Attn: Legal Department | Attn: Legal Department | Attn: Legal Department |
| 16808 Armstrong Avenue Suite 215 | P.O Box 5170 | 1800 Tapo Canyon Rd | PO BOX 5170 |
| Irvine Ca 92606 | Simi Valley Ca 93062 | Simi Valley, Ca 93063 | Simi Valley, Ca 93062 |
| | | | Correspondence unit CA6-919-01-41 |

**Re: TILA Rescission Notice**   Loan No. 2063588857   "2063588570000191282000198 9933"   Origination loan #BV698520

Borrower Martin D. Mondragon                    MIN # 1003763-0000698520-2
Homeowner Martin D. Mondragon
Property Address 5124 Jones Avenue Riverside, California 92505      Application Date 06/26/2009

Dear Sir Madam:
**I wish to cancel**

_____        12/20/2010
Consumer signature                              Date
MARTIN D. MONDRAGON

*(step one)*

(v) The date the rescission period  (NOTICE OF RIGHT TO CANCEL DEFECTIVE/NOT FULLY COMPLETED)]

(ii) The creditor did not provide the properly completed appropriate
model form, or a substantially similar notice of rescission.

Once you have completed **step two** of rescission procedures, Martin D. Mondragon is prepared to discuss a tender obligation, should it arise, and satisfactory ways in which to meet any obligation it may exist.

The termination of the security interest is required before tendering, and step one and two of rescission procedures, shall be completed and shall be respected. per any and all applicable Laws.

Please contact me as soon as possible to complete the tender, based upon notification.
(562) 335-7876

Sincerely

_____
By:  Martin D. Mondragon
Authorized Signer

*Please be advice that Martin D. Mondragon, is not limiting or waiving  any rights or remedies it may now or from the inception of the above mentioned refinance loan and or hereafter have, whether arising under the Loan Documents, at Law, State and Federal violations, or in equity, all of which rights and remedies are expressly reserved without prejudice
**Please direct responses to third party public witness:**
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA.  92505

Enclosure(s):
        SIGN AND DATED NOTICE OF RIGHT TO CANCEL

114

FAXED TO: 800 658-0395

MARTIN D. MONDRAGON                                    Date; 12/20/2010
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Certified Mail # 7009 3410 0000 1694 9151
Return Receipt Requested

| To: NEW AMERICAN FUNDING | To: BAC HOME LOANS | T o: RECONTRUST CO NA | To: BANK OF AMERICA N.A. |
|---|---|---|---|
| Attn: Legal Department | Attn: Legal Department | Attn: Legal Department | Attn: Legal Department |
| 16808 Armstrong Ave Suite 215 | P.O Box 5170 | 1800 Tapo Canyon Rd | PO BOX 5170 |
| Irvine Ca 92606 | Simi Valley Ca 93062 | Simi Valley, Ca 93063 | Simi Valley, Ca 93062 |
| | | | Correspondence unit CA6-919-01-41 |

**Re: TILA Rescission Notice**   Loan No. 2063588857   "2063588570000191282000198933"   Origination loan #BV698520

Borrower Martin D. Mondragon                     MIN # 1003763-0000698520-2
Homeowner Martin D. Mondragon                  Application Date 06/26/2009
Property Address 5124 Jones Avenue Riverside, California 92505

Dear Sir Madam:
I wish to cancel

_____    12/20/2010
Consumer signature          Date
MARTIN D. MONDRAGON

                                                               **(step one)**

(v) The date the rescission period  (NOTICE OF RIGHT TO CANCEL DEFECTIVE/NOT FULLY COMPLETED))

(ii) The creditor did not provide the properly completed appropriate
model form, or a substantially similar notice of rescission.

Once you have completed *step two* of rescission procedures, Martin D. Mondragon is prepared to discuss a tender obligation, should it arise, and satisfactory ways in which to meet any obligation it may exist.

The termination of the security interest is required before tendering, and step one and two of rescission procedures, shall be completed and shall be respected. per any and all applicable Laws.

Please contact me as soon as possible to complete the tender, based upon notification.
(562) 335-7876

Sincerely

_____
By: Martin D. Mondragon
Authorized Signer

*Please be advice that Martin D. Mondragon, is not limiting or waiving any rights or remedies it may now or from the inception of the above mentioned refinance loan and or hereafter have, whether arising under the Loan Documents, at Law, State and Federal violations, or in equity, all of which rights and remedies are expressly reserved without prejudice
**Please** direct responses to third party public witness:
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Enclosure(s):
      SIGN AND DATED NOTICE OF RIGHT TO CANCEL

1st Amended Complaint

# EXHIBIT  12

116

MEMORY TRANSMISSION REPORT

|  |  |  |
|---|---|---|
| TIME | : | 12-20-'10 21:23 |
| FAX NO.1 | : | |
| NAME | : | |

|  |  |  |
|---|---|---|
| FILE NO. | : | 949 |
| DATE | : | 12.20 21:21 |
| TO | : | ☎19493408371 |
| DOCUMENT PAGES | : | 3 |
| START TIME | : | 12.20 21:22 |
| END TIME | : | 12.20 21:23 |
| PAGES SENT | : | 3 |
| STATUS | : | OK |

\*\*\*   SUCCESSFUL TX NOTICE   \*\*\*

MARTIN D. MONDRAGON
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Date: 12/20/2010
FAX # 949 340 8371

Certified Mail # 7009 3410 0000 1694 9120
Return Receipt Requested

| To: NEW AMERICAN FUNDING
Attn: Legal Department
16808 Armstrong Avenue Suite 215
Irvine Ca 92606 | To: BAC HOME LOANS
Attn: Legal Department
P.O Box 5170
Simi Valley Ca 93062 | T o: RECONTRUST CO.NA
Attn: Legal Department
1800 Tapo Canyon Rd
Simi Valley, Ca 93063 | To: BANK OF AMERICA N.A.
Attn: Legal Department
PO BOX 5170
Simi Valley, Ca 93062
Correspondence unit CA6-919-01-41 |
|---|---|---|---|

Re: TILA Rescission Notice   Loan No. 2063588857   "2063588570000019128200019899933"   Origination loan #BV698520

Borrower Martin D. Mondragon
Homeowner Martin D. Mondragon
Property Address 5124 Jones Avenue Riverside, California 92505

MIN # 1003763-0000698520-2
Application Date 06/26/2009

Dear Sir Madam:
I wish to cancel

_____   12/20/2010
Consumer signature                   Date
MARTIN D. MONDRAGON                                          (step one)

(√) The date the rescission period  (NOTICE OF RIGHT TO CANCEL DEFECTIVE/NOT FULLY COMPLETED))

(ii) The creditor did not provide the property completed appropriate
model form, or a substantially similar notice of rescission.

Once you have completed step two of rescission procedures, Martin D. Mondragon is prepared to discuss a tender obligation, should it
arise, and satisfactory ways in which to meet any obligation it may exist.

The termination of the security interest is required before tendering, and step one and two of rescission procedures, shall be completed
and shall be respected, per any and all applicable Laws.

Please contact me as soon as possible to complete the tender, based upon notification.
(562) 335-7876

Sincerely\

By: Martin D. Mondragon
Authorized Signer

*Please be advice that Martin D. Mondragon, is not limiting or waiving any rights or remedies it may now or from the inception of the
above mentioned refinance loan and or hereafter have, whether arising under the Loan Documents, at Law, State and Federal violations,
or in equity, all of which rights and remedies are expressly reserved without prejudice
Please direct responses to third party public witness:
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Enclosure(s):
    SIGN AND DATED NOTICE OF RIGHT TO CANCEL.

117

MEMORY TRANSMISSION REPORT

| | | |
|---|---|---|
| TIME | : | 12-22-'10 12:41 |
| FAX NO.1 | : | |
| NAME | : | |

| | | |
|---|---|---|
| FILE NO. | : | 954 |
| DATE | : | 12.22 12:33 |
| TO | : | ☎18006580395 |
| DOCUMENT PAGES | : | 6 |
| START TIME | : | 12.22 12:39 |
| END TIME | : | 12.22 12:41 |
| PAGES SENT | : | 6 |
| STATUS | : | OK |

*** SUCCESSFUL TX NOTICE ***

FAXED TO: 800 658-0395

**MARTIN D. MONDRAGON**
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Date: 12/20/2010

Certified Mail # 7009 3410 0000 1694 9151
Return Receipt Requested

| To: NEW AMERICAN FUNDING | To: BAC HOME LOANS | To: RECONTRUST CO NA | To: BANK OF AMERICA N.A. |
|---|---|---|---|
| Attn: Legal Department | Attn: Legal Department | Attn: Legal Department | Attn: Legal Department |
| 16808 Armstrong Avenue Suite 215 | P.O Box 5170 | 1800 Tapo Canyon Rd | PO BOX 5170 |
| Irvine Ca 92606 | Simi Valley Ca 93062 | Simi Valley, Ca 93063 | Simi Valley, Ca 93062 |
| | | | Correspondence unit CA6-919-01-41 |

Re: TILA Rescission Notice   Loan No. 2063588857   *2063588570000019112B20001989933*   Origination loan #BV698520

Borrower Martin D. Mondragon                          MIN # 1003763-0000298520-2
Homeowner Martin D. Mondragon                        Application Date 06/26/2009
Property Address 5124 Jones Avenue Riverside, California 92505

Dear Sir Madam:
I wish to cancel

Consumer signature                    12/20/2010                    (step one)
MARTIN D. MONDRAGON                    Date

(√) The date the rescission period  (NOTICE OF RIGHT TO CANCEL DEFECTIVE/NOT FULLY COMPLETED))

(ii) The creditor did not provide the property completed appropriate
model form, or a substantially similar notice of rescission.

Once you have completed step two of rescission procedures, Martin D. Mondragon is prepared to discuss a lender obligation, should it
arise, and satisfactory ways in which to meet any obligation it may exist.

The termination of the security interest is required before tendering, and step one and two of rescission procedures, shall be completed
and shall be respected, per any and all applicable Laws.

Please contact me as soon as possible to complete the tender, based upon notification.
(562) 335-7876

Sincerely,

By: Martin D. Mondragon
Authorized Signer

*Please be advice that Martin D. Mondragon, is not limiting or waiving  any rights or remedies it may now or from the inception of the
above mentioned refinance loan and or hereafter have, whether arising under the Loan Documents, at Law, State and Federal violations,
or in equity, all of which rights and remedies are expressly reserved without prejudice
Please direct response to third party public witness:
c/o RAMONA P. CARDENASMEDRANO, Notary Public
10348 ARLINGTON AVENUE No 7
RIVERSIDE CA. 92505

Enclosure(s):
SIGN AND DATED NOTICE OF RIGHT TO CANCEL

1st Amended Complaint

# EXHIBIT  13

Doc ID:  BANACOM3A

 **Bank of America**
**Home Loans**

P. O. Box 941633
Simi Valley, CA  93094-1633

0248888      01 AV 0.337  **AUTO   4 0.4444 92505-134624   -C01-P49156-I

MARTIN D MONDRAGON
5124 JONES AVE
RIVERSIDE      CA  92505-1346



**Account No.:  206358857**

վլԱՈւգԱՈԱ‖ԱՈԱլԱԱԱ‖ԱԱ‖Ա‖Ա‖ԱԱ‖‖Ա‖Ա‖Ա‖Ա‖

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

Effective July 1, 2011, the servicing of home loans by our subsidiary–BAC Home Loans Servicing, LP, transfers to its parent company–Bank of America, N.A.  Based upon our records as of July 4, 2011, the home loan account noted above is affected by this servicing transfer.  The information contained in this communication does not change or affect any other communications you may have received or will receive regarding this servicing transfer.

**IMPORTANT ADDITIONAL INFORMATION**

Under the federal Fair Debt Collections Practices Act and certain state laws, Bank of America, N.A. is considered a debt collector.  As a result, we are sending you the enclosed Fair Debt Collection Practices Act Notice containing important information about your loan and your rights under applicable federal and state law.

If an attorney represents you in connection with your Bank of America home loan, please provide your attorney a copy of this letter and the enclosed legal notice.

**THANK YOU**

We appreciate the opportunity to serve your home loan needs.  If you have any questions or need assistance regarding this servicing transfer, please call us at 1.877.488.7812 between 8 a.m. and 9 p.m. Eastern, Monday through Friday.

Please Note: This letter is being sent to the address and borrower(s) listed above.  If there are other borrowers on this account who receive mail at a different address than above, please share this information with them.

**Bank of America, N.A. is required by law to inform you that this communication is from a debt collector attempting to collect a debt, and any information obtained will be used for that purpose.  Notwithstanding the foregoing, if you are currently in a bankruptcy proceeding or have received a discharge of the debt referenced above, this notice is for informational purposes only and is not an attempt to collect a debt.  If you are represented by an attorney, please provide this notice to your attorney.**

120

Bank of America, N.A. Member FDIC.  Bank of America, N.A. is an Equal Housing Lender.
©2011 Bank of America Corporation.  Trademarks are the property of Bank of America Corporation.  All rights reserved.

4444-01-00-0248888-0001-0499883

BANACOM3  13076  02/8/2011



121

4444-01-00-0248888-0001-0499883

3 of 4

Fair Debt Collections Practices Act and State Law Notice

The servicing of your home loan was transferred to Bank of America, N.A., effective July 1, 2011. Bank of America, N.A. is required by law to advise you of the following:

(1.) Under the federal Fair Debt Collections Practices Act and certain state laws, Bank of America, N.A. is considered a debt collector. Bank of America, N.A. must provide certain information to you in order to make sure you are informed when a communication is related to a debt. The purpose of this letter is therefore to provide you with information required by law, including the amount of the debt.

(2.) Debt Validation Notice:

a)  The amount of the debt: As of July 4, 2011, you owe $332,013.15. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Therefore, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you or your agent before accepting the payment for collection. For further information, write to the address provided below or call 1.877.488.7812 between 8 a.m. and 9 p.m. Eastern, Monday through Friday.

b)  The name of the creditor to whom the debt is owed: BANA CIG HFI 1ST LIENS GOV REW *Please note that unless Bank of America, N.A. is listed in 2(b) as the creditor of your loan, Bank of America, N.A. does not own your loan and only services your loan on behalf of your creditor, subject to the requirements and guidelines of your creditor.*

c)  Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the debt or any portion of the debt, Bank of America, N.A. will assume the debt to be valid.

d)  If you notify Bank of America, N.A. in writing, at the address provided below within the thirty (30) day period, that the debt, or any portion thereof, is disputed, Bank of America, N.A. will obtain verification of the debt and mail it to you.

e)  Upon your written request within the thirty (30) day period, Bank of America, N.A. will provide you with the name and address of the original creditor if it is different from the current creditor.

Bank of America, N.A.
Customer Service, CA6-919-01-41
Attention: DVN
P.O. Box 1140
Simi Valley, CA 93062-1140

If you have any questions regarding this notification, please call Bank of America, N.A. Customer Service at 1.877.488.7812 between 8 a.m. and 9 p.m. Eastern, Monday through Friday.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector attempting to collect a debt, and any information obtained will be used for that purpose. Notwithstanding the foregoing, if you are currently in a bankruptcy proceeding or have received a discharge of the home loan debt referenced above, this statement is being furnished for informational purposes only. It should not be construed as an attempt to collect against you personally, Bank of America, N.A. will take no steps to collect from you personally or against the property securing this loan while the bankruptcy's automatic stay remains in effect. In the future, you may receive a discharge in bankruptcy. Under those circumstances, by operation of law, Bank of America, N.A. will retain the ability to enforce its rights against the property securing this loan should there be a default under the terms of your loan documents. If you are represented by an attorney, please provide this notice to your attorney.

SEE REVERSE SIDE

122

Bank of America, N.A. Member FDIC. Bank of America, N.A. is an Equal Housing Lender.
©2011 Bank of America Corporation. Trademarks are the property of Bank of America Corporation. All rights reserved.
4444-01-00-0248888-0002-0499882

Notice to Colorado Residents: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADMAIN.CFM

Notice to California Residents: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.



123

4444-01-00-0248888-0002-0499882

1st Amended Complaint

# EXHIBIT  14

 LANDSAFE TITLE



Recording Requested By:
RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd,
Simi Valley, CA 93063

and when recorded mail document to:

RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA  93063



DOC # 2012-0490825
10/15/2012 01:55P Fee:21.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|---|---|---|---|---|---|---|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | | | T: | CTY | UNI |

TS# 10-0050930
TITLE# 10-8-202055

### NOTICE OF RESCISSION
### of Trustee's Deed Upon Sale
### pursuant to Civil Code Section 1058.5

This Notice of Rescission is made this ___10-9-2012___ with respect to the following:

1.) THAT RECONTRUST COMPANY, N.A. is duly appointed Trustee under that certain Deed of Trust dated 07/17/2009 and recorded 07/29/2009 as Instrument No. 2009-0394714, wherein MARTIN D. MONDRAGON A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY is/are named as Trustor(s), FIDELITY NATIONAL TITLE COMPANY as Trustee, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. is named as Beneficiary;
2.) THAT BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP is the Beneficiary of record under that Deed of Trust by virtue of an Assignment of Beneficial Interest recorded 4|30|2010 as Instrument No 2010-0198909 Book N/A , Page N/A ;
3.) THAT THE DEED OF TRUST encumbers real property located in the County of RIVERSIDE, State of CALIFORNIA described as follows;

SEE EXHIBIT"A" ATTACHED HERETO AND MADE A PART HEREOF.

4.) THAT BY VIRTUE OF a default under the terms of the Deed of Trust, the Beneficiary did declare a default, as set forth in a Notice of Default recorded 04/21/2010 as Instrument No. 10-182811, in the Office of the Recorder, RIVERSIDE County, State of CALIFORNIA;
5.) THAT THE TRUSTEE has been informed by the Beneficiary that the Beneficiary desires to rescind the Trustee's Deed recorded upon the foreclosure sale which was conducted in error due to a failure to communicate timely, notice of conditions which would have warranted a cancellation of the foreclosure sale which did occur on 08/08/2012;
6.) THAT THE EXPRESS PURPOSE of this Notice of Rescission is to return the priority and existence of all title and lienholders to the status quo-ante as existed prior to the trustee's sale;

*Form catdrescisn-Bene_2011.11.0_11/2011*

125

TS No. 10-0050930

NOW THEREFORE, THE UNDERSIGNED HEREBY RESCINDS THE TRUSTEE'S SALE AND PURPORTED TRUSTEE'S DEED UPON SALE AND HEREBY ADVISES ALL PERSONS THAT THE TRUSTEE'S DEED UPON SALE DATED August 08, 2012 AND RECORDED ON 8-23-2012 AS INSTRUMENT NO. 2012-0 4030 OR BOOK N/A , PAGE N/A , IN RIVERSIDE COUNTY FROM RECONTRUST COMPANY, N.A. (TRUSTEE) TO BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP (GRANTEE) IS HEREBY RESCINDED AND IS AND SHALL BE OF NO FORCE AND EFFECT WHATSOEVER.  THE DEED OF TRUST DATED 07/17/2009 AND RECORDED 07/29/2009 AS INSTRUMENT NO. 2009-0394714, IS IN FULL FORCE AND EFFECT.

RECONTRUST COMPANY, N.A.

_____ OCT 0 9 2012 _____, (Trustee)

Georgia Hernandez Asst Vice President

BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP

_____ OCT 0 9 2012 _____, (Grantee)

Flor Valerio,      Vice President

State of: California        )

County of: Ventura        )

On  OCT 0 9 2012  before me,  Tracey A. Dominique , notary public, personally appeared Georgia Hernandez & Flor Valerio , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and offical Seal.

Signature _____ (Seal)
Tracey A. Dominique

TRACEY A. DOMINIQUE
Commission # 1859141
Notary Public - California
Los Angeles County
My Comm. Expires Aug 19, 2013

*Form catdrescisn-Bene_2011.11.0_11/2011*

126

CLTA Guarantee Form No. 22 (Revised 09-12-08)

EXHIBIT A

REF. NO. 10-50930                    LEGAL DESCRIPTION

THAT PORTION OF LOT 42 OF OWNESIA SUBDIVISION, IN THE CITY OF RIVERSIDE,
COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN
BOOK 11, PAGES 98 AND 99 OF MAPS, RIVERSIDE COUNTY RECORDERS,
DESCRIBED AS FOLLOWS:

BEGINNING AT THE MOST NORTHERLY CORNER OF SAID LOT 42; THENCE
SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID LOT, 125 FEET;
THENCE SOUTHEASTERLY AND PARALLEL WITH THE NORTHEASTERLY LINE OF
SAID LOT 73, FEET; THENCE NORTHEASTERLY AND PARALLEL WITH THE
NORTHWESTERLY LINE OF SAID LOT, 125 FEET TO A POINT ON THE
NORTHEASTERLY LINE OF SAID LOT; THENCE NORTHWESTERLY ON SAID
NORTHEASTERLY LINE, 75 FEET TO THE POINT OF BEGINNING.

IN THE ISSUANCE OF ANY FURTHER EVIDENCE OF TITLE THE LEGAL DESCRIPTION SHOWN IN THIS
GUARANTEE SHOULD BE USED IN PLACE OF THAT SHOWN ON THE ABOVE MENTIONED DEED OF TRUST AND
NOTICE OF DEFAULT.

127

1st Amended Complaint

# EXHIBIT 15



LANDSAFE TITLE

**RECORDING REQUESTED BY:**

**WHEN RECORDED MAIL TO:**

MARTIN D MONDRAGON
5124 JONES AVENUE
RIVERSIDE, CA 92505

TS No. 10-0050930
Title Order No. 10-8-202055

DOC # 2012-0490824
10/15/2012 01:55P Fee:18.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|------|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM 034 |
| | | | | | T: | | CTY | UNI | |

T
.034.

## NOTICE OF RESCISSION OF DECLARATION OF DEFAULT
## AND DEMAND FOR SALE AND OF NOTICE OF DEFAULT AND ELECTION TO SELL

NOTICE IS HEREBY GIVEN:  That RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a DEED OF TRUST dated 07/17/2009, executed by MARTIN D. MONDRAGON A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, recorded  07/29/2009 as Instrument No. 2009-0394714 in Book N/A Page N/A, of Official Records in the Office of the Recorder of Riverside County, California describing land therein  as more fully described on the above referenced deed of trust.

Said obligations including one note for the sum of $295,524.00.

Whereas, the current beneficiary under that certain Deed of Trust hereinabove described, heretofore delivered to the Trustee thereunder written Declaration of Default and Demand for Sale; and Whereas notice was heretofore given of the breach of obligations for which said Deed of Trust is security, and of election to cause to be sold the property therein described; and Whereas a Notice of Default and Election to Sell was recorded on 04/21/2010 in the office of the Recorder of Riverside County, California,  Instrument No. 10-182811, in Book N/A, Page N/A, of Official Records.

NOW, THEREFORE, NOTICE IS HEREBY GIVEN  that the current Trustee, does hereby rescind, cancel and withdraw said Declaration of Default and Demand for Sale and said Notice of Default and Election to Sell; it being understood, however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default--past, present or future--under said Deed of Trust, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Declaration and Notice, and shall no way jeopardize or impair any right, remedy or privilege secured to the Beneficiary and/or the Trustee, under said Deed of Trust, nor modify nor alter in any respect any of the terms, covenants, conditions or obligations thereof, and said Deed of Trust and all obligations secured thereby are hereby reinstated and shall be and remain in force and effect the same as if said Declaration of Default and Demand for Sale and Notice of Default and Election to Sell had not been made and given.

RECONTRUST COMPANY, N.A., AS AGENT FOR THE BENEFICIARY

Dated: October 11, 2012

By: _____

OCT 1 1 2012

CHERYL LEE     **Assistant Vice President**
*Form rescind_2011.11.0_11/2011*

129

1st Amended Complaint

# EXHIBIT  16

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*

**November 13, 2014**
via certified mail return receipt   7013 2630 0000 7931 5649   pg 1 of 5

Martin D. Mondragon
5124 Jones Ave
Riverside Ca 92505

Martin D. Mondragon
A simple fee, True, Legal/ Rightful and only lawful owner on record of certain real property
"5124 Jones Ave Riverside California 92505" evidence by virtue of a Grant Deed recorded on the official records of
Riverside on or about January 29, 2009

Donna Y. Oh.
1241 E. Dyer Rd. Ste. 250
Santa Ana CA. 92705
1231 E. Dyer Road Suite 100
Santa Ana California 92705
**RE:   File No:8473.50635**

Dear: Donna Y. Oh. This letter is your **ACTUAL** and **CONSTRUCTIVE**  *"NOTICE"*   which may
constitutes legal notice under STATE AND FEDERAL LAW  which can and will be used as necessary in court. It
**is therefore not a confidential communication protected under the rules of settlement disclosures and
correspondence**

I'm responding to your letter dated October 27, 2014 under your file #8473.50635 allegedly on
behalf of your client FIDELITY NATIONAL TITLE COMPANY.

In said letter you make the following affirmative representations in writing:

1. THAT; RCO LEGAL, P.S. and you Donna Y Oh an Associate Attorney form RCO LEGAL, P.S **represent**
   FIDELITY NATIONAL TITLE COMPANY in a **title claim** on my property located at 5124 Jones
   Ave Riverside CA.

2. THAT; Your records shows that I, Martin D. Mondragon on July 22, 2009 allegedly executed a Deed of
   Trust with **NEW AMERICAN FUNDING** which was recorded in the Riverside County Recorder
   Office.

3. THAT, The above mentioned   Deed of Trust with NEW AMERICAN FUNDING was recorded in the
   Riverside County Recorder Office with an incorrect legal description of the property.

4. THAT; A Deed of Trust is a security agreement I, allegedly executed on July 22, 2009 in favor of the
   Lender, in exchange for a loan in the sum of $295,524

5. That as a result of incorrect legal description of the property the above mentioned Deed of Trust is not
   properly indexed within the chain of Title for the property.

6. THAT; Because of the improperly indexed and incorrect legal description of the property the Riverside
   County Recorder Office requires, re-execution and re-notarization of corrected documents (DEED OF
   TRUST) for recordation.

7. THAT;   RCO LEGAL, P.S. and you Donna Y Oh an Associate Attorney from RCO LEGAL, P.S and
   FIDELITY NATIONAL TITLE COMPANY must remedy this problem either by my cooperation or
   by the way of a court order.

131

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*

**November 13, 2014**
via certified mail return receipt   7013 2630 0000 7931 5649   pg 2 of 5

8. THAT; I Martin D. Mondragon by enter into a loan agreement with the Lender, I have agreed to comply with the Lender's request for corrections involving the above mentioned Deed of Trust.

9. THAT;  If I, Martin D. Mondragon choose not to cooperate by refusing to sign, notarized and return by November 12, 2014 the corrected Deed of Trust enclosed as exhibit 2 in your letter. RCO LEGAL, P.S. and you Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY will have no recourse but to seek a court order of the correction by naming Martin D. Mondragon as a necessary Defendant party in a lawsuit, which can result in a public record judgment against Martin D. Mondragon.

I hope I accurately caption every aspect, inquires, claims allegations and intentions contained in your letter.

Let me start by responding to your last writing statements in your letter. see  (9) above. The threat of a lawsuit and a public record judgment against any person is very intimidating frighten and most of all unpleasant. Since I received your letter I have not been able to sleep well due to this threat.

Please be on notice that your letter is vague and ambiguous and/or the document you enclosed in your letter as "Exhibit 1" does not in any way served as a conclusive irrefutable, undisputable evidence of your alleged client "FIDELITY NATIONAL TITLE COMPANY" claims allegations contained in your letter.

In a good faith effort to have a better understanding of your claims and allegations and resolve the matter amicably.

I'm  hereby demand absolute first hand conclusive, irrefutable, undisputable  Evidence "chain of assignments " of the Deed of Trust (Exhibit 1 in your letter) and any and all "DATED" intervening endorsements in the underlying alleged debt (Promissory Note) from "NEW AMERICAN FUNDING" to *BANA CIG HFI 1ST LIENS GOV REW (the last alleged owner of the underlying debt as of July 2011)* Starting on or about July 2009 thru August

Please provide me provide me with

a) A signed affidavit signed under penalty of perjury under your full personal and commercial liability that; RCO LEGAL, P.S.; Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY have exercise reasonable due care evaluation on the Validity and enforceability of the Deed of Trust enclosed in your letter as "Exhibit 1" and that; RCO LEGAL, P.S.; Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY is not relying on any word or statement of the Lender or the person who is making a Title claim to FIDELITY NATIONAL TITLE COMPANY and that; RCO LEGAL, P.S.; Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY have a complete first hand personal knowledge of the true facts to proceed with any potential title claims, and allegations contained in your letter

b) Please   provide specific details and specify exactly ANY AND ALL ROLES IN THE DEED OF TRUST ENCLOSED IN YTOUR LETTER AS 'EXHIBIT 1" of NEW AMERICAN FUNDING, FIDELITY NATIONAL TITLE COMPANY AND **MERSCORP** Holdings Incorporated.

c) Please Disclose the Legal name of the Lender, which is making the alleged title claim on my property. and/or who is the Lender requesting the correction under the above mentioned Deed of Trust.

132

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*

November 13, 2014
via certified mail return receipt   7013 2630 0000 7931 5649   pg 3 of 5

d) Please provide me with A true, complete and accurate certified copy of any and all chain of assignments of the above mentioned Deed of Trust since January 2009, including but not limited to Corporate Assignments of the Deed of Trust; Substitution of Trust Deed, etc; that legally and lawfully transfer any beneficial rights to any person in my property. That RCO LEGAL, P.S.; Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY are relying in order to proceed with any title claims against my property

e) Disclosed and provide the name and address of the current holder in due course of the underlying alleged debt (Promissory Note) that allegedly secures the above mentioned Deed of Trust

f) Please provide me A certify copy and a full and complete detailed explanation of which records you are referring in your letter. As well as which documents, RCO LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY. Are relying in order to proceed with any claims against my property and make threats of judgment against Martin D. Mondragon for failure to cooperate.

g) Please provide me Original Note with Endorsement(s)

h) Original note with any and all allonge

i) Intervening Assignment

j) Assignments from New American Funding to   Ginnie Mae, BAC Home Loans, Bank of America N.A.; *BANA CIG HFI 1ST LIENS GOV REW;* MERSCORPS Holdings Inc

k) Wire / Bailee Letter

l) A true, complete and accurate certified copy of the **Title Policy and a protection letter to the lender**, in regards to the property located at 5124 Jones Ave Riverside CA. in which I, Martin D. Mondragon is the only legal and lawful owner by virtue of certain **Grant Deed** recorded in the official Records of Riverside County Clerk on or about January 29, 2009

m) Please provide specific details and specify exactly when, where, how and specify exactly the name of the alleged Lender which I, Martin D. Mondragon allegedly enter into a loan agreement with

n) Please provide a true, complete and accurate certified copy of the alleged agreement highlighting exactly which part of the alleged agreement obligate me to cooperate to the correction of the Deed of Trust

o) A true unaltered certified copy of any alleged Check, cashier check, wire transfer or any other method as evidence that NEW AMERICAN FUNDING lent me $295,524 on July 2009

p) A true complete certified copy of the wet ink Note along with any and all the intervening assignments showing a complete and unbroken chain of Title as evidence of the alleged underlying debt securing the Deed of Trust you have enclosed in your letter dated October 27, 2014 as   "**Exhibit 1**"

Donna Y. Oh *; NEW AMERICAN FUNDING; BANK OF AMERICA N.A.* failure to refute, acknowledge, remain silence or decline   to answer this letter or refuse to supply me through

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*

**November 13, 2014**
via certified mail return receipt   7013 2630 0000 7931 5649   pg 4 of 5

Donna Y. Oh ; *NEW AMERICAN FUNDING; BANK OF AMERICA N.A.* failure to refute, acknowledge, remain silence or decline  to answer this letter or refuse to supply me through RCO LEGAL, P.S.; Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY, with ***all the above mentioned documents within 30 days*** ); wil be taken as a DEFAULT and included but not limited; it will be taken as a positive confirmation and acceptance

THAT: New American Funding; Ginnie Mae, BAC Home Loans, Bank of America N.A.; *and the alleged CREDITOR, BANA CIG HFI 1ST LIENS GOV REW* , Never really had and/or acquired any rights and Beneficial interest on *my property precluding any title or insurance claims or lawsuit (Judicial or Non Judicial) against me or my property.*

**In providing the above response to your letter dated October 27, 2014. I Martin D. Mondragon is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under any alleged loan documents, at Law or in Equity, all of which rights and remedies are expressly reserved**

**Please understand that in order for me to understand with your letter it is imperative that, RCO LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S.; FIDELITY NATIONAL TITLE COMPANY. NEW AMERICAN FUNDING verified, AUTJENTICATE AND RATIFIED included but not limited that, the Exhibit 1 enclosed (Deed of Trust) as well as the underlying alleged debt (Promissory Note) are a valid, lawful enforceable and binding instruments pursuant to U.C.C.**

Please comply with any and all the above documents and information,   I Martin D. Mondragon is requesting in good faith before we engage and involved the judicial system.

*BANK OF AMERICA N.A is not a good reliable source and your reliance on BANK OF AMERICA N.A will not be a bonafide error if you fail to perform a reasonable due diligence on this matter and proceed to file a frivolous lawsuit against me.*

For the purposes of 15 USC 1692 et seq., this Notice has the same effect as a dispute to the validity, enforceability of the alleged underlying debt and a dispute to the validity of any amount of money Bank of America N.A. is claiming I owe.

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*

**November 11, 2014**
**via certified mail return receipt   7013 2630 0000 7931 5649   pg 5 of 5**

I Martin D. Mondragon make this good faith Offer of Performance with sincere intent to give RCO LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S, FIDELITY NATIONAL TITLE COMPANY; NEW AMERICAN FUNDING and *BANK OF AMERICA N.A.* a fair consideration and ample opportunity to *WITHIN 30 DAYS OF RECEIPT OF THIS LETTER TO RESPOND ONLY*, on a point-by-point basis, via sworn affidavit, under each of your full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading. Mere declarations are an insufficient response, as declarations permit lying by omission and hearsay, which no honorable draft may contain.

*Failure to comply  and/or  respond specifically in the above stated manner* within 30 days or remain   silence, will be deemed agreement and inability to prove any claims that; RCO LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY; BANK OF AMERICA N.A. may have, thereby indicating that no claim exists against my property and that ;RCO LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY and *BANK OF AMERICA N.A,* Tacit Acquiesce to compensate me for any out of pocket cost and legal expenses, I had incurred or will incurred in order to defend and enforce my protected rights under State and Federal Laws.

Sincerely

Martin D. Mondragon

135

1st Amended Complaint

# EXHIBIT 17

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*

**January 12, 2015**
**Via certified mail return receipt 7009 3410 0000 1706 9629 pg 1 of 7**

NOTICE OF DEFAULT AND GOOD FAITH INTENT TO CURE

Owner : Martin D. Mondragon
5124 Jones Ave
Riverside Ca 92505
Martin D. Mondragon
A simple fee, in FACT only True, Legal/ Rightful and lawful owner on record of certain real property located at

"5124 Jones Ave Riverside California 92505", as evidence by virtue of an unencumbered Grant Deed recorded on

the official records of Riverside County on or about January 29, 2009 as instrument # 2009-0043249


Private Debt Collector: Donna Y. Oh./FIDELITY NATIONAL TITLE COMPANY
1241 E. Dyer Rd. Ste. 250
Santa Ana CA. 92705
RE:   File No:8473.50635

    Dear: Donna Y. Oh You have failed to state that "BANK OF AMERICA HOME LOANS' or "BANK OF AMERICA N.A." is the
"CURRENT" REAL INTEREST PARTY, BENEFICIARY, *Holder in Due Course* with legal rights, equitable or pecuniary rights and the
current TRUE IN FACT BENEFICIAL OWNER with beneficial interest of the alleged underlying indebtedness encumbering
my property. Therefore as a matter of a law your client and Bank of America have not standing
in a court of law.

    Dear: Donna Y. Oh. This letter is your **ACTUAL** and **CONSTRUCTIVE** " NOTICE OF DEFAULT" AND "MY
GOOD FAITH" OPPORTUNITY TO CURE DEFAULT, by giving you and your client whoever it is, an opportunity to
produce all the documents (which you have not!) and fully complied as stated in my **November 13, 2014 letter mailed to
you on or about November 13, 2014, via certified mail return receipt 7013 2630 0000 7931 5649 said letter
was received by you on or about** November 17, 2014 in SANTA ANA, CA 92705 at 12:40.   In the above mentioned letter
I, stated to you the following: (including but not limited statements)

    Donna Y. Oh ; *NEW AMERICAN FUNDING; BANK OF AMERICA N.A.* failure to **refute**, acknowledge, remain
silence or decline to answer this letter or **refuse to supply** me through RCO LEGAL, P.S.; Donna Y. Oh. an
Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY, with *all the above
mentioned documents within 30 days* ); it will be taken as a **DEFAULT** and included but not limited; it will be
taken as a positive confirmation and acceptance THAT: New American Funding; Ginnie Mae, BAC Home Loans,
Bank of America N.A.; *and the alleged CREDITOR, BANA CIG HFI 1ST LIENS GOV REW* , Never really had
and/or acquired any rights and Beneficial interest on *my property precluding any title or insurance claims or lawsuit
(Judicial or Non Judicial) against me or my property*

    **Please understand that in order for me to understand your clients claim it is imperative that,** RCO
LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S.; FIDELITY NATIONAL
TITLE COMPANY. NEW AMERICAN FUNDING **Verified**, **AUTENTICATE** AND **RATIFIED** included but
not limited that, **the Exhibit 1** enclosed (**Deed of Trust**) as well as the underlying alleged debt (**Promissory Note**)
as a valid, lawful enforceable and binding instruments pursuant to U.C.C.
**Please comply with any and all the above documents and information,**   I Martin D. Mondragon is requesting in
good faith before we engage and involved the judicial system.

      BANK OF AMERICA N.A is not a good reliable source and your reliance
on BANK OF AMERICA N.A will not be a bonafide error if you failed to perform a reasonable due diligence on
this matter and proceed to file a frivolous lawsuit against me

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*
January 12, 2015
via certified mail return receipt   7009 3410 0000 1706 9629   pg 2 of 7

Please be informed that this letter which constitutes my administrative procedures and/or legal notices under STATE AND FEDERAL LAW which can and will be used as necessary in court. **It is therefore not a confidential communication protected under the rules of settlement disclosures and correspondence.**

*"Without accepting OR waiving any rights, defenses at LAW or EQUITY* which are expressly reserve **without prejudice** and without creating a new contract with this letter in regards of the imaginary; nonexistent, Unlawful, none enforceable alleged interest or pecuniary rights or interest of your alleged client FIDELITY NATIONAL TITLE COMPANY on behalf of BANK OF AMERICA HOME LOANS and BANK OF AMERICA N.A.; in regards to my Real Estate Property mentioned above by virtue of a "TITLE CLAIM" on my Real Estate Property, submitted some time back in **October 2014**, to FIDELITY NATIONAL TITLE COMPANY by **"BANK OF AMERICA HOME LOANS"** and **"BANK OF AMERICA N.A."**

<u>I, Martin D. Mondragon dispute and challenged the authenticity, validity and enforceability of</u>
(included but not limited)

<u>REAL ESTATE "DEED OF TRUST", as INSTRUMENT # 2009-0394714</u>
attached as <u>Exhibit "1"</u> in your letter dated December 26, 2014

Recorded on July 29, 2009, in the Official Recording Records or Riverside County by your client FIDELITY NATIONAL TITLE COMPANY and by "NEW AMERICAN FUNDING INC" a **None existing LEGAL/ENTITY/PERSON/CORPORATION**, (see attached search   **"0"**   RECORDS on "NEW AMERICAN FUNDING INC", from the **California Secretary of State**,http://kepler.sos.ca.gov)

I Martin D. Mondragon dispute and challenged the authenticity, validity and enforceability of (included but not limited) alleged underlying debt (Promissory Note dated July 17, 2009) in which **"NEW AMERICAN FUNDING INC" in collusion with FIDELITY NATIONAL TITLE COMPANY knowingly, willfully and falsely represented "NEW AMERICAN FUNDING INC"**under a Promissory Note dated July 17, 2009 on or about July 2009 in Riverside and Irvine CA. as a CORPORATE PERSON and/or Legal Person, Legal Entity, Organized and existing under the laws of California to:

1. MARTIN D. MONDRAGON,   and various Government entities like
2. FHA, and GINNIE MAE, In order to knowingly, willfully, falsely and fraudulently obtained (included but not limited):
3. FHA insurance and
4. Securities Bonds and
5. Title policy insurance

When "NEW AMERICAN FUNDING INC" and your client "FIDELITY NATIONAL TITLE COMPANY" **knew and have full and actual knowledge** that NEW AMERICAN FUNDING INC, it was not! A CORPORATE PERSON and/or Legal Person, Legal Entity, Organized and existing under the laws of California BEFORE ON OR AFTER JULY 2009

I strongly believed and discovery will prove that FIDELITY NATIONAL TITLE COMPANY colluded, aid and abetted accomplished these fraudulent practices by a shell, corporation, "NEW AMERICAN FUNDING INC" who is also criminally impersonating a Legal Person (see attached search **"0"**   RECORDS of "NEW AMERICAN FUNDING INC", from the **California Secretary of State**, http://kepler.sos.ca.gov)
These undisputed and unrefuted facts simply preclude your client or any other person like BANK OF AMERICAN.A. (who also has full actual knowledge) to make any claims on my property located at 5124 Jones Ave Riverside CA.

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE*
*PRINCIPAL*
January 12, 2015
via certified mail return receipt   7009 3410 0000 1706 9629   pg 3 of 7

As far as I'm concerned There is not or ever was on July 2009 a Legal, Lawful, Binding and enforceable contract or agreement between MARTIN D. MONDRAGON and "NEW AMERICAN FUNDING INC' and the

## REAL ESTATE "DEED OF TRUST", as INSTRUMENT # 2009-0394714

attached as **Exhibit "1"** in your letter dated December 26, 2014 is a fraudulent, worthless piece of paper

According to the California state contract law U.C.C., a meeting of the minds (mutual consent) Mutual Consideration and the identifiable PERSONS has to be present for a contract to be of any legal force.

There was not a meeting of the minds between   MARTIN D. MONDRAGON AND NEW AMERICAN FUNDING INC; DUE TO THE FACT THAT; NEW AMERICAN FUNDING INC did not exist, NEW AMERICAN FUNDING INC is not a CORPORATE PERSON, NEW AMERICAN FUNDING INC was not, before, on or after July 17, 2009 organized nor existing under the laws of California, NEW AMERICAN FUNDING INC did not bring value of substance to the table therefore assumed no risk. NEW AMERICAN FUNDING INC Did not lent MARTIN D. MONDRAGON $295,524.00 dollars or any money in any way shape or form on or after July 17, 2009

I'm responding to your letter dated December 26, 2014 under your file #8473.50635 allegedly on behalf of your client FIDELITY NATIONAL TITLE COMPANY. Said letter is a almost identical letter as the one you previously mailed to me on or about October 2014 attempting to enforce a VOID instrument

In this second letter you make again the following affirmative representations in writing:

1.      THAT; RCO LEGAL, P.S. and you Donna Y Oh an Associate Attorney form RCO LEGAL, P.S **represent** FIDELITY NATIONAL TITLE COMPANY in a **title claim** by BANK OF AMERICA N.A. on my property located at 5124 Jones Ave Riverside CA.

2.      THAT; Your records shows that I, Martin D. Mondragon on July 22, 2009 allegedly executed a Deed of Trust with **NEW AMERICAN FUNDING** which was recorded in the Riverside County Recorder Office.

3.      THAT; The above mentioned   Deed of Trust with NEW AMERICAN FUNDING was recorded in the Riverside County Recorder Office with an incorrect legal description of the property.

4.      THAT; A Deed of Trust is a security agreement I, allegedly executed on July 22, 2009 in favor of the Lender, in exchange for a loan in the sum of $295,524

5.      THAT; as a result of incorrect legal description of the property the above mentioned Deed of Trust is not properly indexed within the chain of Title for the property.

6.      THAT; Because of the improperly indexed and incorrect legal description of the property the Riverside County Recorder Office requires, re-execution and re-notarization of corrected documents (DEED OF TRUST) for recordation.

7.      THAT;  RCO LEGAL, P.S. and you Donna Y Oh an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY must remedy this problem either by my cooperation or by the way of a court order.

8.      THAT; by entering into a loan agreement with the Lender, I Martin D. Mondragon have agreed to comply with the Lender's request for corrections involving the above mentioned Deed of Trust.

9.      THAT; BANK OF AMERICA N.A. is now the servicer of the my alleged loan and that upon

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*
January 12, 2015
via certified mail return receipt   7009 3410 0000 1706 9629   pg 4 of 7

10.  discovering the improperly indexed and incorrect legal description error of the property on the Deed of Trust, the Bank has filed a title claim to Fidelity, its Title insurer to remedy this mistake

11.  In page 1 second paragraph of our letter dated December 26, 2014 you state to have attached as exhibit "1" a copy of the Deed of Trust along with the print out   of MERS ID search results indicating the alleged corresponding MIN on the Deed of Trust reflecting that BANK OF AMERICA N.A. as the current servicer

12.  THAT; for my reference you enclosed in your letter as Exhibit "2" a copy of a two-owner title search to my property which purportedly reveals that the legal description of the Deed of Trust is in variance with the other recorded deeds in the chain of title for my property. Said Exhibit "2" you attached

    1 page of FNTG ORDER REQUEST

    A second, CUT OFF page of a Real Estate Report from FIDELITY NATIONAL AGENCY SOLUTIONS in a landscape position listing a FOURTH vesting documents: TWO TRUSTEE'S DEED UPON SALE; INTERSPOUSAL TRANSFER DEED AND A GRANT DEED

    A third page of, a Real Estate Report from FIDELITY NATIONAL AGENCY SOLUTIONS listing a MORTGAGES   DOC # 2009-0394714 - REC ON 07/29/2009; NOT 2010-0182811 - REC ON 04/21/2010; SUB 2010-0198909 - REC ON 04/30/2010; NOT 2010-0347231 - REC ON 07/26/2010; NOT 2011-0407946 - REC ON 09/14/2011; NOT 2011-0541473 - REC ON12/07/2011; NOT 2012-0490824- REC ON 10/15/2012

13.  And a third page in blank

14.  THAT; you have attached as exhibit "3" a corrected Deed of Trust for me to sign and notarized and returned   to you by no later than January 12, 2014.

15.  Last but not least you make for a second time you are making threats that If   I, Martin D. Mondragon choose not to cooperate by refusing to sign, notarized and return the corrected Deed of Trust attached to your letter dated December 26, 2014 exhibit 3 by January 12, 2014.   RCO LEGAL, P.S. and you Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY will have no recourse but to seek a court order of the correction by naming Martin D. Mondragon as a necessary Defendant party in a lawsuit, which can result in a public record judgment against Martin D. Mondragon.

    I hope I accurately caption every aspect, inquires, claims allegations and intentions contained in your letter.

    The threat of a lawsuit and a public record judgment against any person is very intimidating frighten and most of all unpleasant. Since I received your letter I have not been able to sleep well due to this threat nor I have been able to performed and concentrate well at work and I will add to my affirmative defenses and cross complaint a cause of action for willful, negligent and malicious infliction of emotional distress.

    Please be on notice that your letter is still vague and ambiguous and confusing and/or the document you enclosed in your letter as "Exhibit 1" does not in any way served as a conclusive irrefutable, undisputable evidence of BANK OF AMERICA N.A. the alleged servicer of the alleged loan in order to preceded with any title claims with your client "FIDELITY NATIONAL TITLE COMPANY" claims allegations contained in your letter.

    Kelley v. Upshaw, 39 Cal2d 179, 192 246 P2d 23 (1952) ("assignment of a mortgage without the underlying debt is a nullity, and therefore unenforceable.")

    In a good faith effort to have a better understanding of your claims and allegations and resolve this matter in a amicably way.

140

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*
**January 12, 2015**
via certified mail return receipt   7009 3410 0000 1706 9629   pg 5 of 7

I'm hereby demand absolute first hand conclusive, irrefutable, undisputable Evidence " ALL chain of assignments " of the Deed of Trust (Exhibit 1 in your letter) and any and all "DATED" intervening endorsements in the underlying alleged debt (Promissory Note) from "NEW AMERICAN FUNDING" to BAC HOME LOANS SERVICING LLP to *BANA CIG HFI 1ST LIENS GOV REW (the last alleged owner of the underlying debt as of July 2011)* Starting on or about July 2009 up until the date of this letter

Please provide me provide me with

a) A signed affidavit signed under penalty of perjury under your full personal and commercial liability that; RCO LEGAL, P.S.; Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY have exercise reasonable due care evaluation on the Validity and enforceability of the Deed of Trust enclosed in your letter as "Exhibit 1" and that; RCO LEGAL, P.S.; Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY is not relying on any word or statement of the unidentified alleged Lender or the   "NOW" alleged Servicer BANK OF AMERICA N.A. who is making a Title claim to FIDELITY NATIONAL TITLE COMPANY (instead of the true in fact Beneficial owner and true in fact holder in due course of the underlying alleged debt in regards to my property) and that; RCO LEGAL, P.S.; Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY have a complete first hand personal knowledge of the true facts to proceed with any potential title claims, and allegations contained in your letter

b) Please provide me with specific details and specify exactly ANY AND ALL ROLES IN THE DEED OF TRUST ENCLOSED IN YOUR LETTER AS 'EXHIBIT 1" of NEW AMERICAN FUNDING INC, FIDELITY NATIONAL TITLE COMPANY AND **MERSCORP** Holdings Incorporated.

c) Please Disclose the Legal name of the Lender, which is making the alleged title claim on my property to your client. and/or who is the Lender requesting the correction and specifically which documents your client is relying beside the above challenged and disputed Deed of Trust, along with the true complete certified copy of the **Title Claim** submitted  by BANK OF AMERICA N.A., the Title Protection Letter in regards to the property located at 5124 Jones Ave Riverside CA issue by your client to "NEW AMERICAN FUNDING INC", the complete not misleading Title Policy naming NEW AMERICAN FUNDING INC as the title policy holder back in July 2009

d) Please RATIFIED, VALIDATE AND AUTHENTICATE all chain of assignments of the above mentioned Deed of Trust since January 2009, including but not limited to Corporate Assignments of the Deed of Trust; Substitution of Trust Deed, included in your letter Dated December 26, 2014 that are legally and lawfully transferring any beneficial rights to BANK OF AMERICA N.A. or any person in my property. That RCO LEGAL, P.S.; Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY are relying in order to proceed with any title claims against my property

e) Disclosed and provide the name and address of the true in fact Beneficial owner and true in fact current holder in due course of the underlying alleged debt (Promissory Note dated July 17, 2009)

f) Please provide me A certify copy and a full and complete detailed explanation of which records you are referring in your letter. As well as which documents, RCO LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY. Are relying in order to proceed with any claims against

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*
January 12, 2015
via certified mail return receipt   7009 3410 0000 1706 9629   pg 6 of 7

h) my property and make threats of judgment against Martin D. Mondragon for failure to cooperate.

i) Please provide me Original Note with ALL Endorsement(s)

j) Original note with any and all allonge's Intervening transfers

k) Any and ALL Assignments from New American Funding Inc.  to  Ginnie Mae, BAC Home Loans, Bank of America N.A.; *BANA CIG HFI 1ST LIENS GOV REW;* MERSCORPS Holdings Inc

l) Wire / Bailee Letter

m) Please provide specific details and specify exactly when, where, how the undisclosed unnamed Lender allegedly enter into a loan agreement with, Martin D. Mondragon

n) Please provide a true, complete and accurate certified copy of your alleged records of the agreement in which you; your client and your client, client (BANK OF AMERICA N.A.) mentioned in your letter dated Dec 26, 2014 are relying by highlighting exactly which part of the alleged agreement obligate me to cooperate to the correction of the Deed of Trust

o) A true unaltered certified copy of any alleged Check, cashier check, wire transfer or any other method as evidence that NEW AMERICAN FUNDING INC lent me $295,524 on July   2009

p) A true complete certified copy of the wet ink Note along with any and all the intervening assignments showing a complete and unbroken chain of Title as evidence of the alleged underlying debt securing the Deed of Trust you have enclosed in your letter dated October 27, 2014 as   **"Exhibit 1"**

q) **please provide me with a full true correct and complete Title Search you have performed on my property by** FIDELITY NATIONAL AGENCY SOLUTIONS and FNTG you have provide me with a cut off incomplete title search reports which demonstrate you are trying to hide vital and imperative information found in these two title searches from me

Donna Y. Oh ; BAC HOME LOANS SERVICING LP; BANK OF AMERICA HOME LOANS; BANK OF AMERICA N.A. and NEW AMERICAN FUNDING INC failure to refute, acknowledge, remain silence or decline to answer this letter or refuse to supply me through RCO LEGAL, P.S.; Donna Y. Oh. an Associate Attorney from RCO LEGAL, P.S and FIDELITY NATIONAL TITLE COMPANY, with *all the above mentioned documents within 30 days* ); will be taken as a DEFAULT and included but not limited; it will be taken as a positive confirmation and acceptance

THAT: New American Funding Inc; Ginnie Mae, BAC Home Loans, Bank of America N.A.; *and the alleged CREDITOR, BANA CIG HFI 1ST LIENS GOV REW* , Never really had and/or acquired any rights and Beneficial interest on *my property precluding any title or insurance claims or lawsuit (Judicial or Non Judicial) against me or my property.*

In providing the above response to your letter dated December 26, 2014. I Martin D. Mondragon is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under any alleged loan documents, at Law or in Equity, all of which rights and remedies are expressly reserved

142

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*
*January 12, 2015*
via certified mail return receipt   7009 3410 0000 1706 9629   pg 7 of 7

Please understand that in order for me to understand and defend any claims your client may have (which it doesn't) it is imperative that, RCO LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S.; FIDELITY NATIONAL TITLE COMPANY. BANK OF AMERICA HOME LOANS; BANK OF AMERICA N.A. and NEW AMERICAN FUNDING INC VERIFIED, AUTENTICATE AND RATIFIED included but not limited ALL THE RECORDED INSTRUMENTS ATTACHED TO YOUR LETTER DATED DECEMBER 26, 2014 as well as the underlying alleged debt (Promissory Note) as valid, lawful enforceable and binding instruments pursuant to U.C.C.

Please comply with any and all the above documents and information, that I Martin D. Mondragon is requesting in good faith before we engage and involved the judicial system.

I Martin D. Mondragon make this good faith Offer of Performance with sincere intent to give RCO LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S.; FIDELITY NATIONAL TITLE COMPANY. BANK OF AMERICA HOME LOANS; BANK OF AMERICA N.A. and NEW AMERICAN FUNDING INC a fair consideration and ample opportunity to *WITHIN 30 DAYS OF RECEIPT OF THIS LETTER TO RESPOND ONLY*, on a point-by-point basis, via sworn affidavit, under each of your full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading. Mere declarations are an insufficient response, as declarations permit lying by omission and hearsay, which no honorable draft may contain.

*Failure to comply and/or respond specifically in the above stated manner* within 30 days or remain silence, will be deemed agreement and inability to prove any claims that RCO LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S.; FIDELITY NATIONAL TITLE COMPANY. BANK OF AMERICA HOME LOANS; BANK OF AMERICA N.A. and NEW AMERICAN FUNDING INC. may have, thereby indicating that no claim exists against MARTIN D. MONDRAGGON and my property and that ; RCO LEGAL, P.S. and you Donna Y. Oh; an Associate Attorney from RCO LEGAL, P.S.; FIDELITY NATIONAL TITLE COMPANY. BANK OF AMERICA HOME LOANS; BANK OF AMERICA N.A. and NEW AMERICAN FUNDING INC, Tacit Acquiesce to compensate me for any out of pocket cost and legal expenses, I had incurred or will incurred in order to defend and enforce my protected rights under State and Federal Laws.

Sincerely

Martin D. Mondragon

All rights and Defenses expressly reserved

"Without Prejudice UCC 1-308,"

143

California Secretary of State Alex Padilla

Secretary of State Main Website | Business Programs | Notary & Authentications | Elections | Campaign & Lobbying

**Business Entities (BE)**

Online Services
- E-File Statements of Information for Corporations
- Business Search
- Processing Times
- Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information
(annual/biennial reports)

Filing Tips

Information Requests
(certificates, copies & status reports)

Service of Process

FAQs

Contact Information

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business Solicitations

## Business Search - Results

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, January 09, 2015. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

- *Select an entity name below to view additional information.* Results are listed alphabetically in ascending order by entity name.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

Results of search for " NEW AMERICAN FUNDING " returned no entity records.


Record not found.

**Modify Search**   **New Search**

Privacy Statement | Free Document Readers

Copyright © 2015   California Secretary of State

California Secretary of State Alex Padilla

## Business Search – Results

**Business Entities (BE)**

Online Services
 - E-File Statements of Information for Corporations
 - Business Search
 - Processing Times
 - Disclosure Search

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information** (annual/biennial reports)

**Filing Tips**

**Information Requests** (certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
 - Business Resources
 - Tax Information
 - Starting A Business

Customer Alerts
 - **Business Identity Theft**
 - **Misleading Business Solicitations**

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work January 09, 2015. Please refer to **Processing Times** for the received dates of filings currently being processe complete or certified record of an entity.

- *Select an entity name below to view additional information.* Results are listed alphabetically in ascending
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitio**

Results of search for " NEW AMERICAN FUNDING INC " returned no entity records.

Record not found.

**Modify Search**   **New Search**

**Privacy Statement** | **Free Document Readers**
Copyright © 2015    California Secretary of State

1st Amended Complaint

# EXHIBIT 18

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL*

**Via certified mail return receipt 7014 2870 0000 9307 3667**      pg 1 of 2      April 07, 2015

---

## NOTICE OF DEFAULT AND
## OF ESTOPPEL BY ACQUIESCENCE

**Owner** : Martin D. Mondragon
5124 Jones Ave
Riverside Ca 92505

Martin D. Mondragon simple fee, in FACT only True, Legal/ Rightful and Lawful owner on record in the Riverside County Recorder office of certain property, located at 5124 Jones Ave Riverside CA. 92505; as evidence by virtue of an unencumbered Grant Deed recorded on the official records of Riverside County on or about January 29, 2009 as instrument # 2009-0043249

**Private Debt Collector:** Donna Y. Oh.
1241 E. Dyer Rd. Ste. 250
Santa Ana CA. 92705
**RE:   File No:8473.50635**

Dear: Donna Y. Oh: This is the **third letter** I have mailed within the last 5 months to you; in regards of your client FIDELITY NATIONAL TITLE COMPANY (as ostensible Agent of) BANK OF AMERICA HOME LOANS and BANK OF AMERICA N.A. **Title Claims** against my Property (WILD DEED OF TRUST)

My **November 13, 2014** "FIRST" **letter was mailed to you on or about November 13, 2014, via certified mail return receipt # 7013 2630 0000 7931 5649 said letter was** underlined **received** by you on or about November 17, 2014 in SANTA ANA, CA 92705 at 12:40

My **January 12, 2015** "SECOND" **letter was mailed to you on or about January 12, 2015, via certified mail return receipt # 7009 3410 0000 1706 9629 said letter was** underlined **received** by you on or about, 11:19 am on January 14, 2015 in SANTA ANA, CA 92705.

The 30 days time frame after receipt of my letters dated November 13, 2014 and January 12, 2015 for rebutting my position and factual allegations stated in my letters or to **RESPOND ACCORDINGLY TO MY LETTERS by you**, on a point-by-point basis, via sworn affidavit, under your full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading; **has expired**.

Donna Y. Oh an Associate Attorney from RCO LEGAL, P.S;  FIDELITY NATIONAL TITLE COMPANY, BANK OF AMERICA HOME LOANS,   BANK OF AMERICA N.A. NEW AMERICAN FUNDING INC ; Ginnie Mae; *and the alleged CREDITOR, BANA CIG HFI 1ST LIENS GOV REW*  you and your client and all the persons named in this letter had (included but not limited) chosen to remained silence and/or decline to answer or acknowledged my two good faith letters mentioned above; willfully and willingly refuse to supply me with any documents that your client is relying to make any title claims against my property (as requested in my letters) and willfully and willingly failed to rebuke, refute or denied any of my factual allegations contained in my letters dated November 13, 2014 **January 12, 2015**

THEREFORE your actions and inactions and; the actions and inactions of:

FIDELITY NATIONAL TITLE COMPANY.; BANK OF AMERICA HOME LOANS; BANK OF

147

*NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT/NOTICE TO THE AGENT IS NOTICE TO THE*
*PRINCIPAL*

| Via certified mail return receipt 7014 2870 0000 9307 3667 | pg 2 of 2 | April 07, 2015 |
| --- | --- | --- |

AMERICA N.A.; NEW AMERICAN FUNDING INC. Ginnie Mae; *BANA CIG HFI 1ST LIENS GOV REW;*
MERSCORPS HOLDINGS INC; and MERS; <u>are taken as</u> a **DEFAULT** and <u>Deemed Agreement Acceptance and
inability</u> by FIDELITY NATIONAL TITLE COMPANY.; BANK OF AMERICA HOME LOANS; BANK OF
AMERICA N.A.; NEW AMERICAN FUNDING INC. Ginnie Mae; *BANA CIG HFI 1ST LIENS GOV REW;*
MERSCORPS HOLDINGS INC; and MERS; to prove any claims against Martin D. Mondragon and its property as
well as a positive confirmation and acceptance THAT: FIDELITY NATIONAL TITLE COMPANY.; BANK OF
AMERICA HOME LOANS; BANK OF AMERICA N.A.; NEW AMERICAN FUNDING INC. Ginnie Mae; *BANA
CIG HFI 1ST LIENS GOV REW;* MERSCORPS HOLDINGS INC; and MERS; Never really had and/or   acquired
any Equitable or Beneficial interest and rights on my property; thereby indicating that no claim can exists or ever
existed against MARTIN D. MONDRAGON and his property *precluding any title or insurance claims or lawsuit
(Judicial or Non Judicial) against me or my property.*

*As well as* FIDELITY NATIONAL TITLE COMPANY.; BANK OF AMERICA HOME LOANS;
BANK OF AMERICA N.A.; NEW AMERICAN FUNDING INC. Ginnie Mae; *BANA CIG HFI 1ST LIENS GOV
REW;*   MERSCORPS HOLDINGS INC; and MERS. Tacit Acquiesce to compensate me for any out of pocket cost
and legal expenses, I had incurred or will incurred in order to defend and enforce my protected rights under State
and Federal Laws.

### NOTICE OF DEFAULT AND
### OF ESTOPPEL BY ACQUIESCENCE

All of the above named Persons expressly named above have now fallen silent. Accordingly, the
same are legally estopped pursuant to <u>Carmine v. Bowen</u>, 64 A. 932 (1906) (silence activates estoppel).
Moreover, their silence is also a fraud, pursuant to <u>U.S. v. Tweel</u>, 550 F.2d 297, 299 (5th Cir. 1977)
(silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry
left unanswered would be intentionally misleading).

Please be informed that this letter which constitutes my administrative procedures and/or legal notices under STATE AND FEDERAL LAW
which can and will be used as necessary in court. **It is therefore not a confidential communication protected under the rules of
settlement disclosures and correspondence.**

Without prejudice **UCC 1-308**

All rights and Defenses expressly reserved

By: _____

Martin D. Mondragon authorized representative of MARTIN D. MONDRAGON

148

1st Amended Complaint

# EXHIBIT  19

Martin D. Mondragon (Simple Fee Owner)

5124 Jones Ave

Riverside CA, 92505                                                                    Page 1 of 2

November 30, 2016


National Default Servicing Corp.

7720 N. 16Th Street, Suite 300                    RE: File No: 15-31936-BA-CA

Phoenix, Arizona 85020                             Loan N#: 206358857


**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL / NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**


Dear National Default Servicing Corp.:

This is your actual direct notice. Please be advised that On December 20, 2010, I validly exercise my right to rescind said reference loan transaction and the prommisory note and Deed of Trust  dated July 17, 2010 . Based on material disclosures TILA violations  by the creditor , for failure to provide me with two completed copies of the notice of right to cancel by the lender at closing or at any time latter.

You are hereby notified that based on the foregoing I considered said loan transaction and mortgage Deed of Trust and promissory note of like consummation date null and void in violation of TILA 1635(a) and Z Regulation 226.23(b)(1)(v)

Bank of America N.A. had since December 20,2010 direct and personal knowledge of mi rescission.

I respectfully Demand that you cease and desist from procedings with the nonjudicial Trustee Sale of my property schedule for today November 30, 2016 at 9:00 am in Corona California.

Neither National Default Servicing Corp or Bank of America N.A. have any valid and enforceable rights and interest or authority to conduct any trustee sale on my property. Becuae the power of sale contained in the Deed of Trust is of no force of effect.

National Default Servicing Corp you are on notice. today before 9:.00 I will file a lawsuit naming you and your principal Bank of America N.A. as a Defendants.

Also be advised that I dispute the validity and enforceability of the Deed  of Trust and the underling debt.

National Default Servicing Corp.
November 30, 2016
Page 2                                    Certified Mail Return Receipt 7015 1520 0000 6236 8855

     I MARTIN D. MONDRAGON "without accepting, waiving any rights, defenses or without creating a new contract with you or your purported client Third party Debt collector BANK OF AMERICA N.A. with this letter in regards to National Default Servicing Corp alleged authority (***which is disputed and challenged***) to conduct any non-judicial foreclosure sale pursuant to the Deed of Trust in connection and associated to alleged loan 206358857 on my principal residence.

Sincerely,


_____
  Martin D. Mondragon
"Without Prejudice UCC 1-308,"

1st Amended Complaint

# EXHIBIT  20



**Secretary of State**
**Business Programs Division**
Business Entities - Records, P.O. Box 944260, Sacramento, CA 94244-2600

## Business Entities Records - Order Form

**This request is being processed for:** (Please type or print legibly.)

Name: Martin Mondragon                                    Date: 05/21/2015

Address: 5124 Jones ave                                   Phone #: 562 335-7875

City/State/Zip: Riverside CA 92505                        Attn:

If submitting in person (drop off only), **select return method:** ☑ Mail Back ☐ Pick Up

Entity Name: NEW AMERICAN FUNDING    *(NEW AMERICAN FUNDING INC)?*

CA Secretary of State Entity # (optional):

Entity Type: ☑ Corporation          ☐ Limited Liability Company      ☐ Limited Partnership
             ☐ General Partnership   ☐ Limited Liability Partnership   ☐ Other
(Specify other entity)

**Order Request:** (Check the applicable box(es) and complete the quantity desired.
If requesting a copy, indicate if a plain (uncertified) or certified copy is requested.)

| | | | Quantity |
|---|---|---|---|
| ☐ Copy of **all** documents | ☐ plain | ☐ certified | [ ___ ] |
| ☒ Copy of formation (e.g., articles) or registration filing only | ☐ plain | ☒ certified | [ 1 ] |
| ☒ Copy of **all** amendments only (includes restated articles, mergers, dissolutions, cancellations, etc.) | ☐ plain | ☒ certified | [ 1 ] |
| ☒ Copy of last **complete** Statement of Information | ☐ plain | ☒ certified | [ 1 ] |
| ☒ Copy of last **no change** Statement of Information | ☐ plain | ☒ certified | [ 1 ] |
| ☒ Copy of **all** Statements of Information of record | ☐ plain | ☒ certified | [ 1 ] |
| ☐ Copy of _____ | ☐ plain | ☐ certified | [ ___ ] |
| ☐ Certificate of Status (certifying to the status of the entity, e.g., active, suspended, cancelled, etc.) | | | [ 1 ] |
| ☐ Certificate of Filing of **All** Documents | | | [ 1 ] |
| ☐ Certificate of No Record | | | [ 3 ] |
| ☒ Status report (computer printout of status and agent for service of process – cannot be certified) | | | [ 1 ] |
| ☐ Fax return of completed order (Fax #: _____ ) | | | |

### Secretary of State Use Only

Return check # 1190
NTE: $30.00

We have one or more
entities w/ same
or similar name

OR 1515 30022

| | | |
|---|---|---|
| Affix Cert & Seal _____ | $ ____ | |
| Making first page _____ | $ ____ | |
| Making additional pages _____ | $ ____ | |
| Statement of Information _____ | $ ____ | |
| Certificate of _____ | $ ____ | |
| Status Report_____ | $ ____ | |
| Fax _____ | $ ____ | |
| Special Handling Fee _____ | $ ____ | |
| Other    C-1    letter | $ NTC | |
| TOTAL AMOUNT DUE | $ ____ | |
| TOTAL AMOUNT REC'D | $ ____ | |
| REFUND AMOUNT | $ ____ | |
| BALANCE DUE | $ ____ | |

6-2-15
NSF

BE RECORDS REQUESTS (Rev. 02/2015)

California Secretary of State
www.sos.ca.gov/business/be
(916) 657-5448



**Secretary of State**
**Business Programs Division**
Business Entities - Records, P.O. Box 944260, Sacramento, CA 94244-2600

Date: June 2, 2015 _____  Employee Initials: _____ NSS _____

RE: FIRST AMERICAN FUNDING, INC. _____

_____

This is response to your request for information.

☐ There is no record of the entity you requested.

☐ There is no record of the filing you requested.

☐ The information requested is not available. The entity has not filed a Statement of Information.

☐ The information requested is not available. Only corporations and limited liability companies are required to file a Statement of Information.

☐ The information requested is not made of record with the California Secretary of State.

☐ The information requested is not made of record as a business entity with the California Secretary of State.

☐ The California Corporations Code authorizes the California Secretary of State to destroy a Statement of Information after a new statement is filed. The California Secretary of State retains the two most recently filed complete statements or the most recently filed complete and no change statements. Therefore, all previously filed statements may not be available for reproduction.

☐ The California Secretary of State has no record of a general partnership by the name stated in your request. General partnerships may record their partnership agreement with the county in which the principal place of business is located. For county locations, go to Government Links at www.ca.gov.

☑ The California Secretary of State has a record of one or more entities with the same or similar name. A list including the entity name(s) is enclosed. Please resubmit your request identifying the exact entity name and number to which your request applies, along with any applicable fees.

☐ Enclosed is a Certificate of Status certifying to the status of the entity. A Certificate of Qualification or Certificate of Registration, issued to a foreign entity at the time of qualification or registration with the California Secretary of State, cannot be reproduced or reissued.

☐ Bylaws or Articles of Association (or any amendments to those documents) are not filed with the California Secretary of State. Requests for this information should be directed to the entity itself.

☐ Fictitious business names may be filed with the county in which the principal place of business is located. For more information, go to the Government Links at www.ca.gov.

☐ The information requested is not available from the California Secretary of State.

For more information, go to www.sos.ca.gov/business/be/information-requests.htm.

```
06/02/15                    STATUS ALPHA SCROLL              11:11:57.9 CPOISTAA

RE: FIRST AMERICAN FUNDING INC_____
     _____
     _____
     _____
     _____

_ C2834882 D
      FIRST AMERICAN FOR SALE BY OWNER, INC.

_ C1406282 S
      FIRST AMERICAN FRANCHISE CORPORATION

_ C1001379 A
      FIRST AMERICAN FUND CONTROL, INC.

_ C2789145 S
      FIRST AMERICAN FUNDING GROUP

_ C0693580 S
====>    FIRST AMERICAN FUNDING, INC.

_ C1235598 S
      FIRST AMERICAN FUNDING, INC.

_ C1713893 S
      FIRST AMERICAN GEO-THERMAL & AGRICULTURE CORP.

_ C2857563 D
      FIRST AMERICAN GROUP, INC.

_ C1325679 S
      FIRST AMERICAN GROUP, INTERNATIONAL INC.

_ C1628910 S
      FIRST AMERICAN GUARANTEE INC.

              MARK WITH 'D' TO DISPLAY DETAIL INFORMATION

ENTR=NEXT SCREEN   PF2=PREV SCREEN   PF3=BACK TO WORKSCREEN   PF5=PHONETIC SEARCH
```

*We have* (handwritten)

**Alex Padilla**
**California Secretary of State**

# 🔍 Business Search - Results

The California Business Search is updated daily and reflects work processed through Saturday, February 11, 2017. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

- Select an entity name below to view additional information. Results are listed alphabetically in ascending order by entity name, or you can select a column title to change the sort order.
- To refine the search results, enter a word or a string of words in the "Narrow search results" box. The "Narrow search results" will search on all fields of the initial search results.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on requesting a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

Results of search for Corporation Name keyword "New American Funding" returned 0 entity records (out of 0 records found).

Show [ 10 ▾ ] entities per page

Narrow search results: [                    ]

| Entity Number ⬍ | Registration Date ⬍ | Status ⬍ | Entity Name ⬍ | Jurisdiction ⬍ | Agent for Service of Process ⬍ |
|---|---|---|---|---|---|
| No matching entities found | | | | | |

Showing 0 to 0 of 0 entities

**Previous**   **Next**

**Modify Search**    **New Search**

156

**Alex Padilla**
**California Secretary of State**

# 🔍 Business Search - Results

The California Business Search is updated daily and reflects work processed through Friday, February 10, 2017. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

- Select an entity name below to view additional information. Results are listed alphabetically in ascending order by entity name, or you can select a column title to change the sort order.
- To refine the search results, enter a word or a string of words in the "Narrow search results" box. The "Narrow search results" will search on all fields of the initial search results.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on requesting a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

Results of search for Corporation Name keyword "NEW AMERICAN FUNDING INC" returned 0 entity records (out of 0 records found).

Show [ 10 ⌄ ] entities per page

Narrow search results: [                    ]

| Entity Number ⇅ | Registration Date ⇅ | Status ⇅ | Entity Name ⇅ | Jurisdiction ⇅ | Agent for Service of Process ⇅ |
|---|---|---|---|---|---|
| No matching entities found | | | | | |

Showing 0 to 0 of 0 entities

[ Previous ]   [ Next ]

[ **Modify Search** ]   [ **New Search** ]

157